IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PLAYTEX PRODUCTS, INC., | : | CASE NO. C-1-02-391 |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| v. | : | |
| THE PROCTER & GAMBLE DISTRIBUTING COMPANY, et al., | : | DEFENDANTS' MOTION TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S DAMAGES CLAIM |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 37(c)(1), Defendants The Procter & Gamble Company

and The Procter & Gamble Distributing Company (collectively "P&G") move to exclude from

trial all evidence offered by Plaintiff relating to its claim for damages. [1]  Plaintiff has waived its

damages claim by consistently and repeatedly declining to produce any damages evidence in

response to discovery requests.  Plaintiff continually asserted that it was not pursuing a damages

claim "at this time," apparently believing that, despite the Civil Rules and this Court's scheduling

order, it could create its own discovery rules, withhold damages discovery as it pleased, then

revive its damages claim (and apparently pursue damages discovery) at some time in the future

known only to itself.  The Federal Rules of Civil Procedure preclude such behavior.  Due to

Plaintiff's decision not to abide by this Court's trial schedule, its failure to provide any discovery

---

[1] On May 14, 2003, Defendants filed Defendants' Motion to Strike Plaintiff's Damages
Allegations or for Summary Judgment on Plaintiff's Damages Claim, in which Defendants
moved to strike the damages allegations (paragraph 7, the first phrase of paragraph 8, and part 3
of the prayer for relief) of Plaintiff's First Amended Complaint for Patent Infringement or for
summary judgment on the damages claim since Plaintiff had abandoned the claim.  That motion
remains pending.  This motion to exclude seeks relief in the form of exclusion from trial of any
evidence relating to damages that Plaintiff failed to provide during discovery, in the event that
Defendants' motion to strike is not granted.

relating to damages, and its failure to designate a damages expert and produce an expert report

concerning damages, the self-executing provisions of Rule 37(c) automatically apply.  Plaintiff

also unequivocally and unconditionally waived damages after the close of discovery.  This Court

should grant P&G's motion and exclude from trial any evidence of damages.

Respectfully submitted,


s/ Charles J. Faruki
Charles J. Faruki (0010417)
    Trial Attorney
Thomas R. Kraemer (0060120)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
E-Mail:  cfaruki@ficlaw.com

Attorneys for Defendants

# TABLE OF CONTENTS

I.      PLAINTIFF FAILED TO PROVIDE DISCOVERY ON DAMAGES AS REQUIRED
        BY THE FEDERAL RULES OF CIVIL PROCEDURE AND THIS COURT'S
        SCHEDULE, THEN REPEATEDLY DISCLAIMED DAMAGES ................................. 1

II.     RULE 37(c) REQUIRES THE EXCLUSION OF PLAINTIFF'S DAMAGES
        EVIDENCE.......................................................................................................... 4

        A.      Exclusion Follows Automatically from a Failure to Provide Discovery, Unless the
                Failure Was Substantially Justified or Harmless ..................................................... 4

        B.      Plaintiff Cannot Show that Its Failure to Respond to Damages Discovery Was
                Substantially Justified or Harmless.......................................................................... 5

                1.      Plaintiff's Non-Compliance Was Not "Substantially Justified"................. 5

                2.      Plaintiff's Non-Compliance Was Not "Harmless" ...................................... 7

III.    PLAINTIFF LATER EXPRESSLY WAIVED DAMAGES AFTER THE DISCOVERY
        DEADLINE PASSED ........................................................................................... 8

IV.     CONCLUSION...................................................................................................... 9

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO EXCLUDE EVIDENCE
## RELATING TO PLAINTIFF'S DAMAGES CLAIM

Rule 37(c) is a self-executing provision that automatically applies in this case and mandates the exclusion from trial of all evidence of damages that Plaintiff Playtex Products, Inc. ("Plaintiff" or "Playtex") failed to produce during discovery. Plaintiff declined to produce discovery relating to damages, refused to answer interrogatories relating to damages issues, and decided not to name a damages expert or submit an expert report on damages. In addition, Plaintiff later unequivocally and unconditionally waived damages (in writing). As a result, Plaintiff is now precluded from introducing any damages evidence at trial.

