LEXSEE 1999 US APP LEXIS 14239

**LENCCO RACING CO., INC., Plaintiff-Appellant, v. JAMES JOLLIFFE and MICRO BELMONT ENGINEERING, Defendants-Appellees, and ARCTCO, INC., Defendant-Appellee, and BLACK MAGIC MOTORSPORTS, INC., Defendant-Appellee.**

99-1074, 99-1079, 99-1080

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

*1999 U.S. App. LEXIS 14239*

**June 29, 1999, Decided**

**NOTICE:** [*1] RULES OF THE FEDERAL CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1999 U.S. App. LEXIS 38524.*

**DISPOSITION:** Affirmed-in-part, vacated-in-part, and remanded.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**JUDGES:** Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

**OPINIONBY:** BRYSON

**OPINION:** BRYSON, Circuit Judge.

Lencco Racing Co., Inc., owns U.S. Patent No. 5,538,120 (the '120 patent). Lencco brought suit against James Jolliffe, Micro Belmont Engineering, Arctco, Inc., and Black Magic Motorsports, Inc., alleging infringement of claims 1-4 and 6-12 the '120 patent. The district court granted summary judgment, holding all the asserted claims of the '120 patent invalid. We affirm-in-part, vacate-in-part, and remand.

I

The '120 patent discloses a follower plate for use in the clutch mechanism of a continuous variable transmission. Snowmobiles often employ such transmissions. The follower plate is mounted opposite a drive plate. The drive plate includes a cam on the edge of which are mounted three teeth that project in a direction parallel to the plate's axis of rotation. The teeth are equally spaced around the edge of the cam. Each tooth has one edge that [*2] is vertical and one edge that is inclined. The torque of the cam rotates the teeth so that the inclined edges lead.

The '120 patent discloses two prior art follower plates as well as the preferred embodiment of the claimed follower plate. Each of the follower plates has three apertures that are positioned opposite the teeth of the drive plate to allow the teeth to project through the follower plate. When the cam rotates, the inclined edges of the teeth are pushed against the rims of the apertures. Because of the inclined angle of the leading edges of the teeth, a designated portion of the torque becomes a force pushing the follower plate away from the drive plate.

The prior art plates identified in the '120 patent use plastic buttons or rollers on the follower plate at the ends of the three apertures to interact with the inclined edges of the teeth. According to the specification, the buttons on the prior art plates would wear out and had to be replaced frequently. The specification also asserts that some prior art devices used rollers in place of buttons. Using those devices, however, required expensive modification in the overall design of the clutch assembly, because the rollers [*3] were mounted above the surface of the follower plate on lugs extending from the follower plate surface toward the drive plate.

The preferred embodiment described in the '120 patent employs rollers to interact with the inclined edges of the teeth, but the rollers are mounted within the

EXHIBIT A

apertures in the surface of the follower plate so that only the upper half of each roller extends above the surface of the plate. The preferred embodiment also includes grooves in which the rollers' axles are placed so that the rollers' axes of rotation are in the plane of the follower plate surface that faces the driving plate. Pins with widened heads are driven into the surface next to the axles to cover the axles and hold them in their grooves.

After Lencco filed suit charging the defendants with infringement, the defendants moved for summary judgment alleging that the asserted claims of the '120 patent are invalid. The defendants' motion was based, in part, on the Berger plate, a follower plate that had previously been used in a snowmobile clutch. The Berger plate uses rollers to interact with the inclined edges of the teeth on a driving plate. The axles on which the rollers are mounted in the Berger [*4] plate are located above the plate surface and are secured by lugs or pillow blocks that extend from the surface. The defendants' invalidity argument with respect to claims 6 and 10-12 was also predicated on the Tillotson carburetor, a prior art snowmobile carburetor in which axles are mounted in grooves and secured with pin heads.

In a scheduling order, the trial court set a time for each party to designate witnesses. In responding to the defendants' motion for summary judgment, nine months after the deadline for designating witnesses, Lencco sought for the first time to designate Dr. Isaac Avitan as an expert on validity and to introduce his statements into the record. The defendants moved to strike Dr. Avitan as a witness and to exclude his statements. The trial court granted the defendants' motion on the ground that Lencco was untimely in producing Dr. Avitan and the untimeliness was not substantially justified.

