EXHIBIT H

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision February 2003

 

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 1, Feb. 2003

claim limitation"); *Kropa v. Robie*, 187 F.2d at 152, 88 USPQ2d at 480-81 (preamble is not a limitation where claim is directed to a product and the preamble merely recites a property inherent in an old product defined by the remainder of the claim); *STX LLC. v. Brine*, 211 F.3d 588, 591, 54 USPQ2d 1347, 1350 (Fed. Cir. 2000) (holding that the preamble phrase "which provides improved playing and handling characteristics" in a claim drawn to a head for a lacrosse stick was not a claim limitation). >Compare *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1346-48, 64 USPQ2d 1202, 1204-05 (Fed. Cir. 2002) (A claim at issue was directed to a method of preparing a food rich in glucosinolates wherein cruciferous sprouts are harvested prior to the 2-leaf stage. The court held that the preamble phrase "rich in glucosinolates" helps define the claimed invention, as evidenced by the specification and prosecution history, and thus is a limitation of the claim (although the claim was anticipated by prior art that produced sprouts inherently "rich in glucosinolates").)<

During examination, statements in the preamble reciting the purpose or intended use of the claimed invention must be evaluated to determine whether the recited purpose or intended use results in a structural difference (or, in the case of process claims, manipulative difference) between the claimed invention and the prior art. If so, the recitation serves to limit the claim. See, e.g., *In re Otto*, 312 F.2d 937, 938, 136 USPQ 458, 459 (CCPA 1963) (The claims were directed to a core member for hair curlers and a process of making a core member for hair curlers. Court held that the intended use of hair curling was of no significance to the structure and process of making.); *In re Sinex*, 309 F.2d 488, 492, 135 USPQ 302, 305 (CCPA 1962) (statement of intended use in an apparatus claim did not distinguish over the prior art apparatus). If a prior art structure is capable of performing the intended use as recited in the preamble, then it meets the claim. See, e.g., *In re Schreiber*, 128 F.3d 1473, 1477, 44 USPQ2d 1429, 1431 (Fed. Cir. 1997) (anticipation rejection affirmed based on Board's factual finding that the reference dispenser (a spout disclosed as useful for purposes such as dispensing oil from an oil can) would be capable of dispensing popcorn in the manner set forth in appellant's claim 1 (a dispensing top for dispensing popcorn in a specified manner)) and cases cited therein. See also MPEP § 2112 - § 2112.02.

## 2111.03    Transitional Phrases

The transitional phrases "comprising", "consisting essentially of" and "consisting of" define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the scope of the claim.

The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps. See, e.g., *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501, 42 USPQ2d 1608, 1613 (Fed. Cir. 1997) ("Comprising" is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 229 USPQ 805 (Fed. Cir. 1986); *In re Baxter*, 656 F.2d 679, 686, 210 USPQ 795, 803 (CCPA 1981); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("comprising" leaves "the claim open for the inclusion of unspecified ingredients even in major amounts").

The transitional phrase "consisting of" excludes any element, step, or ingredient not specified in the claim. *In re Gray*, 53 F.2d 520, 11 USPQ 255 (CCPA 1931); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("consisting of" defined as "closing the claim to the inclusion of materials other than those recited except for impurities ordinarily associated therewith."). A claim which depends from a claim which "consists of" the recited elements or steps cannot add an element or step. When the phrase "consists of" appears in a clause of the body of a claim, rather than immediately following the preamble, it limits only the element set forth in that clause; other elements are not excluded from the claim as a whole. *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 USPQ 45 (Fed. Cir. 1986).

