**EXHIBIT 2**

Case 1:02-cv-00391-TMR    Document 106-3    Filed 10/03/2003    Page 1 of 5

Not Reported in F.Supp.  
(Cite as: 1993 WL 484212 (N.D.Ill.))

Page 1

▷  
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

Jane DOE, a Minor, by and through her Guardians and Next Friends, G.S. and M.S., Plaintiffs,  
v.  
TAG, INC., n/k/a Childserv, Susan Clement, and Robin and David Swaziek, Defendants.

No. 92 C 7661.

Nov. 18, 1993.

*MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

*1 Jane Doe, through her guardians and next friends G.S. and M.S. (collectively "the plaintiffs"), sues Tag/ChildServ ("Tag"), Susan Clement ("Clement"), a Tag supervisor, and Robin and David Swaziek, Doe's former foster parents ("the Swazieks"), for placing and keeping Doe in a foster home in which she allegedly suffered severe physical and psychological abuse. [FN1] The plaintiffs and defendants move *in limine* to exclude evidence.

DISCUSSION  
1. Motions *In Limine*

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1993 WL 330506 *1 (N.D.Ill.1993). Although the court may bar evidence before trial, motions *in limine* to exclude evidence are disfavored; a better practice is to deal with admissibility questions as they arise at trial. *See Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D.Tenn.1980). Unless evidence clearly is inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in their proper context. *The Middleby Corp. v. Hussman Corp.*, No 90 C 2744, 1993 WL 15129 *1 (N.D.Ill. May 5, 1993); *see also* Charles A. Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure* ¶¶ 5037-5042 (1977 ed. & 1993 Supp.). Denial of a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. Rather, denial of the motion means only that without the context of trial the court is unable to determine whether the evidence in question should be excluded. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce v. United States,* 469 U.S. 38, 41 (1984)).

2. Current Medical Condition/Future Medical Needs

Clement moves to exclude all evidence concerning Doe's current medical condition and future medical needs. Clement contends that the plaintiffs did not disclose during discovery that their experts would testify regarding Doe's current or future medical state. Clement also asserts that the plaintiffs' experts are not qualified to testify concerning Doe's current or future medical condition because they have not treated Doe in three years. [FN2]

Clement's motion lacks merit. The plaintiffs clearly informed the defendants that their experts would testify about Doe's current medical condition and future medical needs. In response to Clement's interrogatories, the plaintiffs reported that their experts, Drs. Braun and Poznanski, [FN3] would testify on the following subject matter:

> Ritualistic and sadistic abuse; multiple personality disorder diagnosis of Jane Doe while residing in the defendants Swazieks [sic] home; and current prognosis of Jane Doe regarding need for future medical and or psychiatric treatment.

Motion Ex. B at 3 (emphasis added). Furthermore, Clement's assertion that the experts would testify on mere surmise or conjecture is unfounded. Drs. Braun and Poznanski's expert opinions concerning Doe's prognosis are based on their clinical experience in addition to their work with Doe. Although they have not treated Doe in three years, Drs. Braun and Poznanski are qualified to state opinions concerning the prognosis in a case such as Doe's. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 2796 (1993) (expert witness is permitted "wide latitude to offer opinions, including those that

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1993 WL 484212 (N.D.Ill.))

Page 2

are not based on first-hand knowledge"). The defendants of course may attempt to impeach the experts' credibility by cross-examining them concerning alleged prior inconsistent statements, and may make clear that the experts have not seen Doe in three years. However, the inadmissibility of testimony concerning Doe's current and future medical condition has not been established.

3. Standards of Practice In The Social Services Field

*2 Clement moves to exclude expert testimony concerning the standards of practice in the social services field. Clement establishes that none of the plaintiffs' three expert witnesses is an expert in the social services area. *See* Motion Exs. 1-3 (unmarked). Accordingly, Dr. Braun, Dr. Poznanski, and Dr. Alford may not testify as experts concerning standards or practices in the social services field.

4. Prior Abuse In The Swaziek Household

Clement moves to exclude evidence that Robin Swaziek and Christie Stimpson allegedly were abused "by a family member who did not reside with them." Clement argues that the evidence lacks foundation, is irrelevant, and would be unfairly prejudicial if admitted. However, all of Clement's arguments are highly conclusory; she simply does not establish any of her claims. [FN4] Therefore, Clement does not meet her burden on a motion *in limine* to show that the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1993 WL 330506 *1 (N.D.Ill.1993).

