IN THE UNITED STATES DISTRICT COURT
FO THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| PLAYTEX PRODUCTS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE PROCTOR & GAMBLE DISTRIBUTING COMPANY, an Ohio corporation, and THE PROCTOR & GAMBLE COMPANY, an Ohio corporation,<br><br>　　　　　　Defendants, | CASE NO. C-1-02-391<br><br>(Hon. Thomas M. Rose)<br><br><br>**PLAYTEX'S RESPONSE TO DEFENDANTS' MEMORANDUM ON JUROR COMPREHENSION TECHNIQUES** |

## I.    INTRODUCTION.

Playtex respectfully submits this Memorandum of Law in Support of its Response to Defendants' Memorandum seeking to use preliminary jury instructions, juror note-taking and special interrogatories during the trial of this action.  Playtex agrees that introductory preliminary jury instructions should be given in this case.  However, Playtex submits that the preliminary jury instructions should not include the Court's claim construction and should not be retained in written form by the jury throughout the trial.  Playtex also does not object to the use of a special verdict form, but objects to the use of the general verdict form and the specific special verdict form proposed by Defendants.  Playtex believes that, depending upon the evidence at trial and the Court's final jury instructions, a verdict form along the lines of that proposed here by Playtex should be used.  However, Playtex believes that the specific contents of the verdict form should be addressed at the same time as the final jury instruction conference.[1]

---

[1]    Playtex agrees that the Court should permit note-taking by jurors.

II.    **DISCUSSION**

A.    **Preliminary Jury Instructions Should Not Include The Court's Claim Construction And Should Not Be Retained In Written Form By The Jury Throughout The Trial.**

Playtex agrees that preliminary instructions should be used in this case. However, to prevent juror confusion, these short-form, introductory, preliminary instructions should not include highly detailed exposition, such as the Court's claim construction, and should not be provided to the jury in written form to retain during the trial. Rather, the preliminary instructions should be read to the jury, and should be limited to introductory material, including a description of jurors' duties, trial procedure, legal and patent terminology, and burdens of proof.

Defendants' efforts to incorporate the Court's claim construction into preliminary instructions that are then provided to the jury in written form is a trial tactic designed to bolster their case and is anything but a legitimate effort to increase juror comprehension. Defendants' perceive that they will gain a tactical advantage by having the Court's construction of the "substantially flattened surfaces" claim term before the jury in written form throughout the trial. This type of gamesmanship should be rejected because in patent cases preliminary jury instructions should be limited to "explaining legal and technical terms that will be used during the trial," (Schwartz, p. 217, attached as Exhibit A to Defendants' Memorandum on Juror Comprehension Techniques ("Defendants' Brief")) and should not include the Court's claim construction.

The majority of jurisdictions that have published model jury instructions for patent cases include the Court's claim construction in the final jury instructions after closing arguments but do not include it in preliminary jury instructions. Both the Fifth Circuit's and the Eleventh Circuit's Pattern Jury Instructions place the Court's claim construction in the general jury instructions, not in the preliminary jury instructions. 5TH CIR. PATTERN JURY INSTR. Sec.

2

1.1, 9 (CIVIL CASES) (1999) (excerpt attached as Exhibit 1); 11TH CIR. PATTERN JURY INSTR.,

PRELIM. INSTR. and Sec. 8.1 (CIVIL CASES) (2000) (excerpt attached as Exhibit 2).  The Court's

claim instruction is also found in the general jury instructions in the Modern Federal Jury

Instructions by Judge Leonard B. Sand, et al.  L. SAND, J. SIFFERT, W. LOUGHLIN & S. REISS,

MODERN FEDERAL JURY INSTRUCTIONS, INSTR. 86-8 (2003) (excerpt attached as Exhibit 3).

There is no legitimate reason to stray from the majority practice here.

