EXHIBIT 1

   

UNITED STATES COURT OF APPEALS
FIFTH JUDICIAL CIRCUIT
PATTERN JURY INSTRUCTIONS

1999

(CIVIL CASES)

1. PRELIMINARY INSTRUCTIONS

1.1

PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. [Do not take notes.]

[Alternate 1: You will need to rely on your memories.]

[Alternate 2: If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely

on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.] Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case--the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.] [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.


PATTERN JURY INSTRUCTIONS


CAUTIONARY INSTRUCTIONS


## 2. CAUTIONARY INSTRUCTIONS


### 2.1


### FIRST RECESS


We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow

## 9. PATENT INFRINGEMENT

### 9.1

### PATENT INFRINGEMENT

This is a patent infringement suit. Plaintiff claims that defendant infringed a patent that the plaintiff owned. Defendant claims that it did not infringe the patent and/or that plaintiff does not hold a valid patent.

### DESCRIPTION OF THE PATENT

A patent is a document that consists of a specification, a claim or claims which are part of the specification, a drawing and an oath supplied by the applicant. A drawing is required when it is necessary to understand the subject matter sought to be patented. The specification contains a written description of the invention and of the manner and process of making and using it. The specification must conclude with one or more claims. Claims are numbered paragraphs which define in words the inventor's rights by marking the limits or boundaries of the invention claimed to have been invented. The claims of the patent must define the particular thing claimed to have been invented with precision so that the public will know what the thing is and be able to avoid infringing the patent. These claims define the exact limits or nature of the invention, and it is only the claims of the patent that can be infringed. Each of the claims must be considered individually. You may find infringement when only one claim of a patent is infringed.

The scope of the patent claims is a question of law for the Court. In this case, the plaintiff contends that the defendant infringed claim nos. *[list claim numbers]* of patent no. *[insert patent number]*. I instruct you that the patent claims alleged to have been infringed in this case are *[set forth the scope of the claims alleged to have been infringed]*.[34]

### LITERAL INFRINGEMENT

Once the patent is issued, the owner of the patent has a right to exclude others from making, using or

selling the patented invention throughout the United States for a term of 17 years. Thus, infringement of a patent occurs when a person, without the owner's permission, makes, uses or sells the patented invention anywhere in the United States while the patent is in force. To determine whether there is an infringement you must compare the allegedly infringing product with the scope of the patent claims as I have defined them for you.

Plaintiff may prove its claim of infringement by demonstrating that defendant's product literally infringes a claim contained in the patent *[If Applicable: or that the accused product infringes one of the patent claims under the doctrine of equivalents]*. In order for you find that defendant's product literally infringes a claim of plaintiff's patent, you must find that each and every element of the patented claim is found in defendant's product. In other words, a product literally infringes a patented claim when the same combination of elements found in the claim can also be found in the product. In making your determination, you must consider each claim separately. Not all of the claims of a patent must be infringed before a patent is infringed. Plaintiff need only establish by a preponderance of the evidence that one claim is infringed.

Plaintiff need not prove defendant had the intent to literally infringe the patent or that it knew that its acts infringed the patent. Good faith is not a defense to a claim of patent infringement.

*[If applicable: If you find that defendant's product does not literally infringe any claim of the plaintiff's patent, then you must determine whether it infringes under the doctrine of equivalents.]*

## DOCTRINE OF EQUIVALENTS

Under the doctrine of equivalents[35]

, you may find that the accused product infringes a patented claim if plaintiff proves by a preponderance of the evidence that the accused product contains elements identical or equivalent to each claimed element of the patented invention. The focus is on individual elements of the claim, not on the invention as a whole. To find infringement, you must find that there are no substantial differences between the patented product and the allegedly infringing product. In order to make a finding under the doctrine of equivalents, you may consider whether the elements of defendant's product perform substantially the same function in substantially the same way to produce substantially the same result when compared to the claimed elements of plaintiff's patented product.[36]

Even if the accused device contains each element of the patented claim, there is no infringement under

the doctrine of equivalents if the accused product is so changed in principle that it performs the same or similar function in a substantially different way than the claimed invention.

In making your determination, you should review the evidence from the perspective of a person of ordinary skill in the art. The test is objective, that is, whether, at the time of the claimed infringement, a person of ordinary skill in the art would have considered the differences insubstantial. On the issue of equivalence, you may consider evidence of whether persons skilled in the art considered the accused element and the claimed element interchangeable at the time of the alleged infringement. You should consider the context of the entire claim, including the drawings and written descriptions, patent application history, the prior art, and all of the circumstances of the case. Plaintiff need not prove that defendant had the intent to infringe plaintiff's patent under the doctrine of equivalents or that it knew that its device infringed the patent.

