EXHIBIT 2

# ELEVENTH CIRCUIT

# PATTERN JURY INSTRUCTIONS

# (CIVIL CASES)

# 1999

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \*

**Notetaking - Permitted**.  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

2

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking - Not Permitted**. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

\* \* \* \* \*

3

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

[In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one

4

side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which,

5

within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are

6

intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

## 8.1
## Patent Infringement
## General Instruction
## (With Defense Of Invalidity)

This is a patent infringement case. The Plaintiff claims that the Defendant infringed a United States Patent owned by the Plaintiff. [The Plaintiff also claims that the Defendant has induced and aided others in the infringement of the Plaintiff's patent.] The Plaintiff seeks damages for the period of time from the issuance of the patent up until the present time.

Section 101 of Title 35 of the United States Code, a part of the patent law of the United States, provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor (from the United States Patent Office).

Once a patent is issued, the owner of the patent has the right to exclude others from making, using or selling the patented invention throughout the United States for a term of seventeen years. Thus, an "infringement" of a patent occurs whenever any person, without the owner's permission, makes, uses or sells the patented invention

362

anywhere in the United States during the seventeen year term of the patent.

The law requires that an application for a patent shall be in writing, and shall contain a specification that must state one or more "claims" particularly pointing out and distinctly describing the subject matter that the applicant regards as an invention. The claims define, in words, the exact limits or nature of the invention, and it is only the claims of the patent that can be infringed.

The "claims" of the patent that the Plaintiff alleges have been infringed by the Defendant are:

> **[Describe separately each claim the Plaintiff alleges to have been infringed]**

As a matter of law, you are instructed that the meaning and scope of these claims are:

> **[Describe Court's construction of meaning and scope of claims]**

The Plaintiff may prove its claim of infringement by demonstrating either: (1) that the Defendant's [process/product] literally infringes a claim contained in the patent, or (2) that the accused [process/product] infringes one of the patent claims under the doctrine of equivalents, as I will explain in a moment.

In your deliberations, you should consider the issue of literal infringement first. A [process/product] literally infringes a claim of a patent when it contains the combination of each and every [step/element] of the invention as defined by the particular patent claim.

In making your determination, you must consider each claim separately, since proof of infringement of any one claim is sufficient to establish infringement of the patent.

If you find that it has been proven by a preponderance of the evidence that the Defendant's [process/product] contains every [step/element] of a particular claim in the Plaintiff's patent, then the Defendant has literally infringed that claim. On the other hand, if you find that the Plaintiff has <u>not</u> proved by a preponderance of the evidence that the Defendant's [process/product] contains every [step/element] of a particular claim, the patent claim has not been literally infringed.

In those cases in which each and every [step/element] in the Defendant's [process/product] does not come within the literal words of the claims, infringement of the patent may still be found if you determine that the Defendant's [process/product] is substantially

364

equivalent to the patent claim. This is called infringement under the "doctrine of equivalents." Under the doctrine, the Defendant's [process/product] infringes a patent claim if there is "equivalence" between the elements of the Defendant's [process/product] and the claimed elements of the patented invention - - that is, if the [steps/elements] of the Defendant's [process/product] perform substantially the same function in substantially the same way to produce substantially the same results as the [steps/elements] of the invention set forth in the claim. On the other hand, the Defendant's [process/product] does not infringe a patent claim under the doctrine of equivalents if it is so far changed in principle that it performs the same function in a substantially different way as the [steps/elements] recited in the claim. In other words, for there to be an infringement under the doctrine of equivalents, you must determine that the Plaintiff has proven by a preponderance of the evidence not only that the Defendant's [process/product] performs substantially the same function in the same way to achieve the same result as the Plaintiff's invention, but also, the presence, in the Defendant's [process/product], of every [step/element] of the claim or its substantial equivalent. The

365

doctrine of equivalents must be applied to individual [steps/elements] of the claim and not the invention as a whole. You should view the evidence from the perspective of a person of ordinary skill in the art. The test is objective, that is, whether a person of ordinary skill in the art would have considered the differences insubstantial on a [step by step] [element by element] basis.

In applying the doctrine of equivalents, the claims of the patent cannot be construed in a manner inconsistent with any limitations that were added during prosecution in the Patent Office to render the claims patentable. Also, the Plaintiff is prohibited from relying on the doctrine of equivalents if the Defendant's product is like the prior art.

