**EXHIBIT 3**

# Modern Federal Jury Instructions-Civil

Authors
What's New
Editorial Staff
Index
Foreword
Questions?

Copyright

How To Use This Book

Modern Federal Jury Instructions may be used for more than its name implies. The jury instructions contained in this publication provide practitioners with a concise statement of each element of a civil proceeding which must be proven or disproven at trial.

Rather than waiting until the eve of closing argument, the criminal practitioner should consider consulting Modern Federal Jury Instructions&eit; at the time of initial contact with a prospective client. By discovering the precise elements which the government must prove at a criminal trial, defense counsel can better advise the client. Further, the material may be used to help frame an attack on an indictment if the government has not adequately alleged each essential element of a crime.

In reviewing jury instructions at the early stages of a case, counsel may be more effectively develop a strategy for the client's defense by learning, in advance, the court's likely charge.

In addition, since Modern Federal Jury Instructions is organized in a logical, statute format, it can be utilized as a research tool which identifies the elements of each crime, sets forth a list of federal courts cases interpreting those elements and suggests the manner in which federal courts may rule under particular circumstances.

Subscribers are strongly urged to consider the multiple uses of this publication and, if further assistance is required, to contact the person listed in the ``Questions About This Publication" directory printed on the copy right page for further editorial assistance.

Copyright 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Authors

Hon. Leonard B. Sand

John S. Siffert

Walter P. Loughlin

Steven A. Reiss

Copyright 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

¶ 86.01  General

Form Instruction 86-1  The Statute

The plaintiff [insert name] has brought a claim that the defendant [insert name] has infringed its patent. The rights of a patent holder are protected by Section 271(a) of Title 35 of the United States Code, which provides that "whoever without authority makes, uses, offers to sell or sells any patented invention during the term of the patent therefor infringes the patent."

In defense, the defendant claims that, one, the defendant did not infringe the patent, two, that the plaintiff does not hold a valid patent, and three, that the patent is unenforceable.

The statute governing whether the plaintiff holds a valid patent is Section 101 of Title 35 of the United States Code. It provides:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

I will explain to you later the conditions for a patent to be valid under the United States

Authority

35 U.S.C. §§ 101, 271

Comment

The federal courts' jurisdiction to determine the validity of patents has been clearly established.[1]

Form Instruction 86-2  Purpose of the Statute[1]

In this country, the federal government encourages invention by granting inventors patents for their inventions. The basis for the grant of patents is found in our Constitution, which provides:

> The Congress shall have Power ... to promote the Progress of Science and useful Arts, by securing for the limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

The United States Patent and Trademark Office, which I will refer to as the Patent Office, is the government agency responsible for assuring that the requirements for patentability are met before

patents are granted. When an application for a patent is submitted to the Patent Office, it is reviewed by a patent examiner who is skilled in the area of technology related to the patent application. The patent review procedure operates without the benefit of evidence or arguments from people who may oppose the granting of the patent. The patent examiner reviews the application to determine whether it meets the requirements of law. An invention is patentable under United States law if it is new, useful and would not have been obvious to one of ordinary skill in the art at the time the invention was made. If the patent examiner concludes that these requirements have been met based on the information he considers, he or she grants a patent. All of the patents involved in this suit were granted by the Patent Office after going through this procedure.

## Authority

U.S. Const., art. I, § 8, cl.

35 U.S.C. §§ 102,

**Supreme Court**: *Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 94 S. Ct. 1879, 40 L. Ed. 2d 315*

## Comment

There is some controversy over the propriety of instructing the jury on the constitutional basis and policy reasons for patents because of the view that jurors are biased in favor of the patent holder. Those who oppose a jury charge submit that the issue can be adequately handled by argument of counsel. The text takes the middle road and recommends that the constitutional authorization for patents, which is well-settled, should be explained to the jury.

