EXHIBIT 9

4 U.S.P.Q.2d 1654                                                                Page 1
1987 WL 125128 (W.D.Mich.)
(Cite as: 4 U.S.P.Q.2d 1654)

**H**

Haworth Inc.
v.
Steelcase Inc.


District Court, W. D. Michigan


No. K85-526


Decided August 27, 1987


United States Patents Quarterly Headnotes


**JUDICIAL PRACTICE AND PROCEDURE**
**[1] Procedure -- In general (§ 410.01)**
**Procedure -- Pleadings; bifurcation of proceedings (§ 410.28)**
Patent infringement defendant's suggestion that issue of enforceability be tried first, prior to presentation of evidence as to infringement and validity, is rejected in favor of normal presentation of proofs, in which plaintiff presents evidence of infringement and defendant then presents evidence concerning non-infringement, enforceability, and validity, in view of complexity of enforceability issue and in view of defendant's failure to demonstrate that it is likely to meet its heavy burden of proof on such issue, thus negating any judicial economies that would be achieved by trying it first.


*1654 Action by Haworth Inc., against Steelcase Inc., for patent infringement. On question of order in which parties will present proofs. Question decided.


George M. Sirilla, William K. West, W. Patrick Bengtsson, Thomas M. Horgan, and Cushman, Darby & Cushman, Washington, D.C., and Charles E. Ritter, Thomas J. Heiden, and Miller, Canfield, Paddock & Stone, Kalamazoo, Mich., for plaintiff.


Rudolf E. Hutz, John D. Fairchild, Richard M. Beck, and Connolly, Bove, Lodge & Hutz, Wilmington, Del., and Lloyd A. Heneveld, Price, Heneveld, Cooper, DeWitt & Litton, and David S. Fry, Grand Rapids, Mich., for defendant.

Enslen, District Judge.


This is a patent case that raises three issues for the Court to resolve: (1) whether defendant has infringed on the patents; (2) whether the patents are valid; and (3) whether the patents, even if valid, are enforceable by the plaintiff. Plaintiff bears a preponderance of the evidence burden of proof on the first issue; defendant bears the burden of proving its positions on the last two issues by clear and convincing evidence. Pretrial Order at 8 n.*. The parties have requested the Court to decide the order in which they will present their proofs at trial. Plaintiff favors the "traditional" method of presenting proofs, pursuant to which it will first present its proofs on the issue of infringement. Defendant then will be allowed to present evidence of noninfringement and its proofs on the patents' validity and unenforceability. *1655 Plaintiff presumably would be allowed to rebut defendant's evidence on infringement and to respond to defendant's evidence on the patents' validity and unenforceability. The case would close with defendant's rebuttal evidence on the patents' validity and unenforceability.


Defendant requests the Court to reject this trial format, and to adopt in its place one of two alternative methods for the presentation of proofs. As its first alternative, defendant requests the Court first to try the issue of the patents' enforceability. On that sole issue, defendant would present its proofs, plaintiff would present its response, and defendant would close with its rebuttal evidence. The court then would immediately decide the issue. If it decides that the patents are unenforceable, then the case is over and the parties will not have to represent their proofs on the other two issues. If the Court either declines to decide the issue at that time or rules against defendant, then defendant would present its proofs on the remaining two issues, followed by plaintiff's presentation, and ending with defendant's rebuttal evidence. As its second alternative, defendant requests the Court to allow it to present its evidence on all three issues first, followed by plaintiff's presentation, and ending with defendant's rebuttal evidence.


[1] The Court has reviewed the parties' well-written submissions on this issue and concludes that it should, as plaintiff requests, follow the normal format for the presentation of proofs in a civil case. I reject defendant's first alternative for the presentation of proofs because I am not confident that I would be able to decide the issue of

COPR. © 2003 The Bureau of National Affairs, Inc.

4 U.S.P.Q.2d 1654
1987 WL 125128 (W.D.Mich.)
(Cite as: 4 U.S.P.Q.2d 1654)

Page 2

unenforceability immediately following the parties' presentations on that issue. It appears that a trial on that issue alone would take nine trial days and involve approximately fourteen witnesses and 165 exhibits. Defendant's suggestion would make sense if the trial on that issue were to be shorter and less complex. Since I am not sure that I would be able to rule form the bench on that issue, and given defendant's apparent unwillingness to adjourn the trial to allow me to decide it, *see* Steelcase, Inc.'s Memorandum at 5 N.*, however, I see no reason to depart from the normal order for the presentation of proofs and to adopt defendant's first suggestion. I accordingly will decline to exercise my discretion to order a trial on the sole issue of enforceability first. *See Gardo Manufacturing, Inc. v. Herst Lighting Co.*, 2 U.S.P.Q.2d 2015, 2017-19 (Fed. Cir. 1987) (district court separated for trial the nonjury issue of enforceability and the jury issues of infringement and validity). I further observe that defendant has not demonstrated that it is likely to meet its heavy burden on this issue, and thus has not established that to try it first would save judicial resources.

The Court also must reject defendant's second suggestion. It recognizes that defendant bears the burden of proof on two of the three issues to be tried. Yet the Court sees no reason to depart from the normal method of presenting proofs, and not to allow plaintiff to present its evidence on the issue of infringement first. I interpret the Court of Appeals for the Federal Circuit's decision in *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 [1 USPQ2d 1081] (Fed. Cir. 1986), as stating nothing more than because a patent is presumed to be valid, see 35 U.S.C. § 282, a court should not allow the patentee to introduce evidence on the patent's validity during its case in chief. *Id.* at 1570-71 [1 USPQ2d at 1083-84]. Rather, the patentee may only present evidence on the issue of infringement before the alleged infringer is allowed to present its proofs. During its presentation, the alleged infringer, in this case the defendant, may address the issues of validity and unenforceability. Particularly since this is a bench trial, the Court sees no need to depart from the normal order for the presentation of proofs. The Court will allow both parties ample opportunity to address the relevant issues, and trusts that the experienced attorneys on both sides will present their proofs in the appropriate order.

In summary, the Court will adhere to a normal trial format. Plaintiff will first present its proofs on the issue of infringement. Defendant then can respond to plaintiff's proofs on that issue, and present its own proofs on the issues of validity and unenforceability. The Court then will allow plaintiff to respond to defendant's proofs on the issues of validity and unenforceability, and to rebut defendant's response on the issue of infringement. The trial will conclude with defendant's rebuttal evidence on the issues of validity and unenforceability. I admit that defendant's suggestion that I try the issue of unenforceability first, and try the remaining issues only if necessary, interests me. The pre-trial order indicates, however, that the proofs on that issue probably will be more complex than defendant will admit, and I am not confident I would be able to render a bench opinion immediately at the end of a trial on it. I therefore think it would *1656 be wiser to adhere to the normal trial format in this case.

W.D.Mich.

4 U.S.P.Q.2d 1654

END OF DOCUMENT

COPR. © 2003 The Bureau of National Affairs, Inc.