IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| PLAYTEX PRODUCTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTOR & GAMBLE DISTRIBUTING COMPANY, an Ohio corporation, and THE PROCTOR & GAMBLE COMPANY, an Ohio corporation,<br><br>Defendants. | CASE NO. C-1-02-391<br><br>(Hon. Thomas M. Rose)<br><br>**PLAYTEX'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S DAMAGES CLAIM (DOC. 103)** |

## I. INTRODUCTION

P&G is trying to leverage the Court's recent illness into a substantive victory, thus enabling P&G to infringe Playtex's '178 patent with impunity. As the Court will recall, Playtex offered to conditionally waive its damages claim in exchange for an early trial date and injunctive relief before the '178 patent expires on November 10, 2003. The Court agreed and scheduled Playtex's infringement case for trial on August 11, 2003. However, because of the Court's recent illness, the trial is now postponed until February 2, 2004, and injunctive relief is no longer available to Playtex. Money damages is now the only remedy available to Playtex and it is therefore necessary for Playtex to reassert its damages claim.

In its motion, P&G argues that Playtex's damages claim should be excluded as a sanction for Playtex's failure to conduct damages discovery. This is a red-herring because there is no sanctionable misconduct here. The real issue is whether Playtex should be left without any remedy as a result of the vacation of the August 11 trial date. Playtex submits that it has already

1

lost its preferred remedy (an injunction), and it would be manifestly unfair for Playtex to lose all remedies through no fault of its own. P&G's motion to exclude Playtex's damages claim must be denied.

## II.    DISCUSSION

A patent owner has two remedies for patent infringement: (1) an injunction barring sales of the infringing device, and (2) money damages. P&G began selling its infringing Tampax Pearl product in 2002, shortly before Platex's '178 patent expires on November 10, 2003. Because Tampax Pearl was a new product and the '178 patent was about to expire, it was unlikely that a damages award would be very large. Therefore, Playtex's preferred remedy was an injunction. Playtex promptly moved the Court for an expedited trial date so that it could obtain an injunction prior to the expiration of the '178 patent. *See* Doc. 7.

P&G did everything possible to delay the trial until after the '178 patent expired. P&G filed meritless patent infringement counterclaims (which were subsequently withdrawn) against Playtex as a pretext to argue that the case was too complex for an early trial date. *See* Doc. 12. In order to reduce the complexity of the case and "streamline both discovery and trial," Playtex offered to *conditionally* waive its damages claim in exchange for an early trial date. Doc. 17, p. 6 ("Playtex will waive its damages claim in order to obtain a trial date in early December 2002), p. 7 ("*if* the Court orders an expedited trial date, Playtex will waive its damages claim altogether") (emphasis added). In fact, Playtex specifically reserved the right to have a damages trial concurrent with liability if the trial date was scheduled "materially" beyond December 2002. *Id.* at p. 6, fn. 5. In order to further streamline Playtex's infringement case, Playtex requested that the Court bifurcate P&G's counterclaims for a later trial date. *Id.* at p. 8.

The Court granted Playtex's request for an early trial and set Playtex's infringement claim for trial on August 11, 2003. Doc. 24. The Court also bifurcated P&G's

2

counterclaims and set them for trial on May 7, 2004. *Id.* Its delay tactic having failed, P&G has since moved the Court to dismiss its Counterclaims. *See* Doc. 50. Playtex was true to its word and it did not proceed with a damages claim against P&G. Indeed, the Joint Pretrial Order filed in anticipation of the August 11 trial confirmed that "Plaintiff is not seeking damages." Doc. 54. If the trial had proceeded on August 11 as scheduled there would have been no damages claim and this issue would not be before the Court.

Unfortunately, the Court fell ill and the August 11 trial date was vacated. On October 3, the Court rescheduled the trial date for February 2, 2004 – *after* the expiration of the '178 patent. Injunctive relief is not available after the expiration of a patent. The only remedy now available for Playtex is the recovery of money damages for infringement prior to the patent's expiration. Therefore, by scheduling a trial for 2004, the Court implicitly allowed Playtex to reassert a claim for money damages because there is nothing else to try at that time. Playtex accepts that it must adapt to these circumstances and forego its preferred injunctive relief remedy in favor of a claim for money damages. Unlike Playtex, P&G is unwilling to make any compromise. P&G seeks to gain a windfall from the Court's illness and leave Playtex with no remedy for P&G's infringement of the '178 patent.

