IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PLAYTEX PRODUCTS, INC., | : | CASE NO. C-1-02-391 |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| v. | : | DEFENDANTS' MEMORANDUM IN REPLY TO PLAYTEX'S OPPOSITION |
| THE PROCTER & GAMBLE DISTRIBUTING COMPANY, et al., | : | TO DEFENDANTS' MOTION TO EXCLUDE IDENTICAL EXPERT TESTIMONY OF PLAINTIFF'S TWO |
| | : | |
| Defendants. | | REDUNDANT EXPERT WITNESSES |

I.  PLAYTEX HAS NOT REFUTED THAT IT INTENDS TO PRESENT IDENTICAL TESTIMONY

Plaintiff Playtex Products, Inc. ("Playtex") fails to explain adequately why it should be permitted to call two experts to recite the same infringement opinion. Playtex asserts[1] that its two infringement experts (Evan Hutchison, a Playtex Vice-President, and Mario Turchi, a Playtex consultant) do not have the same technical backgrounds, which misses the point of Defendants' Motion to Exclude Identical Expert Testimony of Plaintiff's Two Redundant Expert Witnesses ("Defendants' Motion"). There is nothing in Playtex's expert reports that indicates that the two witnesses' technical backgrounds make any difference in their opinions. Playtex's two infringement experts not only present identical conclusions, but also arrive at those conclusions through the same data and the same reasoning process.

Defendants' Motion detailed (pp. 1-5 and Exhibits 7, 8, 9) how identical is the testimony of Playtex's experts. Both experts apply the same industry standard to arrive at their

---

[1] Playtex's Opposition to Defendants' Motion to Exclude Identical Expert Testimony of Plaintiff's Two Redundant Expert Witnesses ("Playtex's Opp."), p. 2.

infringement opinion, and both apply that standard in the same way (Defendants' Motion, pp. 3-4); Mr. Turchi even used that industry standard based on Mr. Hutchison's recommendation (id. at 4 (citing July 11, 2003, continued deposition of Mario Turchi, pp. 400-01)). In addition, both experts use the same analysis, rely upon identical facts, and arrive at the same conclusions in their doctrine of equivalents opinion. Defendants' Motion, Exhibit 3, pp. 4-5; Exhibit 4, pp. 5-7; Exhibit 5, pp. 3-4; Exhibit 6, p. 5.

In short, while Playtex claims its experts provide "different angles" (Playtex's Opp., pp. 2, 8) on the issue of infringement, the experts' testimony is simply cumulative, "me too" testimony, inviting the jury to conclude improperly, and unfairly to Defendants The Procter & Gamble Distributing Company and The Procter & Gamble Company (collectively, "P&G"), that the single opinion somehow has more merit because it is delivered by two witnesses.

Playtex also mischaracterizes the scope of its experts' testimony in arguing that its experts' differing backgrounds will result in differing trial testimony:

> "Turchi's testimony will focus on the ergonomic attributes of the '178 patent and he will explain to the jury how Tampax Pearl has the same infringing features. Hutchison's testimony will focus on manufacturing topics and he will teach the jury why, although Tampax Pearl is slightly curved, it is nonetheless deemed 'flat' within a 'geometric, manufacturing tolerance.'"

Playtex's Opp., p. 8. "Thus," Playtex concludes, "both Turchi and Hutchison will provide relevant testimony with a different focus . . . ." Id.

The two witnesses' differing backgrounds, though, do not figure into their identical testimony. There are no opinions in the expert reports of Messrs. Turchi and Hutchison based on "ergonomic attributes" or "manufacturing topics." Since Playtex's experts' trial

2

testimony is limited by Rules 26 and 37(c) to the opinions expressed in their reports,[2] Playtex cannot now invent expert testimony undisclosed in its expert reports as a last-ditch means to distinguish its redundant infringement experts.[3]

II.     THE SCOPE OF P&G'S LAY WITNESS TESTIMONY IS NOT RELEVANT TO THIS MOTION

The arguments in Playtex's Opposition turn bizarre when Playtex asserts (p. 2) that "P&G's motion is really an effort to recover from the fact that it has failed to properly designate experts from the two relevant fields: industrial design/ergonomics and manufacturing," claiming that Defendants' Motion is filed in response to Playtex's attempt to keep P&G witness Joan Szkutak from testifying as an expert, which would leave P&G, in Playtex's view of things, short one expert witness.[4]

The accusation is silly. On their face, the grounds of Defendant's Motion -- prejudicial, cumulative testimony -- have nothing to do with Ms. Szkutak's testimony, or Playtex's basis for seeking to exclude her testimony. The amount of ink that Playtex's Opp. devotes to arguing the impropriety of utilizing Ms. Szkutak as an expert is astonishing in light of

---

[2] Danis v. USN Communications, Inc., 121 F. Supp. 2d 1183, 1190 (N.D. Il. 2000) (new expert opinions are not permitted if submitted after expert discovery deadline); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 604 (S.D. Tex. 2001) ("Since Rule 26 requires 'a complete statement of all opinions to be expressed,' [the expert's] new opinions fail to comply with Rule 26 because his Rule 26 report did not contain those opinions.").