Defendants The Proctor & Gamble Company and The Procter & Gamble Distributing Company (collectively "P&G") are aware that the currently-scheduled trial date of February 2, 2004, follows the expiration of Plaintiff's patent (which occurs on November 10, 2003), thus mooting Plaintiff's request for injunctive relief. However, the fact that Plaintiff accepted the risk that it might not obtain injunctive relief does not excuse its failure to produce discovery according to this Court's schedule and the Civil Rules. Accordingly, this Court should exclude any damages evidence.

I.     PLAINTIFF FAILED TO PROVIDE DISCOVERY ON DAMAGES AS
       REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND THIS
       COURT'S SCHEDULE, THEN REPEATEDLY DISCLAIMED DAMAGES

In Defendants' Motion to Strike Plaintiff's Damages Allegations or for Summary Judgment on Plaintiff's Damages Claim ("Motion to Strike"), filed May 14, 2003, P&G detailed Plaintiff's repeated failures to provide discovery on damages (pp. 3-7). Plaintiff's failure to provide discovery violated both this Court's September 20, 2002, Preliminary Pretrial Conference Order and the Federal Rules of Civil Procedure, warranting the exclusion from trial of any evidence that Plaintiff should have produced when requested by P&G.

As noted in that earlier motion, Plaintiff failed to answer damages-related interrogatories. P&G served interrogatories on Plaintiff on September 16, 2002, requesting discovery relating to any "lost profits" damages theory that Plaintiff may pursue. Defendants' First Set of Interrogatories to Plaintiff (Interrogatory No. 7) (attached as Exhibit A to Motion to Strike). Plaintiff provided only the vague and improper statement that it would not respond because it "is not at this time seeking damages." Playtex's Response to Defendants' First Set of Interrogatories, p. 7 (attached as Exhibit B to Motion to Strike).

Plaintiff similarly refused to respond to requests for documents relating to damages. P&G made many such requests. Defendant The Procter & Gamble Distributing Company's First Request for Production and Inspection of Documents to Plaintiff Playtex Products, Inc. (attached as Exhibit D to Motion to Strike), Request for Production Nos. 9, 29-30, 32-33, 62. Plaintiff again failed to respond as it should have, claiming once more that it was "not at this time seeking damages." Playtex's Response to Defendants' First Request for Production and Inspection of Documents (attached as Exhibit E to Motion to Strike), Response Nos. 9, 29-30, 32, 33, 62.

In November 2002, P&G told Plaintiff that it would move to preclude evidence of damages if Plaintiff continued to refuse to produce the information that P&G was entitled to receive. Motion to Strike, Exhibit F (November 5, 2002, letter from Donald E. Burton, counsel for P&G, to Matthew B. Lehr, counsel for Plaintiff). Plaintiff failed to respond to this letter or to produce the requested discovery. In a letter dated December 31, 2002 (attached as Exhibit G to Motion to Strike) regarding discovery issues, Plaintiff again stated its intent not to produce damages discovery because it was "not seeking damages on its claim."

Plaintiff not only refused to provide discovery when initially requested, but also failed to correct its deficient responses as required by Fed. R. Civ. P. 26(e)(2).  That subsection provides:

> "A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

"Rule 26(e)(2) establishes a duty to supplement."  <u>Toth v. Grand Trunk RR</u>, 306 F.3d 335, 344 (6th Cir. 2002).  Plaintiff has never supplied <u>any</u> damage-related information to P&G, even after learning in an August 25 conference with this Court that the trial would be scheduled for 2004.[2]

In addition, this Court's scheduling order required Plaintiff to reveal the identity of expert witnesses by October 30, 2002.  Plaintiff failed to name any damages expert by that deadline, and has not produced a damages expert report.  However, Plaintiff apparently intends to use expert testimony in support of its damages claim.  In Plaintiff Playtex Products, Inc.'s Initial Disclosure Statement, filed August 29, 2002, p. 2, Plaintiff stated that "[t]he specific amount of damages in the form of a reasonable royalty including prejudgment interest is the subject of current discovery, and will be the subject of expert analysis."  The deadline to name expert witnesses has passed by nearly one year, and Plaintiff never obtained from this Court leave to name a damages expert after the deadline.

---

[2] If Plaintiff wished to postpone trial of its damages case, then there are provisions of the Rules that Plaintiff could have used to attempt to obtain such relief.  Rule 42(b) provides that "[t]he court . . . may order a separate trial of any claim," and is the vehicle through which Plaintiff should have attempted to obtain a bifurcated trial, with damages tried after infringement. Plaintiff never moved for a bifurcated trial, apparently assuming that it could bifurcate this case on its own.