Following a hearing, the district court granted the defendants' motion for summary judgment, holding that the asserted claims of the '120 patent, claims 1-4 and 6-12, are invalid under *35 U.S.C. § § 102*-103. The court based its section 102 determination on the Berger plate [*5] and its section 103 determination on the Berger plate in combination with the Tillotson carburetor. The defendants made other invalidity arguments as well, but the court declined to rule on those arguments.

II

Lencco challenges the district court's exclusion of Dr. Avitan's statements on the issue of validity. Rule 37(c)(1) of the Federal Rules of Civil Procedure gives district courts discretion to forbid the use of information that was not disclosed to the opposing party in accordance with Fed. R. Civ. P. 26(a). Information derived from expert witnesses is subject to exclusion under Rule 37(c)(1) because the identity of expert witnesses and information pertaining to their expected testimony must be provided to the opposing party "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). We review an exclusion order under the standard of the circuit in which the district court sits, here the Sixth Circuit. See *Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997)*. The Sixth Circuit will disturb an order excluding evidence for untimely production only if the district court's ruling was an abuse of discretion. [*6] See *Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 551 (6th Cir. 1994)*.

Although Dr. Avitan's designation occurred nine months after the deadline in the district court's scheduling order, Lencco argues that its belated designation of Dr. Avitan was justified both because Lencco changed counsel during the litigation and because it did not realize it would need a validity expert until the summary judgment motion was filed. Neither reason justified Lencco's untimeliness.

As to the first proposed justification, a party's decision to change counsel does not relieve it of its obligation to comply with the court's scheduling orders. As to the second proposed justification, the filing of a summary judgment motion cannot be characterized as a surprise justifying an untimely production of evidence when the defense upon which summary judgment is sought was pleaded in the answer. Lencco was on notice from the outset of the litigation that the validity of the '120 patent claims would be a central issue in the case, and Lencco's failure to identify Dr. Avitan within the period set by the district court for identifying expert witnesses was therefore not substantially justified. The district [*7] court accordingly did not abuse its discretion in excluding Dr. Avitan's affidavit.

III

Lencco argues that even in the absence of Dr. Avitan's affidavit, the district court incorrectly concluded that the '120 patent claims are invalid. Lencco does not dispute that the Berger plate was used more than a year before the application date of the '120 patent and is thus prior art. Lencco also does not dispute the physical characteristics of the Berger plate, which was before the trial judge as a physical exhibit.

A

Lencco asserts at the outset that it is challenging the district court's ruling as to all the claims that the court held invalid. In support of its broad assertion of validity, Lencco argues that the essential character of its invention consists of placing the rollers so that they substitute exactly for the buttons in the prior art clutches, and that that feature distinguishes its invention from the Berger plate. In making that argument, however, Lencco does

not identify any particular claim language; instead it argues that the function of replacing prior art buttons is "inherent in the claims." Absent particular claim language embodying the structure to which Lencco refers, [*8] the asserted "replacement" function is not sufficient to save the claim from invalidation. See *Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1571 (Fed. Cir. 1988)* ("It is claims, not specifications, that are anticipated."). We therefore reject Lencco's broad challenge to the district court's invalidity ruling.

The arguments Lencco makes in its brief regarding specific claim language apply only to the court's ruling as to claims 2, 6, and 9-12. We therefore do not disturb the trial court's decision that the remaining asserted claims, 1, 3, 4, 7, and 8, are invalid. In the following sections, we address the arguments that Lencco makes with respect to claims 2, 6, and 9-12.

B

Claims 2 and 9-12 all contain a limitation requiring that the surface of the follower plate facing the drive plate be "approximately coplanar" with the plane formed by the rotation axes of the three rollers. In addressing the court's ruling with respect to claims 2 and 9-12, Lencco argues that the term "approximately coplanar" does not encompass the Berger plate, because the term should be interpreted as meaning "coplanar to within the limits of machine tolerances." The defendants do not provide [*9] an alternative definition of "approximately coplanar" other than to assert that, whatever the scope of that term is, it encompasses the structure of the Berger plate. The district court noted the approximately coplanar limitation in its discussion of obviousness, but did not construe the claim language or state whether that claim limitation is present in the Berger plate.