The transitional phrase "consisting essentially of" limits the scope of a claim to the specified materials or steps "and those that do not <u>materially</u> affect the <u>basic</u> and <u>novel</u> characteristic(s)" of the claimed invention. *In re Herz*, 537 F.2d 549, 551-52, 190 USPQ 461, 463 (CCPA 1976) (emphasis in origi-

nal) (Prior art hydraulic fluid required a dispersant which appellants argued was excluded from claims limited to a functional fluid "consisting essentially of" certain components. In finding the claims did not exclude the prior art dispersant, the court noted that appellants' specification indicated the claimed composition can contain any well-known additive such as a dispersant, and there was no evidence that the presence of a dispersant would materially affect the basic and novel characteristic of the claimed invention. The prior art composition had the same basic and novel characteristic (increased oxidation resistance) as well as additional enhanced detergent and dispersant characteristics.). "A 'consisting essentially of' claim occupies a middle ground between closed claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format." *PPG Industries v. Guardian Industries*, 156 F.3d 1351, 1354, 48 USPQ2d 1351, 1353-54 (Fed. Cir. 1998). See also *Atlas Powder v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 224 USPQ 409 (Fed. Cir. 1984); *In re Janakirama-Rao*, 317 F.2d 951, 137 USPQ 893 (CCPA 1963); *Water Technologies Corp. vs. Calco, Ltd.*, 850 F.2d 660, 7 USPQ2d 1097 (Fed. Cir. 1988). For the purposes of searching for and applying prior art under 35 U.S.C. 102 and 103, absent a clear indication in the specification or claims of what the basic and novel characteristics actually are, "consisting essentially of" will be construed as equivalent to "comprising." See, e.g., *PPG*, 156 F.3d at 1355, 48 USPQ2d at 1355 ("PPG could have defined the scope of the phrase 'consisting essentially of' for purposes of its patent by making clear in its specification what it regarded as constituting a material change in the basic and novel characteristics of the invention."). See also *In re Janakirama-Rao*, 317 F.2d 951, 954, 137 USPQ 893, 895-96 (CCPA 1963). If an applicant contends that additional steps or materials in the prior art are excluded by the recitation of "consisting essentially of," applicant has the burden of showing that the introduction of additional steps or components would materially change the characteristics of applicant's invention. *In re De Lajarte*, 337 F.2d 870, 143 USPQ 256 (CCPA 1964). See also *Ex parte Hoffman*, 12 USPQ2d 1061, 1063-64 (Bd. Pat. App. & Inter. 1989) ("Although 'consisting essentially of' is typically used and defined in the context of compositions of matter, we find nothing intrinsically wrong with the use of such language as a modifier of method steps. . . [rendering] the claim open only for the inclusion of steps which do not materially affect the basic and novel characteristics of the claimed method. To determine the steps included versus excluded the claim must be read in light of the specification. . . . [I]t is an applicant's burden to establish that a step practiced in a prior art method is excluded from his claims by 'consisting essentially of' language.").

**OTHER TRANSITIONAL PHRASES**

Transitional phrases such as "having" must be interpreted in light of the specification to determine whether open or closed claim language is intended. See, e.g., *Lampi Corp. v. American Power Products Inc.*, 228 F.3d 1365, 1376, 56 USPQ2d 1445, 1453 (Fed. Cir. 2000) (The term "having" was interpreted as open terminology, allowing the inclusion of other components in addition to those recited); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1348, 57 USPQ2d 1953, 1959 (Fed. Cir. 2001) (term "having" in transitional phrase "does not create a presumption that the body of the claim is open"); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1573, 43 USPQ2d 1398, 1410 (Fed. Cir. 1997) (In the context of a cDNA having a sequence coding for human PI, the term "having" still permitted inclusion of other moieties.). The transitional phrase "composed of" has been interpreted in the same manner as either "consisting of" or "consisting essentially of," depending on the facts of the particular case. See *AFG Industries, Inc. v. Cardinal IG Company*, 239 F.3d 1239, 1245, 57 USPQ2d 1776, 1780-81 (Fed. Cir. 2001) (based on specification and other evidence, "composed of" interpreted in same manner as "consisting essentially of"); *In re Bertsch*, 132 F.2d 1014, 1019-20, 56 USPQ 379, 384 (CCPA 1942) ("Composed of" interpreted in same manner as "consisting of"; however, court further remarked that "the words 'composed of' may under certain circumstances be given, in patent law, a broader meaning than 'consisting of.' ").

## 2112    Requirements of Rejection Based on Inherency; Burden of Proof

The express, implicit, and inherent disclosures of a prior art reference may be relied upon in the rejection