5. Cumulative Testimony

Clement moves to exclude expert testimony by both Dr. Braun and Dr. Poznanski, contending that the evidence would be unnecessarily cumulative. *See* Fed.R.Evid. 403. She asserts that both doctors prepared a joint report in 1989, and are expected to testify to identical opinions. She argues that if both witnesses are permitted to testify, the defendants would be unfairly prejudiced by "an unfair aura of authority and confirmation to the joint opinion." Motion at 3.

Clement's motion lacks merit. Although the two experts may present some identical testimony, it would be to the jury's benefit to hear both doctors testify, particularly because their 1989 report is of central concern in this case. Furthermore, Clement apparently misperceives the purpose of Rule 403 of the Federal Rules of Evidence. She asserts that there is a risk of unfair prejudice to the defendants. However, Rule 403 permits the court to exclude relevant evidence only if its probative value is "substantially outweighed by the risk of unfair prejudice." Fed.R.Evid. 403. Clement does not establish--or even assert--that the probative value of the testimony is substantially outweighed. The plaintiffs may proffer the testimony of both experts.

6. Stanley Smith's Testimony

Tag moves to exclude the expert testimony of Stanley Smith, an economist, concerning Doe's future loss of enjoyment of life. Tag contends that Smith's testimony would lack proper foundation, and would fail to assist the trier of fact. Tag also asserts that the plaintiffs failed to disclose Smith's opinions in a timely manner. Smith's testimony must be excluded.

Expert testimony may be proffered if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. The court must assess "whether the reasoning or methodology underlying the testimony is scientifically valid," and whether "that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 2796 (1993). The court's inquiry is a flexible one. *Id.* at 2792. In this case, the plaintiffs intend to introduce Smith's testimony to establish--through economic principles--the value of Doe's future loss of enjoyment of life. There is no binding Seventh Circuit precedent suggesting that such economic testimony is sufficiently reliable to be admissible. *See Sherrod v. Berry,* 827 F.2d 195, 205 (7th Cir.1987) (permitting economic testimony concerning loss of life), *vacated,* 835 F.2d 1222 (7th Cir.1988). The court therefore follows the well-reasoned opinion of *Mercado v. Ahmed,* 756 F.Supp. 1097 (N.D.Ill.1991).

*3 In *Mercado,* the plaintiffs sought to introduce expert testimony by Smith concerning future loss of enjoyment of life for injuries sustained in a taxi accident. The court found that such economic testimony is not sufficiently reliable to be

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1993 WL 484212 (N.D.Ill.))

Page 3

introduced as expert testimony because "there is no basic agreement among economists as to what elements ought to go into life valuation." *Mercado,* 756 F.Supp. at 1103. The court noted that much of Smith's scientific data is based on surveys of others' views and attitudes. *Id.* Thus, it concluded that:

> What is wrong here is not that the evidence is founded on consensus or agreement, it is that the consensus is that of persons who are no more expert than are the jurors on the value of the lost pleasure of life.

*Id.* Because Smith's testimony would not assist the trier of fact in reaching its decision, his testimony is irrelevant--and must be excluded.

7. Evidence Regarding James C.

Tag moves to exclude evidence concerning James C., a foster child who resided with the Swazieks before Doe did. When he was living with the Swazieks, James C. was admitted to the hospital with symptoms similar to malnutrition. After an investigation, it was found that the Swazieks did not abuse James C. Tag contends that evidence concerning James C. is irrelevant, and is outweighed by unfair prejudice to the defendants.

The evidence concerning James C. is clearly relevant. The mental and physical health of a child previously placed with the Swazieks obviously may shed light on the issues in this case. *See* Fed.R.Evid. 401. The harder question is whether the relevant evidence is "substantially outweighed by the danger of unfair prejudice" to the defendants. Fed.R.Evid. 403. The investigation of the Swazieks for James C.'s physical problems was dropped, and all records of the investigation were expunged. Therefore evidence of James C.'s illness may not be presented to establish that the Swazieks have abused their foster children in the past. However, the court excludes evidence on a motion *in limine* only when the evidence clearly is not admissible for *any* purpose. *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1993 WL 330506 *1 (N.D.Ill.1993). The evidence may show that Tag was negligent in recommending the placement of another foster child with the Swazieks after James C.'s emotional and physical problems. This evidence would be highly probative for this limited purpose, and would not be substantially outweighed by any potential prejudice. Accordingly, Tag's motion *in limine* to exclude evidence concerning James C.'s placement in the Swazieks' home is denied. [FN5]