Similarly, the American Intellectual Property Law Association ("AIPLA") also

places the Court's claim construction in the general jury instructions, rather than including it in

the preliminary instructions.  AIPLA's preliminary jury instructions for patent cases include

instructions regarding the nature of the action and the parties (which contains background

information about patents and patent litigation), as well as the contentions of the parties, but do

not include the Court's claim construction.  AMERICAN INTELLECTUAL PROPERTY LAW

ASSOCIATION FEDERAL LITIGATION COMMITTEE GUIDE TO JURY INSTRUCTIONS IN PATENT CASES

1-14 (1998) (excerpt attached as Exhibit 4).  While a few jurisdictions have included the Court's

claim construction in the preliminary instructions, it has only been done in isolated cases and is

not the normal practice.[2]

Preliminary jury instructions are used in patent cases to augment juror

comprehension by introducing the jury to the legal and technical terms that will be used during

the trial.  See Schwartz, pp. 213, 215, 217, attached as Exhibit A to Defendants' Brief.  The

purpose of such instructions is not to educate the jury on the patent-in-suit, which the jury will

---

[2]    In fact, ADCO Products, Inc. v. Carlisle Syntec Inc., 110 F. Supp. 2d 276, 285 (D. Del.
      2000), cited by Plaintiffs in support of their proposition that the Court's claim  construction
      be included in preliminary jury instructions, neither supports nor even addresses this
      proposition.  Rather, ADCO Products, Inc. addresses a pre-trial motion for summary
      judgment based on literal infringement, patent invalidity, and inequitable conduct.

learn about through the presentation of evidence during the course of the trial. Providing the jury with the Court's claim construction in the preliminary jury instructions, prior to the presentation of any evidence, will not aid the jury in their fact-finding mission and will only serve to confuse the jury, as the detailed information provided in claim construction will be incongruous with the general, background knowledge the jury will otherwise receive in the preliminary jury instructions. Thus, including the Court's claim construction in the preliminary jury instructions subverts the very purpose of preliminary jury instructions, that of increasing juror comprehension by providing a general introduction to the case in advance of the presentation of evidence.

Preliminary jury instructions also should not be retained by the jury throughout the trial. The majority of jurisdictions do not permit jurors to keep preliminary instructions during the trial. Research has not revealed any case, other than the single decision cited by Defendants, in which jurors were permitted to retain the preliminary instructions during trial. Allowing the jury to reference preliminary jury instructions throughout the trial is likely to lead the jury to place greater weight on the preliminary instructions than permissible, and directing jurors to set aside the instructions that they have been referencing throughout the trial for purposes of their deliberations will likely result in juror confusion. Retaining the preliminary instructions during the trial may well lead jurors to rely on these, rather than the final instructions, during deliberations. Allowing the jury to retain the preliminary instructions during the trial will therefore undermine the main purpose of preliminary jury instructions, which is to facilitate juror comprehension by giving jurors an introductory overview of the case and their duties as jurors, rather than giving them highly detailed information about claim terms to which they will have had no prior exposure. For these reasons, the jury should not be permitted to retain preliminary instructions throughout the trial.

**B.**     **The Court Should Reject The Use Of Defendants' Proposed General Verdict Form And Interrogatories Because They Will Likely Confuse The Jury And Are Unfairly Prejudicial To Playtex.**

As an initial matter, the Court does not have to decide the proper verdict form to use at this time, and, in fact, it would be more appropriate for the Court to rule on the verdict form at the same time that the Court rules on the final jury instructions to ensure that the two are consistent and in conformity with the evidence presented at trial. In any event, Playtex does not object to the use of a special verdict form and agrees that such a verdict form can help the jury focus on the issues; however, Defendants' proposed verdict form (which includes both a general verdict form and interrogatories) is wrought with problems. Specifically, it is unfairly prejudicial to Playtex, and, if used in this action, will confuse the jury rather than focus its deliberations.

First, Defendants' proposed verdict form and interrogatories do not comport with the order of proof in this action. As the Plaintiff in this action, Playtex will be presenting evidence in support of its infringement claims first. See Haworth Inc. v. Steelcase Inc., 4 U.S.P.Q. 2d 1654, 1655 (W.D. Mich. 1987) (attached as Exhibit 9). After Playtex has presented its infringement case, Defendants will then have the opportunity to present their anticipation and obviousness defenses. Playtex then presents its rebuttal case on both issues. Verdict forms in patent cases typically follow this order of proof, asking infringement questions first, validity questions next, and damages questions last. Defendants' proposed jury interrogatories, however, do not follow this typical order and instead begin with questions concerning Defendants' anticipation and obviousness defenses. Furthermore, Defendants' jury interrogatories provide that the jury need not answer those interrogatories relating to Playtex's infringement claims if they find that the particular patent claim at issue was anticipated or rendered obvious by prior art. In other words, Defendants' jury interrogatories provide that if the jury finds that Defendants

5

successfully proved their defenses with respect to any of the claims of the patent at issue, then it

is unnecessary to make a finding on Playtex's corresponding infringement claims. Such jury

interrogatories are highly improper as they would essentially change the order of proof in this

action in contravention of established patent law. Furthermore, the interrogatories would also

have the effect of confusing the jury.