In your deliberations you should consider the issue of literal infringement first. If you find that defendant's product does not literally infringe a particular claim, you should then consider whether it infringes that claim under the doctrine of equivalents. On the other hand, if you determine that defendant's product literally infringes a particular claim, you should then move on to the next claim allegedly infringed by the accused product without considering the doctrine of equivalents. If you find that plaintiff has failed to prove by a preponderance of the evidence that defendant infringed any of the claims listed above, either literally or under the doctrine of equivalents, you must find for defendant.

9.2

PATENT VALIDITY

Defendant claims that plaintiff's patent is not valid. A patent issued by the United States Patent Office is presumed to be valid.[37]

In order to rebut this presumption, defendant must establish by clear and convincing evidence that plaintiff's patent or any claim in the patent is not valid.[38]

Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, which only requires that the party's claim be more likely true than not true. Nevertheless, the clear and convincing evidence standard is not as high as the burden of proof applied in a criminal case, which is beyond a reasonable doubt. Each claim of the patent is presumed valid regardless of the status of any other claim in the patent.

Defendant asserts that the patent is invalid because *[set forth the appropriate reason: e.g., defendant*

*claims that the patent is invalid because it lacked one of the elements to be a valid patent. The three elements to a valid patent are: (1) novelty, (2) utility, and (3) non-obviousness.]* If you find by clear and convincing evidence that the patent lacks [novelty or utility or non-obviousness] then you should find the patent invalid and render a verdict for defendant.

9.3

ANTICIPATION BY PRIOR ART

The patent laws of the United States require that an invention must be new for a person to be entitled to a patent. Defendant asserts that the patented claim is invalid because it was not new, or that it lacks novelty. Specifically, defendant claims that the patented claim was anticipated by prior art. Section 102 of Title 35 of the United States Code identifies the circumstances in which a person is not entitled to a patent because the elements of the claimed invention were previously disclosed by prior art. Section 102 provides:

A person shall be entitled to a patent unless-

*[quote the relevant subsection]*

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or

\* \* \*

(d) the invention was first patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his legal representative or assigns in a foreign country prior to the date of the application for patent in this country on an application for patent or inventor's certificate filed more

Page 62 of 128

than 12 months before the filing of the application in the United States, or

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent or an international application by another who has fulfilled the requirements of paragraphs 1, 2 and 4 of section 371(c) of this title before the invention thereof by the applicant for patent, or

* * *

(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

To prevail on the defense that the patented claim was anticipated by prior art, the defendant must prove anticipation by clear and convincing evidence. A patented claim has been anticipated if the earlier invention completely embodied each and every element of the claimed invention.[39]

You may not find anticipation unless you find that all of the elements recited in the patented claim were found in the same situation and united in the same way to perform the identical function in a single prior invention or a single prior art reference. In making your determination on anticipation, you may not combine two or more items of prior art to find anticipation.[40]

If these requirements have not been met, you may not find the patent claim invalid because of anticipation.

If you find these requirements satisfied, you should determine whether defendant has met its burden of proving how the patented claims were anticipated.[41]

9.4

PRIOR ART

Some of these instructions will refer to "prior art." Prior art means technology and information that was publicly available before the date of the invention. In considering prior art, you should consider prior art that is relevant to the particular problem the inventor faced. Prior art includes (1) patents issued more than one year before the filing of the invention or before the date of the invention; (2) publications having a date more than one year before the filing date of the patent or before the date of the invention; (3) U.S. patents that have a filing date prior to the date of the invention of the subject matter in the patent; (4) any process/apparatus in public use or on sale in the United States more than one year before the filing date of the patent in issue; (5) any process/apparatus that was publicly known or used by others in the country before the date of the invention of the claimed subject matter in the patent; and (6) any process/apparatus that was made or built in this country by another person before the date of the invention of the claimed subject matter in the patent and not abandoned, suppressed or controlled.

9.5

NON-OBVIOUSNESS

The defendant claims that the patent is invalid because the invention was obvious. For an invention to merit a patent, it must not have been obvious to other skilled people working in the same field looking at the same problem. Accordingly, the question you must answer is would the invention have been obvious to a person of ordinary skill in the relevant art at the time the invention was made. If it would have been obvious, the patent is not valid.[42]

In determining whether the patent is invalid because of obviousness, you must consider the scope and content of the prior art, the differences between the prior art and the claimed invention, and the level of ordinary skill in the art. In making these assessments, you must also consider other surrounding circumstances that are called secondary considerations. These include: (1) whether the invention was commercially successful; (2) whether the invention satisfied a long-felt need in the art; (3) whether others were unsuccessful in making the invention; (4) whether the invention was copied by others in the art; (5) whether the invention received praise from others in the art; and (6) whether the invention departed from other principles or accepted wisdom of the art. In order to determine that secondary considerations such as commercial success are evidence of non-obviousness, there must be a causal connection between the patented features of the invention and the commercial success of the device. If commercial success is attributable to patented features, then it is evidence of non-obviousness.[43]