You are also instructed that intent plays no role in the application of the doctrine of equivalents. Therefore, evidence of an alleged infringer's behavior or intent, such as intentional copying or intentional designing around a patent, or of independent experimentation, must not be considered in your determination of the applicability of the doctrine of equivalents.

In your deliberations on the issue of infringement, you are instructed not to interpret or construe the meaning or the scope of the

claims except as I have instructed you. The burden of proof for the infringement claim is upon the Plaintiff.

If you find that the Plaintiff has failed to prove by a preponderance of the evidence that the Defendant infringed any of the claims listed above, either literally or under the doctrine of equivalents, you must find for the Defendant.

On the other hand, if you find that the Plaintiff has established by a preponderance of the evidence that any claim in the patent has been infringed, you must then consider the Defendant's allegation that the patent is invalid. There are several things or conditions that, if you find them to exist, will operate under the law to render a patent invalid even though it was otherwise regularly issued by the Patent Office. I will explain in a moment what some of those things are.

You should first understand, however, that because a patent duly issued by the Patent Office is presumed to be valid (and each claim of a patent is presumed to be valid independently of the validity of the other claims), the Defendant has the burden of persuasion, that is, the burden of establishing by clear and convincing evidence that the Plaintiff's patent or any claim in the patent is not valid. In other words,

the Defendant must come forward with something more than a preponderance of the evidence in order to overcome the presumption that the patent is valid.  However, this presumption of validity extends only to the record before the examiners in the Patent and Trademark Office in Washington.  When that record, called the "file wrapper," discloses that the examiner considered certain information or documents during the prosecution of the application for the patent, there is a presumption that the examiner found patentable differences between that information or those documents he considered and the invention claimed in the patent application.  But as to any information or documents which you find from the file wrapper that the examiner did not consider, no such presumption exists and you may take such failure into account in deciding whether there is clear and convincing evidence which overcomes or outweighs the presumption concerning the validity of the Plaintiff's patent.

There are several circumstances that will make a patent invalid. Under Section 102 of Title 35 of the United States Code, a person is not entitled to a patent if [(a) the claimed invention was publicly known or used by others in the United States, or patented or described in a

368

printed publication in the United States or in a foreign country, before the invention thereof by the applicant;] or [(b) the claimed invention was patented or described in a printed publication in the United States or a foreign country or was in public use or on sale in the United States, more than one year prior to the date of the application for patent in the United States;] or [(c) the applicant has abandoned the claimed invention;] or [(d) the applicant or the applicant's representative filed a foreign patent application on the claimed invention 12 months before the United States application was filed and the foreign patent was issued before the United States application was filed; or [(e) the claimed invention was described in a United States patent granted on an application filed by another before the invention thereof by the applicant;] or [(f) the applicant did not invent the subject matter sought to be patented; or [(g) before the applicant's invention, the claimed invention was made in the United States by another who had not abandoned, suppressed or concealed it.]

In addition, under Section 103 of Title 35 of the United States Code, even though the claimed invention is not identically disclosed or described as set forth in Section 102, a patent may not be obtained if

369

the differences between the subject matter sought to be patented and the "prior art" are such that the subject matter as a whole would have been obvious, at the time the claimed invention was made, to a person having ordinary skill in that field.

Prior art includes all of the knowledge, acts, descriptions, and patents which I have just described to you, such as public knowledge and use by others in this country, other patents, and also descriptions in printed publications in the United States or in a foreign country. However, the patentability of an invention does not depend on how the invention was made.

If one prior art reference completely embodies the same [process/product] as any claim of the Plaintiff's patent, the [process/product] recited by that claim is said to be "anticipated" by the prior art and the claim is, therefore, invalid under Section 102 for lack of novelty or invention. Similarly, if you find that the differences between the [process/product] described in any claim in the Plaintiff's patent and what is taught by the prior art would have been obvious to a person skilled in the art at the time the claimed invention was made,

then the product is said to be "obvious" from the prior art, and the claim of the patent is invalid under Section 103.