In certain cases, where counsel may be concerned that jury sympathy may disfavor the patent holder, it may be appropriate to request the following supplemental language:

> Patent laws promote the constitutional policy of ``promoting the progress of science" by offering an exclusive right to the economic benefits of a discovery for a seventeen (*or* twenty) year period. This exclusive right is our way of giving inventors an incentive to take risks and to spend their time and money to develop new inventions. The logic behind the patent laws is that patents will encourage people to develop new products and new ways to manufacture goods which, in turn, increase employment and result in better lives for our citizens.

> In return for this ``reward for inventions"--the right of exclusion during the seventeen year period--the patent laws require the inventor to make a full and clear disclosure of the invention that will enable any person skilled in the art to make and use the invention after the seventeen (*or* twenty) year period is over. This disclosure, it is assumed, will stimulate ideas and the eventual development of further significant advances in the art.

> Because Congress has determined that the benefits of rewarding useful patents outweigh the cost of granting an exclusive right to the invention, patent holders may act to protect their patents. Therefore, patent holders may claim damages from anyone who infringes on a valid patent.[2]

If the foregoing charge is given to explain the policy favoring patents, counsel for the alleged infringer should consider requesting a charge to the following effect:

> By the same token, there are strong policy reasons not to allow a patent holder to claim an exclusive right to the economic benefits of an invention that is not properly the subject of a patent. It is for this reason that a patent is restricted to its narrow limits, as I shall explain in a moment.

Unless requested by the parties, care should be taken not to inform the jury that the patent examiner studies the prior art in making his or her determination of whether to grant the patent, for the reasons explained in the Comment to Instruction 86-7, *infra*.

### Form Instruction 86-3  Description of a Patent[1]

A patent is a document that consists of a specification; a claim or claims, which are part of the specification; a drawing; and an oath supplied by the applicant. A drawing is required when it is necessary to understand the subject matter sought to be patented. The oath requires the applicant to swear that he or she is the original and first and true inventor of that for which the applicant seeks the patent.

The specification is essentially a description of the invention. The law requires that the specification of a patent give a written description of the invention that is clear, concise and exact, so that a person skilled in the art to which the patent pertains could make and use the invention.

The specification must conclude with one or more claims. The claims are numbered paragraphs which define, in words, the inventor's rights by marking the limits or boundaries of the invention claimed to have been invented. The claims of the patent must define the particular thing claimed to have been invented with precision so that the public will know what that thing is, and so be able to avoid infringing the patent.

The claims are also important because only the claims of a patent can be infringed. Neither the specification, which contains the written description we have already discussed, nor the drawings of a patent can be infringed. Each of the claims must be considered individually. It takes infringement of only one claim of a patent for the patent to be infringed.

---

#### Authority

35 U.S.C. §§ 111-113,

**Federal Circuit**: *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540 (Fed. Cir. 1983), *cert. denied*, 469 U.S. 851 (1984).

**Fifth Circuit**: *Sterner Lighting, Inc. v. Allied Electrical Supply, Inc.*, 431 F.2d 539 (5th Cir. 1970), *cert. denied*, 401 U.S. 909 (1971).

### Form Instruction 86-4  Rights as an Assignee[1]

In this case, the relevant patents obtained by the inventor were assigned to the plaintiff. As an assignee of the inventor, the plaintiff holds the same rights and interests in the patent as were held by the inventor. The plaintiff therefore holds the patent subject to all defenses of unenforceability and invalidity which could have been raised against the inventor.

### Authority

35 U.S.C. § 261.

### Comment

Instruction 86-4 assumes that there are no factual issues regarding the assignment. If the validity of the assignment is contested, care must be taken to present the factual dispute to the jury for resolution. Instruction 86-11, *infra*, contains language designed to focus on this issue in the context of whether plaintiff is the proper ``owner'' of the patent in a direct infringement claim.

An assignee of a patent stands in a different position than a licensee. When it is relevant to explain a licensee's rights, Instruction 86-5, *infra*, should be read to the jury.