P&G filed this motion purportedly to sanction Playtex for discovery misconduct and "exclude evidence" related to Playtex's damages claim. P&G's motion really seeks to strike Playtex's damages claim in its entirety because there can be no damages claim with no damages evidence. Therefore, this motion is redundant of an earlier motion to strike that P&G has pending before the Court. *See* P&G Mtn. p. 1, fn. 1. P&G tries to disguise its strategy of reaping a substantive victory as a result of the Court's illness by omitting the key facts that Playtex only waived its damages claim in exchange for an early trial date, and that the trial date

3

was recently vacated by the Court. These facts establish that no sanctionable misconduct has occurred. Instead, P&G pretends that this is a garden variety case where a Plaintiff refuses to provide discovery on an asserted claim and is sanctioned under Federal Rule of Civil Procedure 37(c). But that rule doesn't apply here because Playtex was not asserting a damages claim at the time so it had no obligations with respect to damages discovery. Indeed, if Playtex had conducted damages discovery, P&G would likely have tried to sanction Playtex for breaking its promise to the Court. At the very least, P&G would have probably moved the Court to postpone the early trial date.

      Even if Rule 37 did apply, damages evidence should not be excluded as a sanction because Playtex was substantially justified in not conducting damages discovery because it conditionally waived its damages claim in order to get an early trial date. *See* FRCP 37(c); *Vance v. United States*, 1999 U.S. App. LEXIS 14943 at *18 (6th Cir. 1999) (exclusion sanction does not apply if there is a "reasonable explanation" why discovery was not conducted). Similarly, sanctions are inappropriate because P&G has suffered no harm. *See* FRCP 37(c). The trial date has been postponed by approximately six months and there is adequate time for both parties to prepare their damages cases if damages discovery proceeds immediately. But this may not be the case for long because P&G is placing the February 4, 2004 trial date in jeopardy by improperly refusing to participate in damages discovery unless the Court denies its motions. Exh. 1. This suggests that P&G's true motivation is further delay. Playtex has scheduled a telephone conference with the Court on October 14, 2003, to request that P&G be ordered to provide damages discovery while its motions against Playtex's damages claims are pending.

## III. CONCLUSION

Based on the foregoing discussion, Playtex respectfully requests that P&G's (1) Motion To Strike Plaintiff's Damages Allegations Or For Summary Judgment On Plaintiff's Damages Claim (Doc. 47) and (2) Motion To Exclude Evidence Relating To Plaintiff's Damages Claim (Doc. 103) be denied. Playtex also requests that the Court order P&G to provide damages discovery while its motions are pending.

Dated: October 9, 2003

                              Respectfully submitted,

                           By: s/Allon Stabinsky
                               Matthew B. Lehr (*pro hac vice*)
                               Allon Stabinsky (*pro hac vice*)
                               Attorneys for Plaintiff
                               LATHAM & WATKINS LLP
                               135 Commonwealth Drive
                               Menlo Park, CA 94025
                               Telephone: (650) 328-4600
                               Facsimile: (650) 463-2600
                               E-mail: allon.stabinsky@lw.com

                               Robert J. Gunther, Jr. (*pro hac vice*)
                               LATHAM & WATKINS LLP
                               885 Third Avenue, Suite 1000
                               New York, New York 10022-4802
                               Telephone: (212) 906-1200
                               Facsimile: (212) 751-4864

                               Paul B. Martins, Esq. (0007623)
                               HELMER, MARTINS & MORGAN CO., L.P.A.
                               1900 Fourth & Walnut Centre
                               105 East Fourth Street
                               Cincinnati, OH 45202
                               Telephone:   (513) 421-2400
                               Facsimile:   (513) 421-7902

SV\392203.1