[3] Playtex tellingly admits that its experts' testimony will be identical in Playtex's Joint Opposition to Defendants' (A) Motion for Summary Judgment of Non-Infringement Based on Markman Ruling (Dkt. 96), and (B) Motion to Exclude the Opinions in Plaintiff's Supplemental Expert Reports, filed October 3, 2003, p. 14, by referring to the analysis conducted by its two experts in the singular, a concession that the supposedly differing opinions are in fact the same: "After the Court issued its claim construction, Playtex's experts supplemented their reports by conducting a completely different infringement analysis . . . ." (Emphasis added.)

[4] "Thus, it appears that P&G filed this motion more out of fear that the Court will exclude Szkutak's non-infringement testimony, than out of a genuine concern for so-called 'redundant' testimony." Id. at 6.

3

the fact that her testimony has nothing to do with whether this motion should be granted or denied. Moreover, Playtex, again, has misconstrued the scope of Ms. Szkutak's testimony. As P&G explained previously,[5] Ms. Szkutak will not be testifying as an expert on infringement. She will be testifying as a lay witness on factual matters that relate to the issue of infringement, but will not be offering an opinion regarding infringement. The scope of Ms. Szkutak's testimony is simply irrelevant to the issue of excluding Messrs. Turchi and Hutchison's cumulative infringement testimony.

III.     THE APPLICABLE CASELAW SUPPORTS EXCLUSION OF IDENTICAL TESTIMONY

As demonstrated in Defendants' Motion (pp. 7-8), courts have used their discretion under Rule 403 to exclude cumulative expert testimony. Playtex's attempts (Playtex's Opp., pp. 9-10) to distinguish the cases P&G cited are unsuccessful. As Playtex concedes (id. at 10), the court in Polec v. Northwest Airlines, Inc. (In re Air Crash Disaster), 86 F.3d 498, 527 (6th Cir. 1996), affirmed the exclusion of the "double helping" of experts not due to the sheer number of experts, but because the additional expert testimony was "cumulative." The fact that the result would have been different "if," in Playtex's words, "the families' experts [who were excluded] had added a 'new angle or argument'" (id. at 10 (quoting In re Air Crash Disaster, 86 F.3d at 527)), demonstrates that expert testimony that does not add a "'new angle'" (i.e., identical testimony) should be excluded. Messrs. Turchi and Hutchison are in this very situation. As shown above, the second expert to testify (whichever one that may be) will not add a "new angle or argument." Instead, he will merely repeat the first expert's opinion, from the analysis

---

[5] Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine to Preclude Defendants' Fact Witness Joan Szkutak from Offering Testimony Regarding the Non-Infringement of the Accused Product at Trial, filed July 11, 2003, pp. 1-2.

4

conducted, to the facts relied upon, to the ultimate conclusion. In re Air Crash supports exclusion of one of Playtex's redundant experts.

Similarly, in Kendra Oil & Gas, Inc. v. Homco, Ltd., 879 F.2d 240 (7th Cir. 1989), the court ruled that the exclusion of the proposed expert was harmless because his testimony was cumulative. The result would have been different (that is, exclusion would have been error and the expert should have been permitted to testify) if the expert "would have added to these interpretations a new angle or argument, as opposed to the refrain 'me too.'" Id. at 243. Playtex's second expert also will not add a "new angle or argument," but will merely be "me too" testimony.[6]

Thus, the cases cited by P&G make plain that evidence that would merely repeat evidence already in the record is cumulative and may be excluded. Playtex has failed to demonstrate that the result in this case should be otherwise.

The cases that Playtex cites (pp. 6-7) in an attempt to portray cumulative expert testimony as acceptable are inapposite. Many of Playtex's cases deal with expert opinions that were not identical in all respects, unlike the case with Messrs. Turchi and Hutchison. In Johnson v. United States, 780 F.2d 902, 906 (11th Cir. 1986), the excluded expert's testimony "would have been based in part on evidence not relied upon by the other experts . . . . His analysis was somewhat different. His testimony concerning the biochemistry of iron absorption and treatment would have been more comprehensive than that of the other Government experts and was,

---

[6] Kentucky River Cmty. Care, Inc. v. NLRB, 193 F.3d 444, 452 (6th Cir. 1999), aff'd, 532 U.S. 706, 121 S. Ct. 1861 (2001), upheld the exclusion of evidence relating to the state's authority to take certain actions in the health care field because "the record already contained the statutes and regulations supporting these [issues]," as the testimony would be cumulative of evidence already in the record. Id.

5

therefore, at least partially non-cumulative." Thus, it was error in <u>Johnson</u> to exclude the expert's non-cumulative testimony.