II.        RULE 37(c) REQUIRES THE EXCLUSION OF PLAINTIFF'S DAMAGES
           EVIDENCE

           A.    Exclusion Follows Automatically from a Failure to Provide Discovery,
                 Unless the Failure Was Substantially Justified or Harmless

"In the 1993 amendments [to the Federal Rules of Civil Procedure], a new

sanction was added in Rule 37(c)(1) - 'automatic' exclusion of witnesses and information that

were not disclosed despite a duty to disclose under Rule 26(a) or Rule 26(e)(1)." 8A Charles A.

Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure:  Civil 2d § 2289.1

(2d ed. 1994). "In 2000, Rule 37(c)(1) was amended to make the same sanctions apply to failure

to supplement a discovery response [under Rule 26(e)(2)] as apply to failure to supplement a

Rule 26(a) disclosure." Id., § 2281 (Supp. 2003).

           Since Plaintiff failed to provide any discovery regarding damages, Rule 37(c)(1)'s

rule of exclusion applies:

                 "A party that without substantial justification fails to disclose
                 information required by Rule 26(a) or 26(e)(1), or to amend a prior
                 response to discovery as required by Rule 26(e)(2), is not, unless
                 such failure is harmless, permitted to use as evidence at a trial, at a
                 hearing, or on a motion, any witness or information not so
                 disclosed."

This exclusion includes "[i]nformation derived from expert witnesses . . . because the identity of

expert witnesses and information pertaining to their expected testimony must be provided to the

opposing party 'at the times and in the sequence directed by the court.'" Lencco Racing Co. v.

Jolliffe, Nos. 99-1074, 99-1079, 99-1080, 1999 U.S. App. LEXIS 14239, at *5 (Fed. Cir. June

29, 1999) (attached as Exhibit A) (citing Fed. R. Civ. P. 26(a) and 37(c)) (applying Sixth Circuit

law).[3]

---

[3] Although the law of the Federal Circuit provides the standards that district courts must follow
on substantive patent issues, because exclusion under Rule 37 is not an issue unique to patent

The Sixth Circuit has held that the application of Rule 37(c)(1) "is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was not harmless." Vance v. United States, No. 98-5488, 1999 U.S. App. LEXIS 14943, at *18 (6th Cir. June 25, 1999) (attached as Exhibit B).[4] Although Rule 37(c) does provide an exception for those cases in which the failure to disclose was "substantially justified" or "harmless," the burden of making this showing is on the party that failed to disclose (in this case, Plaintiff). Vaughn v. Lebanon, Nos. 99-6670, 99-6672, 99-6673, 99-6675, 99-6676, 2001 U.S. App. LEXIS 18935, at *24 (6th Cir. Aug. 16, 2001) (attached as Exhibit C). Accord: Roberts v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003) ("[w]e agree with the circuits that have put the burden on the potentially sanctioned party); Salgado, 150 F.3d at 742 n.6 ("[t]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); Smith v. Penn Tank Lines, No. 00-220-JD, 2001 U.S. Dist. LEXIS 7032, at *8 (D.N.H. May 29, 2001) ("[t]hey [the parties to be sanctioned] are obligated under Fed. R. Civ. P. 37(c)(1) to show that the delay in their disclosure is either justified or harmless") (attached as Exhibit D).

### B.    Plaintiff Cannot Show that Its Failure to Respond to Damages Discovery Was Substantially Justified or Harmless

#### 1.    Plaintiff's Non-Compliance Was Not "Substantially Justified"

All damages evidence should be excluded because Plaintiff's failure to provide the requested discovery was not substantially justified or harmless. The Sixth Circuit has held that

---

law, the Federal Circuit would look to the law of the circuit in which the district court sits to review a ruling on a Rule 37 motion. Trilogy Communs., Inc. v. Times Fiber Communs., Inc., 109 F.3d 739, 744 (Fed. Cir. 1997) ("[w]hen reviewing the application of the Federal Rules of Civil Procedure, this court generally applies the law of the applicable regional circuit").