The defendants contend that the district court's judgment of invalidity can be supported under *35 U.S.C. § 103* with respect to claims 2 and 9-12 based on Lencco's failure to produce evidence rebutting the defendants' showing of obviousness. The defendants' argument, however, runs afoul of basic principles of summary judgment law.

When the nonmovant bears the burden of proof, the party seeking summary judgment is entitled to judgment if the nonmovant does not proffer sufficient evidence to make a prima facie case. See *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. When the movant bears the burden of proof, however, summary judgment cannot be granted unless the movant makes a showing on each required element and the nonmovant's response fails to raise a genuine issue of [*10] material fact as to any element. See *National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992)*. A party asserting patent invalidity has the burden of proof by clear and convincing evidence. See *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc., F.3d , , 1999 U.S. App. LEXIS 8779, 50 U.S.P.Q.2D (BNA) 1641, 1646 (Fed. Cir. 1999)*. On the issue of invalidity, the defendants were therefore required to introduce sufficient evidence to make a prima facie case of anticipation or obviousness with respect to each of the subject claims.

The parties agree that the confronting surface of the Berger plate lies 0.124 inches from the plane formed by the rotation axes of the rollers. The trial court, however, did not hold that the term "approximately coplanar" would encompass a difference of that amount between the plane defined by the roller axes and the plane of the confronting surface. Nor are we prepared to hold, in the absence of any evidence on the matter or guidance from the district court, that the term should be construed broadly enough to require that those two planes in the Berger plate be deemed approximately coplanar. Moreover, the defendants have not identified (and we have not found [*11] in the record) any evidence indicating that a person of ordinary skill in the art in the context of the other claim limitations would have found an approximately coplanar placement of the axes and the confronting surface to be obvious in view of the placement of those respective components in the Berger plate. The defendants rely on an affidavit by William Berger, the designer of the Berger plate. That affidavit addresses the skill of the ordinary practitioner, but it does not discuss coplanarity of the rollers' axes and the follower plate surface. Accordingly, we conclude that the defendants did not make a prima facie showing of invalidity with regard to claims 2 and 9-12. We therefore reverse the order granting summary judgment of invalidity with respect to claims 2 and 9-12.

C

Lencco also challenges the district court's combination of the Berger plate with the Tillotson carburetor in its obviousness analysis. Lencco argues that the "pin and groove" structure disclosed in the *'120* patent renders the patent valid. Lencco does not, however, identify specific claims that ought to be construed to include this limitation. The district court found that each of claims 6 and 10-12 includes [*12] a limitation directed to mounting the roller axles in grooves and securing them therein with a pin head. We therefore address Lencco's general "pin and groove" argument by reviewing the district court's analysis of those claims. Claim 6 recites the limitation:

> 6. A torque sensing clutch mechanism of the type as defined in claim 4, wherein each of said fastening elements

comprises a screw having an externally threaded shank threaded into said driven member adjacent one end of one of said shafts, and having an enlarged diameter head overlying said one end of said shaft to prevent removal of said shaft from the associated pair of grooves in which it is seated.

The district court found that a person of ordinary skill in the art would have found the inventions defined by the claims containing this limitation to be obvious over the Berger plate in view of the Tillotson carburetor.

Lencco asserts that the Tillotson carburetor was not analogous art and therefore that the district court erred in combining the Tillotson carburetor with the Berger plate. In his affidavit, Mr. Berger averred that a person of ordinary skill in the art would have looked to snowmobile carburetors to [*13] address the problem of mounting axles, and Lencco does not point to any contrary evidence in the record. The district court was therefore correct in concluding that there is no genuine issue of fact that the carburetor prior art was analogous. Because Lencco does not dispute the teaching of the Tillotson carburetor with respect to the claim limitations at issue, we affirm the district court's judgment of invalidity with respect to claim 6. The issue of invalidity with respect to claims 10-12 must be remanded for further proceedings in light of our holding that summary judgment on those claims was improper because of an unresolved issue with respect to the "approximately coplanar" limitation.

D

Both sides engage in extended argument concerning the alternative grounds for summary judgment that the defendants put forward to the district court. The district court, however, did not address those points in deciding the motion, and we decline to reach those arguments in the first instance.

Each party shall bear its own costs for this appeal.