8. Evidence Regarding The Conviction Of Jean-Pierre Bourgignon

Tag moves to exclude evidence regarding the arrest and conviction of Dr. Jean- Pierre Bourgignon for sexually abusing a foster child. Tag contends that the evidence is irrelevant because the plaintiffs do not allege that Dr. Bourgignon abused Doe, and it nevertheless must be excluded because the probative value of the evidence is outweighed by the danger of unfair prejudice.

*4 The arrest and conviction of Dr. Bourgignon are clearly relevant. Although the plaintiffs do not allege that Dr. Bourgignon abused Doe, they certainly could impeach the credibility of any reports that he authored. *See, e.g.,* Motion Ex. A. However, the introduction of evidence concerning Dr. Bourgignon's arrest is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, [and] misleading the jury." Fed.R.Evid. 403. Tag notes that the plaintiffs do not allege that Tag was negligent for referring Doe to Dr. Bourgignon for an assessment, nor do the plaintiffs suggest that Dr. Bourgignon acted improperly with Doe. In fact, Dr. Bourgignon's role in this case is minimal--he simply prepared an initial assessment report. Thus, if evidence of Dr. Bourgignon's arrest were presented, the jury might believe Tag to be negligent for referring Doe to Dr. Bourgignon. Alternatively, the evidence could confuse the issues or shift the jury's focus from Tag's negligence to Dr. Bourgignon's behavior. *See Crawford v. Edmonson,* 764 F.2d 479, 484 (7th Cir.), *cert. denied,* 474 U.S. 905 (1985) (upholding exclusion of evidence of criminal acts which could lead jury to reach decision on improper basis); *Wallace v. Mulholland,* 957 F.2d 333, 336 (7th Cir.1992) (upholding exclusion of evidence that could shift jury's focus). Because evidence of Dr. Bourgignon's arrest and conviction is substantially outweighed by the risk of undue prejudice, it must be excluded.

9. The Plaintiffs' Motions

The plaintiffs move to exclude twenty-nine matters from evidence. The plaintiffs present no reasons for excluding evidence; they file no memorandum in support of their motions. Because the plaintiffs clearly do not meet their burden to establish that the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1993 WL 484212 (N.D.Ill.))

Page 4

evidence is not admissible for any purpose, their motions *in limine* are denied.

CONCLUSION

For the foregoing reasons, plaintiff Jane Doe's motions *in limine* to exclude evidence are denied. Defendant Susan Clement's motion *in limine* to exclude expert evidence concerning current and future medical condition is denied. Defendant Susan Clement's motion *in limine* to exclude expert testimony concerning standards and practices of the social services field is granted. Defendant Susan Clement's motion *in limine* to exclude evidence of prior abuse is denied. Defendant Susan Clement's motion *in limine* to exclude cumulative testimony is denied. Defendant Tag/ChildServ's motion *in limine* to exclude the expert testimony of Stanley Smith is granted. Defendant Tag/Childserv's motion *in limine* to exclude evidence regarding James C. is denied. Defendant Tag/Childserv's motion *in limine* to exclude evidence regarding the conviction of Jean-Pierre Bourgignon is granted.

FN1. The complaint named the Illinois Department of Child and Family Services ("DCFS"), and caseworkers and administrators of the DCFS. These defendants have been dismissed from this action. *See* Memorandum Opinion and Order, No. 92 C 7661 (N.D.Ill. Feb. 23, 1993); Memorandum Opinion and Order, No. 92 C 7661 (N.D.Ill. Oct. 18, 1993).

FN2. The plaintiffs do not formally respond to Clement's motion. Instead, the plaintiffs offer to produce their expert witnesses for a deposition, without waiving their contention that the defendants simply failed to seek discovery concerning Doe's current and future medical needs.

FN3. The plaintiffs do not intend to call Dr. Alford to testify concerning Doe's current or future medical condition. Thus, Clement's arguments about Dr. Alford are moot.

FN4. In fact, it is not clear exactly what

evidence Clement seeks to exclude.

FN5. Tag asserts that James C.'s testimony must be excluded, but does not move to exclude his testimony.

1993 WL 484212 (N.D.Ill.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works