Second, Defendants' jury interrogatories regarding Playtex's infringement claims

do not specify Playtex's burden of proof on these claims, i.e., that Playtex has to prove

infringement by a preponderance of the evidence. This too would have the effect of confusing

the jury, since, where applicable, the interrogatories specify the clear and convincing evidence

standard, but do not specify when the preponderance standard should be applied. The verdict

form that the Court ultimately decides to use should indicate the proper standard of proof for

each individual claim and defense.

Third, Defendants' proposed verdict form includes both a general verdict form

and jury interrogatories. Although (as Defendants point out in their brief) special verdicts and

interrogatories "help to control the jury by 'direct[ing] the jury to make their findings without

regard to the effect of the answers upon the parties to the action'" (Defendants' Brief at 7),

Defendants' recommendation of both a general verdict form and interrogatories will have the

opposite effect. Defendants' proposed verdict form asks the jury to make a decision on liability

at the outset (in the general verdict form) and then go through the merits of each individual claim

and defense (in the interrogatories), *after* they have already determined the winner of the case.

Thus, the use of such a verdict form does not focus the jury on the issues, rather it requires the

jury to decide who is the winner of the case and then fit the individual issues contained in the

interrogatories into that verdict. Moreover, it could result in an inconsistent verdict, since the

jury could potentially make findings in the interrogatories that are inconsistent with the general

verdict.[3]

In sum, Playtex believes that the special verdict form should be addressed in

conjunction with the conference on final jury instructions.  Moreover, a form along the lines of

Playtex's proposed special verdict form, attached as Exhibit 5, should be used.  This form tracks

a verdict form used in a recent trial before Judge Joseph J. Farnan, Jr. in the District of Delaware,

a court with recognized experience in handling patent trials.  See Exhibit 6.  Playtex's proposed

special verdict form is also very similar to other verdict forms recently used in trials in the

District of Delaware.  Examples of such forms are attached as Exhibits 7 and 8.

Finally, Defendants' proposed verdict form does not contain interrogatories on

damages.  Since trial in this case has been continued until February of 2004, the patent-in-suit

will have expired by the time of trial.  Accordingly, the case is now essentially a damages case.

This obviously must be referenced in the verdict form.

---

[3]    Playtex also submits that it is unnecessary for each juror to sign every interrogatory.  Rather, it is sufficient for jurors to sign only the special verdict form, as on Playtex's proposed verdict form attached hereto.

## III.   CONCLUSION

For the above reasons, Playtex respectfully requests that the Court preliminarily instruct

the jury as set forth herein and adopt a proposed special verdict form in accordance with the

principles set forth above.

Dated:  October 3, 2003

Respectfully submitted,

By: s/Allon Stabinsky_____
    Matthew B. Lehr (*pro hac vice*)
    Allon Stabinsky (*pro hac vice)*
    Attorneys for Plaintiff
    LATHAM & WATKINS LLP
    135 Commonwealth Drive
    Menlo Park, CA 94025
    Telephone: (650) 328-4600
    Facsimile: (650) 463-2600
    E-mail: allon.stabinsky@lw.com

    Robert J. Gunther, Jr. (*pro hac vice)*
    LATHAM & WATKINS LLP
    885 Third Avenue, Suite 1000
    New York, New York 10022-4802
    Telephone: (212) 906-1200
    Facsimile: (212) 751-4864

    Paul B. Martins, Esq. (0007623)
    HELMER, MARTINS & MORGAN CO., L.P.A.
    1900 Fourth & Walnut Centre
    105 East Fourth Street
    Cincinnati, OH 45202
    Telephone:   (513) 421-2400
     Facsimile:   (513) 421-7902

SV# 391740