## DIFFERENCES BETWEEN PRIOR ART AND INVENTION

The defendant must show that the prior art taken as a whole suggests the obviousness of making the patented invention. In determining what if any differences exist between the prior art and the patented invention, you should consider the prior art as it appeared to a person of ordinary skill in the art at the time. You cannot use hindsight to reconstruct any of the prior art devices or materials.[44]

## PATENT IS COMBINATION OF PRIOR ART

That plaintiff's invention incorporates or combines elements already known in the prior art does not render its patent invalid. A patent may be granted on a device that contains a combination of various elements that are well known in the prior art. Plaintiff claims that it invented the particular combination of elements for the first time in the device claimed in its patent.

In order to prove obviousness, defendant must prove by clear and convincing evidence that one of ordinary skill in the art at the time would have found in the prior art some teaching, suggestion or incentive to combine the prior art in the way plaintiff did in its invention. You may not use hindsight to assemble the invention from prior art elements. To find obviousness, you must find not only that prior art would teach one of ordinary skill to try the combination of known elements, but also that prior art would sufficiently direct such a person how to obtain the desired result.[45]

## LEVEL OF ORDINARY SKILL

You have been instructed that in determining whether the invention was obvious you are to consider the level of ordinary skill in the prior art at the time the invention was made. In determining the level of ordinary skill in the art, you should consider the person of ordinary skill as one who is presumed to be aware of all pertinent prior art. The skill of the actual inventor is irrelevant, because inventors may possess something that distinguishes them from workers of ordinary skill in the art. In determining the level of ordinary skill in the art, you should consider such factors as the educational level of active workers in the field, the types of problems encountered in the art, the nature of prior art solutions to

those problems, prior art patents and publications, the activities of others, the sophistication of the technology involved, as well as the rapidity of innovation in the field.[46]

### 9.6

### LACK OF UTILITY

The defendant asserts that the patent is invalid because it is not useful.[47]

To establish that the patent is invalid for lack of utility, defendant must prove by clear and convincing evidence that the invention is incapable of achieving any of the aims of the patent under any conditions. [48]

Perfection is not required, nor is a commercially successful product required. Evidence of commercial success may, however, support a finding that there is not a lack of utility.[49]

### 9.7

### DAMAGES

If you find that the defendant has infringed any of the claims of plaintiff's patent and that these claims are valid, then you should consider the amount of money the plaintiff should receive as damages. Plaintiff has the burden of proving by a preponderance of the evidence the amount of damages caused by defendant's infringement. Even though I am instructing you on how you should measure damages, this should not be taken to mean that I believe that the defendant has infringed the patent or that the patent is valid. These are issues for you to resolve under the instructions I have given you. I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recover.

### 9.8

## REASONABLE ROYALTY

If you find that there has been an infringement, the owner of the patent is entitled to an award of damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use the defendant made of the invention.[50]

A royalty is the amount of money a licensee pays to a patent owner for each article the licensee makes (or uses or sells) under the patent. A reasonable royalty is the amount of money a willing patent owner and a willing prospective licensee would have agreed upon at the time of the infringement for a license to make the invention. In making your determination of the amount of a reasonable royalty, it is important that you focus on the time period when the infringer first infringed the patent and the facts that existed at that time. Your determination does not depend on the actual willingness of the parties to this lawsuit to engage in such negotiations. Your focus should be on what the parties' expectations would have been had they entered negotiations for royalties at the time of the infringing activity. The infringer's actual profits may or may not bear on the reasonableness of an award based on a reasonable royalty.

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are: (1) whether the patent holder had an established royalty for the invention; in the absence of such a licensing history, any royalty arrangements that were generally used and recognized in the particular industry at that time; (2) the nature of the commercial relationship between the patent owner and the licensee, such as whether they were competitors or whether their relationship was that of an inventor and a promotor; (3) the established profitability of the patented product, its commercial success and its popularity at the time; (4) whether the patent owner had an established policy of granting licenses or retaining the patented invention as its exclusive right, or whether the patent holder had a policy of granting licenses under special conditions designed to preserve his monopoly; (5) the size of the anticipated market for the invention at the time the infringement began; (6) the duration of the patent and of the license, as well as the terms and scope of the license, such as whether it is exclusive or nonexclusive or subject to territorial restrictions; (7) the rates paid by the licensee for the use of other patents comparable to the plaintiff's patent; (8) whether the licensee's sales of the patented invention promote sales of its other products and whether the invention generates sales to the inventor of his nonpatented items; (9) the nature of the patented invention and the benefits to those who have used the invention; (10) the extent to which the infringer used the invention and any evidence probative of the value of that use; (11) the portion of the profits in the particular business that are customarily attributable to the use of the invention or analogous inventions; (12) the portion of the profits realized that should be credited to the invention as distinguished from nonpatnted elements, the manufacturing process, business risks or significant features or improvements added by the infringer; (13) the opinion and testimony of qualified experts and of the patent holder; (14) any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the

patent owner would have been willing to accept, acting as normally prudent business people.[51]