The Plaintiff has introduced secondary evidence in support of the validity of the patent to the effect that [the claimed invention filled a long felt need] [others failed in their attempts to develop it] [it has enjoyed commercial success] [others have entered into consent decrees and have obtained licenses to manufacture the patented device.]  Such evidence may be considered in determining whether the claimed invention would have been obvious, but it is entitled to weight in making that determination only if it is related to features of the [process/product] claimed in the patent rather than to other considerations such as advertising, promotion, or salesmanship [or, in the case of the prior licenses, the cost of litigation and the like].

If you find that the Defendant has infringed any of the claims of the Plaintiff's patent, and if you find that those claims are valid in keeping with these instructions and the facts as you find them from the evidence in this case, you will next consider the issue of damages to be awarded to the Plaintiff.

371

If you find there has been an infringement, Section 284 of Title 35 of the United States Code provides that the owner of the patent is entitled to an award of damages adequate to compensate for the infringement, but in no event may the award of damages be less than a reasonable royalty for the use made of the invention by the infringer.

Thus, the damages to the Plaintiff caused by infringement may be determined on the basis of what you find, from a preponderance of the evidence, would have been a reasonable royalty to be paid for a license to use the claimed invention during the period of the infringement. A reasonable royalty is the amount that the owner of a patent would accept, assuming a willingness to license its use, from a person who wants to obtain a license to use the claimed invention, neither of whom is acting under financial distress or other compulsion to enter into the agreement.

You must calculate damages from the moment of infringement, if all of the products manufactured and sold by the Plaintiff or by persons acting under the Plaintiff were properly marked, that is, the products contained the number of the patent from the time when the Plaintiff obtained the patent. If not, you should calculate the damages

372

from the time the Defendant was first notified of the infringement. Filing of an action for infringement is such notice. If the products were not marked with their patent number, then you should not award any damages for the period of time before the Defendant had notice of the infringement.

On the other hand, when the Defendant has actual knowledge of the Plaintiff's patent and, in spite of such knowledge, willfully and wantonly makes, uses or sells the patented product without the permission of the Plaintiff and with a disregard for the rights of the Plaintiff, then, in that event, you may find that the Defendant is guilty of willful infringement; and, if you find that there was a willful infringement by the Defendant then you may treble - - that is, multiply by three - - the amount of the ordinary or compensatory damages you have otherwise decided upon.

**8.1**
**Patent Infringement**
**General Instruction**
**(With Defense of Invalidity)**

## SPECIAL INTERROGATORIES
## _____ TO THE JURY _____

## Do you find from a preponderance of the evidence:

373

1.    That the Defendant's product literally infringes a claim contained in the patent?

Answer Yes or No          _____

2.    That the Defendant's product infringes, under the "doctrine of equivalents," a claim contained in the patent?

Answer Yes or No          _____

[Note:    If you answered No to both of the preceding questions you need not answer the remaining questions.]

3.    That the Plaintiff's patent is invalid because [state the basis of the Defendant's claim of invalidity]?

Answer Yes or No          _____

4.    If you answered "No" to Question No. 3, that the Plaintiff should be awarded $_____ in damages.

SO SAY WE ALL.

_____
Foreperson

DATED:_____

374

## ANNOTATIONS AND COMMENTS

This instruction in the 1990 edition stated that the specifications and drawings submitted as a part of the application could be used to explain the meaning of the words used in the claims. The Supreme Court has since held that the meaning and scope of claims are questions of law for the court. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 390, 116 S.Ct. 1384, 1396, 134 L.Ed. 2d 577 (1996).

Athletic Alternatives, Inc. v. Prince Manufacturing, Inc., 73 F.3d 1573, 1581 (Fed. Cir. 1996) (the test under the doctrine of equivalents is an objective one "from the perspective of one of ordinary skill in the relevant art.").

Atlanta Motoring Accessories, Inc. v. Saratoga Technologies, Inc., 33 F.3d 1362, 1366-67 (Fed. Cir. 1994) (when two devices perform the same function in substantially different ways, the doctrine of equivalents is not applied, and the patent is not infringed); Southern States Equipment Co. v. USCO Power Equipment Co., 209 F.2d 111 (5th Cir. 1953) (same).

The Supreme Court has held that evidence of intent, such as copying, designing around a patent, or independent experimentation, "plays no role in the application of the doctrine of equivalents." Warner-Jenkinson Company v. Hilton Davis Chemical Co., 520 U.S. 17, 36, 117 S.Ct. 1040, 1052, 137 L.Ed.2d 146, (1997).

375