Care should be taken, in this respect, to submit to the jury all factual disputes regarding the claimed license or assignment, and not merely rely on the description contained in the documents to determine whether what occurred was an assignment or a license.

### Form Instruction 86-5  Rights as a Licensee[1]

An owner of a patent may agree to let another person make, use or sell one or more of the claims. This is called a license. The person who is allowed to do one or more of those things is called a licensee.

A licensee does not own any part of the patent owner's right to exclude others, unless the licensee has obtained an exclusive license.

### Authority

35 U.S.C. § 261.

**Federal Circuit**: *Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026 (Fed. Cir.), cert. denied, U.S. 907 (1995).

**District of Columbia Circuit**: *N.V. Philips' Gloeilampenfabrieken v. Atomic Energy Commission*, 316 F.2d 401 (D.C. Cir. 1963).

**First Circuit**: *Amgen Inc. v. Chugai Pharmaceutical Co.*, 808 F. Supp. 894 (D. Mass.

Comment

In addition to governing the relationship between the licensee and any potential infringers, the granting a license creates an affirmative defense to a claim of patent infringement.[2] In this respect, there are certain situations, such as judicial sales[3] and commercial self-help provisions,[4] which may create an implied license.[5]

Form Instruction 86-6  Burden of Proof[1]

**There will be two burden of proof standards by which you must weigh the evidence in this case: preponderance of the evidence and clear and convincing evidence.**

**What does a ``preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. The plaintiff has the burden of establishing infringement of the claims of its patent by a preponderance of the evidence.**

**If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of the evidence.**

**What does ``clear and convincing evidence" mean? Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only that the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes its claim beyond any ``substantial doubt"; the party does not have to dispel every ``reasonable doubt." Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that the party's claim is more likely true than not true. On the other hand, clear and convincing proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.**

**The plaintiff is charging the defendant with patent infringement. Plaintiff has the burden of proving infringement of the claims of its patent by a preponderance of the evidence. (*If applicable:* Plaintiff also claims that defendant's infringement of its patent has been and is willful. Plaintiff must prove its claim of willful infringement by clear and convincing evidence.)**

**The defendant claims that the plaintiff's patent is invalid and/or unenforceable. Defendant has the burden**

of establishing that the patent was invalid and/or unenforceable by clear and convincing evidence. (*If applicable:* Defendant also claims that plaintiff is barred from enforcing its patent under the doctrine of laches and/or equitable estoppel. Defendant must prove its claim of laches and/or equitable estoppel by a preponderance of evidence.)

## Authority

35 U.S.C. § 282.

**Federal Circuit**: *Symbol Technologies, Inc. v. Opticon, Inc.*, 935 F.2d 1569 (Fed. Cir. 1991) ; *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1238 (Fed. Cir.), *cert. denied*, 493 U.S. 853 (1989) ; *SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 859 F.2d 878 (Fed. Cir. 1988) ; *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613 (Fed. Cir.) , *cert. dismissed*, 474 U.S. 976 (1985).

## Comment

There appears to be no dispute that the plaintiff must show infringement by a preponderance of the evidence.[2] The Federal Circuit has established that the defendant must prove invalidity by clear and convincing evidence.[3] Willful infringement must also be proven by clear and convincing evidence.[4]

The definitions of preponderance of the evidence and clear and convincing evidence are adapted from Instructions 73-2 and 73-3, *supra*, respectively.

### Form Instruction 86-7  Presumption of Validity[1]

In this case, the Patent Office granted the patent to plaintiff. The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent.

Therefore, each claim of the patent asserted in this lawsuit must be presumed by you to be

The presumption of validity is overcome if the defendant proves by clear and convincing evidence that plaintiff's patented claim is invalid. However, if the defendant overcomes his presumption on any particular claim or claims, the presumption remains in force with respect to other claims which the defendant has not proven invalid by clear and convincing evidence.