<u>Pacific Employers Ins. Co. v. P.B. Hoidale Co.</u>, 782 F. Supp 564, 565 (D. Kan. 1992), denied a motion to exclude expert witnesses because the "[m]ovants do not articulate any reason for a finding" that the expert witnesses were cumulative. <u>Johnson</u> and <u>Pacific Employers</u> do not support Playtex's argument.

Similarly, in <u>Doe v. Tag, Inc.</u>, No. 92 C 7661, 1993 WL 484212, at *2 (N.D. Ill. Nov. 16, 1993) (attached as Exhibit 2 to Playtex's Opp.), the experts may have presented "some identical testimony," but their opinions were not wholly identical. The experts also offered opinions that were not wholly identical in <u>Aspex Eyewear, Inc. v. E'Lite Optik, Inc.</u>, No. C98CV2996D, 2002 WL 1751381, at *30-32 (N.D. Tex. Apr. 4, 2002) (attached as Exhibit 4 to Playtex's Opp.). Finally, in <u>Smith Corona Corp. v. Pelikan, Inc.</u>, 784 F. Supp. 452, 468 (M.D. Tenn. 1992), <u>aff'd mem.</u>, 1 F.3d 1252 (Fed. Cir. 1993), only "portions" of the statements of the plaintiff's two experts were identical; since there were portions that were not identical, exclusion was improper.[7] Playtex points to no case in which a court permitted two wholly identical expert opinions to be introduced.

---

[7] The remainder of Playtex's cases are ones in which the cumulativeness of expert testimony was not addressed. <u>University of Rochester v. G.D. Searle & Co.</u>, 249 F. Supp. 2d 216, 228-29 (W.D.N.Y. 2003) (describing opinions in two declarations when issue of cumulative testimony was not raised); <u>Acushnet Co. v. Dunlop Maxfli Sports Corp.</u>, No. Civ. A. 98-717-SLR, 2000 WL 987979, at *10 (D. Del. June 29, 2000) (denying motion for summary judgment because the plaintiff's experts presented a factual dispute, but not discussing the full scope of testimony that might be offered by the two experts) (attached as Exhibit 3 to Playtex's Opp.); <u>Lifescan, Inc. v. Home Diagnostics, Inc.</u>, 103 F. Supp. 2d 345, 361 (D. Del. 2000) (two experts mentioned, but cumulative testimony not raised as an issue), <u>aff'd mem.</u>, 13 Fed. Appx. 940, 2001 U.S. App. LEXIS 7314, Nos. 00-1485, 00-1486 (Fed. Cir. Apr. 6, 2001); <u>Eolas Techs., Inc. v. Microsoft Corp.</u>, No. 99 C 0626, 2002 WL 31375531, at *14 (N.D. Ill. Oct. 18, 2002) (two experts

IV.         <u>CONCLUSION</u>

In sum, Playtex's two experts on infringement have one opinion -- they arrive at the same conclusions based on the same facts and the same reasoning.  Since such cumulative testimony is unfairly prejudicial to P&G, Playtex should be permitted to call only one expert to deliver Playtex's one infringement opinion.

Respectfully submitted,

<u>s/Charles J. Faruki</u>
Charles J. Faruki (0010417)
  Trial Attorney
Thomas R. Kraemer (0060120)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
E-Mail:  cfaruki@ficlaw.com

Attorneys for Defendants

---

mentioned, but cumulative testimony not raised as an issue) (attached as Exhibit 5 to Playtex's Opp.); <u>LaserTech, Inc. v. Nikon, Inc.</u>, 215 F. Supp. 2d 1135, 1164 (D. Colo. 2002) (describing expert testimony, but cumulative testimony not raised as an issue); <u>Dynacore Holdings Corp. v. U.S. Philips Corp.</u>, 243 F. Supp. 2d 31, 40-41 (S.D.N.Y. 2003) (two experts mentioned, but cumulative testimony not raised as an issue).

## CERTIFICATE OF SERVICE

I certify that on October 17, 2003, I electronically filed Defendants' Memorandum in Reply to Playtex's Opposition to Defendants' Motion to Exclude Identical Expert Testimony of Plaintiff's Two Redundant Expert Witnesses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Allon Stabinsky
>LATHAM & WATKINS
>135 Commonwealth Drive
>Menlo Park, CA  94025
>
>James B. Helmer
>Paul B. Martins
>HELMER, MARTINS & MORGAN CO., L.P.A.
>Fourth & Walnut Centre
>Suite 1900
>105 East Fourth Street
>Cincinnati, OH 45202
>
>Attorneys for Plaintiff
>Playtex Products, Inc.

and I certify that this document has been served via Federal Express upon the following non-CM/ECF participants this 17th day of October, 2003:

>Matthew B. Lehr
>LATHAM & WATKINS
>135 Commonwealth Drive
>Menlo Park, CA  94025
>
>Robert J. Gunther
>LATHAM & WATKINS
>885 Third Avenue
>New York, NY  10022-4802
>
>Attorneys for Plaintiff
>Playtex Products, Inc.

s/Thomas R. Kraemer<br>
Thomas R. Kraemer

128199.1