[4] Other circuits agree that the sanction is automatic. Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) ("[t]he new rule is mandatory"); Salgado by Salgado v. GMC, 150 F.3d 735, 742 (7th Cir. 1998) ("the sanction of exclusion is automatic and mandatory") (citing Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996)).

respect for the Federal Rules of Civil Procedure and a district court's scheduling orders is paramount, and that a party faced with a looming discovery deadline must either convince the court "to reform the scheduling order" or "do the best it can to get things done before then." Vance, 1999 U.S. App. LEXIS 14943, at *14.[5] Instead of refusing to produce, Plaintiff should have moved for amendment of the scheduling order to accommodate the delayed disclosure. But merely moving for relief is not enough; the court must actually reform the schedule. In Vance, the plaintiff moved for reformation of the scheduling order, which the district court denied. Id. at *14.[6] The Sixth Circuit affirmed the decision of the district court to exclude the supplemental report by the plaintiff's expert that was not timely produced. Id. In this case, Plaintiff did not even take the step of moving to amend the scheduling order, but rather took it upon itself to decide under what circumstances it would obey this Court's orders. As a result, Plaintiff cannot justify its failure to provide the requested discovery.[7]

Courts expect parties to comply with their discovery obligations, and excuses are given little weight if a party fails to provide discovery that it easily could have produced.

---

[5] Thus, when an expert witness and report are disclosed after the due date for expert witness disclosures, this witness and testimony should be excluded because the party's failure to make a timely disclosure "put it at fault." Communities for Equity v. Michigan High Sch. Ath. Ass'n, No. 1:98-CV-479, 2001 U.S. Dist. LEXIS 14772, at *6 (W.D. Mich. Sept. 14, 2001) (attached as Exhibit E). Exclusion is warranted "merely because they [the parties refusing discovery] failed to ask for a needed extension or failed to exercise due diligence in identifying parties on time." Id. at *6-7.

[6] In Vance, the plaintiff served a supplemental affidavit five months after the deadline for filing the supplement. This missed deadline required exclusion of the supplement. Plaintiff's actions in this case are even more egregious than the conduct of the plaintiff in Vance. Plaintiff's failure to produce discovery was not a minor infraction such as missing a deadline by a few days or weeks.

[7] Plaintiff has had every opportunity to ask this Court to amend the scheduling order, but has not done so. Penn Tank Lines, 2001 U.S. Dist. LEXIS 7032, at *8-9 (addressing the plaintiffs' failure to timely name an expert witness, the court held that "[a]lthough the plaintiffs argue that the disclosure deadlines should have been extended, they did not, and still have not, moved for such an extension").

LaPlace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (rejecting as "woefully inadequate" the plaintiffs' argument that they failed to comply with the discovery rules when settlement was likely and they failed to produce in an attempt "to keep costs down").  As the court in LaPlace-Bayard held:  "[t]hey [the plaintiffs] assumed the risk that their delayed trial preparation would compromise their ability to put on their best case.  To excuse their belated disclosures now would relieve them of the consequences of the risk they assumed."  Id.  Plaintiff could have produced damages-related discovery, could have retained a damages expert, and could have identified that expert and produced an expert report within the deadlines set by this Court.  It willingly chose not to do so.

Although Plaintiff may claim that it put aside its damages claim to pursue its quest for injunctive relief before the expiration of its patent, by simply ignoring its discovery obligations and not obtaining the agreement of its opponent or this Court to alter discovery, Plaintiff assumed the risk that it would not obtain the injunctive relief that it sought before the patent expired on November 10, 2003.  As a result, it accepted the consequences of the risk it assumed.

### 2.    Plaintiff's Non-Compliance Was Not "Harmless"

Plaintiff's failure to produce also was not "harmless" within the meaning of Rule 37(c).  The Sixth Circuit has held that "'harmless' involves an honest mistake on the part of a party [here, Plaintiff] coupled with sufficient knowledge on the part of the other party [P&G]."  Vance, 1999 U.S. App. LEXIS 14943, at *16-17.  In this case, like in Vance, "there was neither."  Id. at *17.  "Plaintiff [in Vance] deliberately disobeyed the deadline, regardless of whether there was a good reason for it."  Id.  Plaintiff in this case also disobeyed this Court's deadline.