9.9

LOST PROFITS

Plaintiff claims that he should be awarded the amount of profits he lost because of the alleged infringement. In this respect, plaintiff has the burden to establish by a reasonable probability that the infringement cost it lost profits. In order to satisfy this burden, the plaintiff must show that there was a reasonable probability that it would have made the sales that the infringer made, but for the infringement.[52]

In other words, what would the plaintiff have made had the infringer not infringed the patent? In determining lost profits, you may consider whether plaintiff has established the following facts: (1) the demand for the patented product; (2) the absence of acceptable noninfringing substitutes; (3) the patent holder's capacity to meet the demand; (4) and the amount of profit the patent holder would have made but for the defendant's sales.[53]

To prove that there are no noninfringing substitutes the patent owner must show either that (1) the purchasers in the marketplace were generally willing to buy the patented product for its advantages or (2) specific purchasers of the infringing product purchased it on that basis.[54]

To be an acceptable noninfringing substitute, the product must not have a disparately higher price than the patented product, nor possess significantly different characteristics.[55]

If you find that plaintiff has sustained the burden of proving that it is entitled to lost profits, you should next consider the measure of those damages. In doing so, you should consider the amount or number of lost sales, the gross receipts that plaintiff would have obtained from the lost sales, the cost of the sales to be deducted from the gross receipts and then the profit on the lost sales. If you find, however, that plaintiff would not have made the sales that the defendant in fact made, you may not award lost profits. Instead you must award an amount based on a reasonable royalty.

9.10

WILLFUL INFRINGEMENT

Plaintiff claims that defendant infringed its patent willfully. Although you must determine whether defendant's infringement was willful, this determination will not affect the amount of damages, if any, that you assess. The purpose of your determination is to assist the court in making decisions that it will have to make.[56]

Plaintiff must prove willfulness by clear and convincing evidence. This is a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.[57]

Plaintiff proves willful infringement if it shows that defendant (1) was aware of plaintiff's patent and (2) had no reasonable basis for reaching a good faith conclusion that its making, using or selling its device avoided infringing the patent. Plaintiff may also prove willful infringement by proving that defendant did not exercise due care to determine whether or not it was infringing plaintiff's patent once the defendant had actual notice of plaintiff's patent. Infringement is not willful and deliberate if defendant had a reasonable basis for believing that the patent is invalid or not infringed.[58]

[*If applicable*]: A factor to consider in evaluating defendant's conduct is whether the defendant followed competent legal advice once defendant obtained notice of plaintiff's patent and before defendant began or continued the infringing activities. Competent legal advice means an opinion by counsel that is not simply conclusory but is based on a reasonable examination of the facts and the law pertaining to the validity and infringement issues. If you find that defendant received competent legal advice, you should then consider whether defendant actually relied upon and followed counsel's advice.[59]

[*If applicable*]: Another factor in determining whether plaintiff has proved willful infringement is whether defendant deliberately copied plaintiff's product[60]

, which is evidence of willfulness. However, if defendant tried to design around plaintiff's product by making specific changes to its product to avoid infringement, this suggests a lack of willfulness, even if defendant was not successful.[61]

In considering whether the defendant's infringement was willful, you should consider all of the circumstances and all of the evidence demonstrating defendant's intentions. No single factor alone requires a finding of willful or nonwillful infringement.

9.11

### DAMAGES MAY NOT BE PUNITIVE OR SPECULATIVE

You must not award plaintiff more damages than are adequate to compensate for the infringement. Nor shall you include any additional amount for the purpose of punishing defendant or setting an example. You must not consider plaintiff's allegations of willfulness in considering damages or take into account any evidence relating to those allegations. Consideration of willfulness is entirely separate from the question of damages. You may not increase damages because you find willfulness or decrease damages because you did not find willfulness. Nor may you include damages that are speculative, damages that are only possible or damages that are based on guesswork.

PATTERN JURY INSTRUCTIONS

CIVIL RIGHTS

10. CIVIL RIGHTS

10.1

### 42 USC SECTION 1983 (UNLAWFUL ARREST--UNLAWFUL SEARCH--EXCESSIVE FORCE) QUALIFIED IMMUNITY--GOOD FAITH DEFENSE