The presumption of validity does not lessen the plaintiff's own burden to establish that the defendant infringed the claims of the patent.

## Authority

35 U.S.C. § 282.

**Federal Circuit**: *Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464 (Fed. Cir. 1990)* ; *Richardson v. Suzuki Motor Co., 868 F.2d 1226 (Fed. Cir.), cert. denied, 493 U.S. 853 (1989)* ; *Hughes Tool Co. v. Dresser Industries, Inc., 816 F.2d 1549 (Fed. Cir.), cert. denied, 484 U.S. 914 (1987)* .

Comment

Counsel seeking to uphold the validity of a patent is well-advised to request this instruction for two reasons. First, it properly informs the jury to presume that the patent is valid.[2] Second, it disabuses the jury of any lingering feeling that it may be unfair to impose a stricter burden of proof upon the defendant seeking to establish a patent's invalidity than the less strenuous burden imposed upon a plaintiff claiming infringement.

The party asserting the invalidity of a patent bears the initial procedural burden of going forward to establish a legally sufficient prima facie case of invalidity; if this burden is met, the party relying on validity is then obligated to come forward with evidence to the contrary.[3] However, the actual burden of proof remains with the party challenging the patent, and never shifts to the patentee.[4] Before rendering a judgment, the factfinder "must determine whether `all of the evidence establishes that the validity challenger so carried his burden as to have persuaded the decisionmaker that the patent can no longer be accepted as valid.' "[5]

Instruction 86-7 and Instruction 86-2, *supra*, are careful not to inform the jury that the patent examiner studies the prior art in making his or her determination of whether to grant the patent. Such a charge, although frequently given, is highly prejudicial and raises the presumption of validity to a virtual irrefutable presumption. Nonetheless, where the alleged infringer contends that the patent examiner did not consider relevant prior art, the alleged infringer may want the court to describe what the patent examiner did or did not do during the examination. Where there is evidence to suggest that the Patent Office determination was incorrect, the Federal Circuit has approved the following language:

> Because the deference to be given the Patent Office's determination is related to the evidence it had before it, you should consider the evidence presented to the Patent Office during the ... application process, compare it with the evidence you have heard in the case, and then determine what weight to give the Patent Office's determination.[6]

Form Instruction 86-8  Scope of the Claim--Claim Interpretation[1]

To decide the questions of infringement and validity, you must first understand what the claims of the patent cover, that is, what they prevent anyone else from doing. This is called ``claim interpretation."

It is my duty under the law to interpret what the patent claims mean. I have made my determination and I will instruct you accordingly. You must apply the meaning I give the patent claims for both your decision on infringement and your decision on validity.

The meaning of many of the words and phrases in the claims at issue are not disputed. You should give those words and phrases their ordinary English language meaning, consistent with the teachings of the patent specifications. Other words and phrases, however, need to be defined. And I will now instruct you how those words are to be construed and understood when deciding the issues of infringement and validity in this case.

Comment

In *Markman v. Westview Instruments, Inc.*,[2] the Supreme Court held that "the construction of a patent, including terms of art within the claim, is exclusively within the province of the court."[3] The recommended instruction makes clear that the jury is to follow the court's interpretation of the claim.

**Footnotes for ¶ 86.01**

[1] Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1564 (Fed. Cir.), *cert. denied*, 488 U.S. 892 (1988). See 35 U.S.C. § 282.

[1] Adapted from the charge of Judge Stanton in Telcor Inc. v. Recoton Corp., 89 Civ. 6032 (LLS) (S.D.N.Y. 1989).

[2] Adapted from the opinion of Chief Justice Burger in Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 480-81, 94 S. Ct. 1879, 40 L. Ed. 2d 315 (1974).