Plaintiff cannot claim that its failure to produce discovery was harmless because all that the parties must do now is conduct damages discovery. In Vaughn, the Sixth Circuit affirmed the exclusion of proposed expert affidavits because they were served after the discovery deadline. The court specifically rejected the plaintiff's argument that "the only prejudice the defendants would face would be the necessity of conducting additional fact and expert discovery which they had anticipated doing in any event since fact discovery had not even been completed." 2001 U.S. App. LEXIS 18935, at *25. The court noted that the discovery deadline had passed, and that "it does not appear that further discovery could have been taken by defendants of plaintiff's proposed experts without modification of the discovery order. Under such circumstances, the defendants were prejudiced in their preparation of dispositive motions and effective replies." Id. at *26.[8] P&G and Plaintiff are in a similar position. The discovery deadline has passed. It is therefore not possible to permit Plaintiff to pursue its damages claim now without a complete reformation of the Court's scheduling order. Plaintiff's failure to produce discovery was neither substantially justified nor harmless.

III.      PLAINTIFF LATER EXPRESSLY WAIVED DAMAGES AFTER THE
          DISCOVERY DEADLINE PASSED

Weeks before the originally scheduled trial date of August 11, 2003, Plaintiff finally and unequivocally stated, in the parties' Joint Final Pretrial Order ("JFPTO") of June 20, 2003, that it "is not seeking damages" in this case. Its witness list (JFPTO, Exhibit A) does not contain the name of a witness who will testify on damages. (Nor, as previously pointed out, did Plaintiff disclose a damages expert or provide the mandatory damages report.)

---

[8] The court suggested that an honest attempt to comply with his discovery obligations might have saved the plaintiff's case. Id. at *28 ("his position would be more sympathetic if it appeared he had used due diligence in complying with the court's deadlines"). Like the plaintiff in Vance, Plaintiff here also did not try to comply with his discovery obligations as to damages.

Plaintiff also stated its intent not to pursue damages in a motion in limine filed with the Court on the same day. In its Memorandum in Support of Plaintiff's Motion in Limine to Preclude Defendants from Offering Exhibits at Trial Regarding Recent Playtex Competitive Activities, filed June 20, 2003, Plaintiff unambiguously stated (p. 3 n.1) that it "is not seeking damages in this action." Plaintiff even used this assertion to support its motion to exclude, arguing that because there is no damages claim "there is no basis for introducing evidence regarding competition, lost profits, market share, etc." Id.

Plaintiff's waiver of damages was unconditional -- at no time did Plaintiff state that its decision not to pursue its damages claims depended on the occurrence of any event, such as obtaining a trial date prior to the expiration of its patent. Plaintiff made its decision clear both to this Court and to P&G. This Court should hold Plaintiff to its representations and refuse to allow it to revive its long-dead damages claim by offering any damages-related evidence at trial.

IV.        CONCLUSION

Plaintiff has without justification failed to produce any information regarding its damages claim, despite repeated requests by P&G. Plaintiff has missed the discovery deadline and has flouted the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, Plaintiff unconditionally waived damages. It did not condition its waiver on obtaining the August 2003 trial date. Plaintiff cannot choose to craft its own trial schedule and assume that it can produce discovery as it pleases. Accordingly, this Court should recognize and apply the self-executing provision of Rule 37(c), and rule that Plaintiff may not introduce evidence of damages during trial.

Respectfully submitted,


s/ Charles J. Faruki
Charles J. Faruki (0010417)
    Trial Attorney
Thomas R. Kraemer (0060120)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
E-Mail:  cfaruki@ficlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on October 2, 2003, I electronically filed Defendants' Motion to

Exclude Evidence Relating to Plaintiff's Damages Claim with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to:

> James B. Helmer
> Paul B. Martins
> HELMER, MARTINS & MORGAN CO., L.P.A.
> Fourth & Walnut Centre
> Suite 1900
> 105 East Fourth Street
> Cincinnati, OH 45202

and I certify that the document has been mailed via Federal Express to the following non-

CM/ECF participants:

> Matthew B. Lehr
> Allon Stabinsky
> LATHAM & WATKINS
> 135 Commonwealth Drive
> Menlo Park, CA 94025
>
> Robert J. Gunther
> Michelle Lewin
> LATHAM & WATKINS
> 885 Third Avenue
> New York, NY 10022-4802
>
> Attorneys for Plaintiff
> Playtex Products, Inc.

s/ Charles J. Faruki
Charles J. Faruki

126278.1