[1] Adapted from the charge of Judge Martin in Construction Technology, Inc. v. Lockformer Co., 86 Civ. 0457, 88 Civ. 0742 (S.D.N.Y. 1991), Delaware Uniform Patent Jury Instructions 3.2, 3.3, and AIPLA Draft Model Jury Instructions, Claim Interpretation and Infringement Nos. 1 and 4.

[1] Adapted from the charge of Judge Martin in Construction Technology, Inc. v. Lockformer Co., 86 Civ. 0457, 88 Civ. 0742 (S.D.N.Y. 1991).

[1] Adapted from H. Schwartz, Patent Law & Practice ¶ 144, at 33-34 (2d ed.

[2] McCoy v. Mitsuboshi Cutlery, Inc., 67 F.3d 917, 920 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 1174

[3] See, e.g., Wilder v. Kent, 15 F. 217 (W.D. Pa. 1883) (sheriff's

[4] See, e.g., McCoy v. Mitsuboshi Cutlery, Inc., 67 F.3d 917, 921-22 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 1174 (1996); Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847 (2d Cir. 1963).

[5] See also Carborundum Co. v. Molten Metal Equipment Innovations, Inc., 72 F.3d 872, 878 (Fed. Cir. 1995) (sale of nonpatented equipment which has no non-infringing uses may imply license to practice invention).

[1] Adapted from the charge of Judge Sofaer in Sharon v. Time, Inc., 83 Civ. 4660 (S.D.N.Y.

[2] Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570 (Fed. Cir. 1994); Carroll Touch, Inc. v. Electro Mechanical Systems, Inc., 15 F.3d 1573 (Fed. Cir. 1993); Morton Int'l, Inc. v. Cardinal Chemical Co., 5 F.3d 1464, 1468 (Fed. Cir. 1993); Symbol Technologies, Inc. v. Opticon, Inc., 935 F.2d 1569 (Fed. Cir. 1991); Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1238 (Fed. Cir.), *cert. denied*, 493 U.S. 853 (1989); SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 859 F.2d 878 (Fed. Cir. 1988).

[3] Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1467 (Fed. Cir. 1990); Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1235-36 (Fed. Cir.), *cert. denied*, 493 U.S. 853 (1989); Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044 (Fed. Cir.), *cert. denied*, 488 U.S. 825 (1988).

[4] Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613 (Fed. Cir.), *cert. dismissed*, 474 U.S. 976 (1985); Mobil Oil Corp. v. Amoco Chemicals Corp., 779 F. Supp. 1429 (D. Del. 1991), aff'd, 980 F.2d 742 (Fed. Cir. 1992).

[1] Adapted from the charge of Judge Martin in Construction Technology, Inc. v. Lockformer Co., 86 Civ. 0457, 88 Civ. 0742 (S.D.N.Y. 1991).

[2] Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464 (Fed. Cir. 1990); Richardson v. Suzuki Motor Co.,

868 F.2d 1226 (Fed. Cir.), *cert. denied*, 493 U.S. 853 (1989).

3 Innovative Scuba Concepts, Inc. v. Feder Industries, Inc., 26 F.3d 1112, 1115 (Fed. Cir.

4 *Id*; Therma-Tru Corp. v. Peachtree Doors Inc., 44 F.3d 988, 992 (Fed. Cir.

5 Ralston Purina Co. v. Far-Mar- Co, Inc., 772 F.2d 1570, 1573 (Fed. Cir. 1985), *quoting* Lear Siegler, Inc. v. Aeroquip Corp., 733 F.2d 881, 885 (Fed. Cir. 1984).

6 Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1564 (Fed. Cir. 1993), *cert. denied*, 511 U.S. 1031

1 Adapted from AIPLA Draft Model Jury Instructions, Claim Interpretation and Infringement No. 2, and the charge of Judge Arcara in Forest Laboratories, Inc. v. Abbott Laboratories, Civ. No. 96-0159A (W.D.N.Y. 1998).

2 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577

3 *Id.* at 372.

Copyright 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.