IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PLAYTEX PRODUCTS, INC., | : | CASE NO. C-1-02-391 |
| | : | (Judge Thomas M. Rose) |
| Plaintiff, | : | |
| v. | : | |
| THE PROCTER & GAMBLE DISTRIBUTING COMPANY, et al., | : | DEFENDANTS' MEMORANDUM IN REPLY TO PLAYTEX'S RESPONSE TO DEFENDANTS' MEMORANDUM ON JUROR COMPREHENSION TECHNIQUES |
| Defendants. | | |

In its Response to Defendants' Memorandum on Juror Comprehension Techniques ("Plaintiff's Response"), Plaintiff Playtex Products, Inc. ("Plaintiff" or "Playtex") agrees that this Court should (1) permit juror note-taking, (2) provide the jury with preliminary instructions, and (3) use a special verdict form, the three actions requested by P&G in Defendants' Memorandum on Juror Comprehension Techniques ("Defendants' Memo."). However, the parties disagree as to details such as the scope of the preliminary instructions and the organization of the verdict form. For the reasons stated below and in Defendants' Memo., the Court should provide the jurors with preliminary instructions that include the claim construction, and allow each juror to retain a copy of those instructions throughout the trial. The Court should also use the general verdict form and special interrogatories proposed by Defendants The Procter & Gamble Company and The Procter & Gamble Distributing Company (collectively, "Defendants" or "P&G").

I.         THE JURY SHOULD BE PROVIDED WITH THIS COURT'S CLAIM CONSTRUCTION AT THE BEGINNING OF TRIAL

Playtex agrees that preliminary jury instructions should be given in this case. Plaintiff's Response, p. 1. Playtex, however, requests that the Court refrain from providing the jury with preliminary instructions that include this Court's claim construction, id. at 1-4, a position unaccountable except as part of a strategy to mislead and confuse the jury.

Playtex gives away its game by claiming that P&G's attempt to educate and inform the jury on the Court's claim construction, and thereby assist the jurors in understanding the real issue on which they must focus, is merely "a trial tactic designed to bolster [P&G's] case." Id. at 2. If informing the jury is a "trial tactic," however, then keeping the jury ignorant would seem to be equally a "trial tactic," but a much less justifiable one, especially in a case involving the complexities of patent law. To avoid juror confusion as to the proper claim construction,[1] the Court should provide the jury with preliminary instructions that include its claim construction.

The three-page lecture in which Playtex claims that there is no persuasive authority for including the Court's claim construction in the preliminary jury instructions is belied by the Federal Circuit Bar Association's Model Patent Jury Instructions, which state (p. 6)

---

[1] As explained in Defendants' Motions for Summary Judgment of Non-Infringement Based on Markman Ruling (pp. 5-12, 15-19) and to Exclude the Opinions in Plaintiff's Supplemental Expert Reports (pp. 1-7), Plaintiff and its experts have decided to ignore portions of this Court's June 4, 2003 Memorandum Opinion, i.e., that the term "substantially flattened surfaces" excludes curvature, and instead plan to advocate at trial essentially the same claim construction they advanced prior to this Court's opinion on claim construction, i.e., that the term "substantially flattened surfaces" encompasses surfaces that have some curvature. See also Defendants' Reply Memoranda to Plaintiff's Oppositions to Defendants' Motion for Summary Judgment of Non-Infringement Based on Markman Ruling (pp. 2-5, 11-12) and Defendants' Motion to Exclude the Opinions in Plaintiff's Supplemental Expert Reports (pp. 1-3).

that "[t]he claim construction may be included in the preliminary instructions, or may be presented to the jury by counsel in their opening statements."  An excerpt of the Federal Circuit Bar Association's Model Patent Jury Instructions is attached as Exhibit A.  Accord: TM Patents, L.P. v. IBM Corp., 72 F. Supp. 2d 370, 376-77 (S.D.N.Y. 1999) (providing preliminary jury instructions that included the court's claim construction); Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc., 182 F. Supp. 2d 810, 812 (D. Minn. 2000) (same).

Moreover, none of the sources cited by Playtex specifically counsels against preliminary instructions on claim construction.  For example, Playtex states that "preliminary jury instructions should be limited to 'explaining legal and technical terms that will be used during the trial,'" quoting the Schwartz treatise[2] cited by P&G.  Plaintiff's Response, p. 2.  Schwartz, though, while expressly mentioning pre-instruction on "legal and technical terms," does not state or imply that other, more substantive preliminary instructions are inadvisable.  Playtex nevertheless asserts that:

> "Providing the jury with the Court's claim construction in the preliminary jury instructions, prior to the presentation of any evidence, will not aid the jury in their fact-finding mission and will only serve to confuse the jury, as the detailed information provided in claim construction will be incongruous with the general, background knowledge the jury will otherwise receive in the preliminary jury instructions."

Id. at 4.

Playtex is, however, incorrect for several reasons.  First, the jurors will undoubtedly be exposed to the Court's claim construction in opening statements.  Manual for

---

[2] Schwartz, Herbert F., Patent Law and Practice, p. 217 (3d ed. 2001) (excerpt attached as Exhibit A to Defendants' Memo.).

Complex Litigation, § 22.432 (3d ed. 1995) (an excerpt is attached as Exhibit B) ("one purpose of these instructions is to prepare jurors for opening statements"). Hearing the claim construction from the Court prior to the parties' opening statements should alleviate any potential confusion. Second, without the benefit of the Court's claim construction at the beginning of trial, the jurors will likely make their own determinations as to what the claims mean,[3] which will shape their understanding of the evidence and arguments presented. By providing the Court's claim construction at the beginning of trial, the Court will ensure that the jurors stay on the correct path and are not misled by contradictory evidence or argument. Third, the role of preliminary instructions is to inform the jurors what they should expect throughout the course of trial. The jury decides infringement by comparing the properly-construed claims to the accused device.[4] Playtex would like the jury to remain unaware of the first half of that comparison during the trial. Thus, it will not be "incongruous" to include the Court's claim construction at that point in the instructions.[5]

Playtex agrees that "[p]reliminary jury instructions are used in patent cases to augment juror comprehension by introducing the jury to the legal and technical terms that will be used during the trial." Plaintiff's Response, p. 3. Yet, Playtex does not explain why it would be unacceptable to introduce the jurors to the proper meaning of the phrase "substantially flattened

---

[3] Markman v. Westview Instruments, Inc., 52 F.3d 967, 977-79 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 116 S. Ct. 1384 (1996) (claim construction is a matter of law exclusively for the court).

[4] Prior to Markman, courts sometimes construed claims during or after presentation of the evidence at trial. Thus, it comes as no surprise that the sample preliminary instructions provided by Playtex do not include claim construction, as Markman hearings are a more recent development in patent cases.

[5] Alternatively, the Court could wait until after opening statements to give the jury its claim construction, which would take care of Playtex's "incongruous" objection, to the extent that objection has any weight.

surfaces," a phrase upon which much of the expert testimony will revolve, at the beginning of the trial. There is no basis in the materials cited by Playtex to be so selective in the "legal and technical terms" defined by the Court. It would be truly "incongruous," to use Playtex's word, to assist the jury by defining certain terms and phrases but to leave the jury at sea on the phrase most important to their understanding of the case. Accordingly, this Court should preliminarily instruct the jury as to its claim construction.

II.  EACH JUROR SHOULD BE PERMITTED TO RETAIN A COPY OF THE PRELIMINARY JURY INSTRUCTIONS THROUGHOUT THE TRIAL

Playtex agrees that the preliminary jury instructions should include an explanation of the legal and patent terms (Plaintiff's Response, pp. 2-3), but does not want the jurors to retain copies of the preliminary instructions during the trial. Id. at 1, 4. Yet, Playtex again cites no authority in support of its position, other than to claim it is not done by "[t]he majority of jurisdictions." Id. at 4. Playtex merely asserts that:

> "Allowing the jury to reference preliminary jury instructions throughout the trial is likely to lead the jury to place greater weight on the preliminary instructions than permissible, and directing jurors to set aside the instructions that they have been referencing throughout the trial for purposes of their deliberations will likely result in juror confusion."

Id. at 4.

As noted in Defendants' Memo. (p. 3), allowing the jurors to retain copies of the instructions will ease the pressure on them to remember all of the applicable legal principles and patent terminology.[6] The benefits of providing jurors with written copies of the instructions,

---

[6] TM Patents, 72 F. Supp. 2d at 377; Schwartz, p. 217 ("It is recommended that jurors hear about these terms in preliminary instructions, receive them in writing, and keep the written versions as a reference source to enhance their comprehension of the legal instructions.");

along with a glossary of patent terms,[7] outweighs any potential harm, as such harm may be alleviated by providing additional instructions. Note, "Developments in the Law: The Civil Jury," 110 Harv. L. Rev. 1408, 1507 (1997) (excerpt attached as Exhibit C to Defendants' Memo.) ("Once reminded of their proper use, jurors should be no more likely to misuse written instructions than oral ones."). For example, potential over-reliance on certain portions of the instructions can be alleviated by "directing jurors to consider the written instructions holistically instead of emphasizing only certain sections." Id.

Likewise, replacing preliminary instructions with post-trial instructions will not result in juror confusion. The final instructions should track the preliminary instructions where they cover the same subjects. Playtex presents no reason to believe otherwise. At any rate, minor addenda to the preliminary instructions should not cause confusion. Id. ("[J]udges need not feel constrained in their ability to extemporize. If they adhere to the basic structure of the instructions that they issue, they can always distribute written addenda to update their first set of instructions."). Accordingly, this Court should provide each juror with a copy of its preliminary instructions as a reference during trial.

III.     THE COURT SHOULD USE A GENERAL VERDICT FORM WITH INTERROGATORIES

Playtex agrees that use of a special verdict form will aid juror comprehension in this case, but objects to the use of the general verdict form and special interrogatories proposed

---

Buckwalter, The Honorable Ronald L., A View from the Bench: Intellectual Property & Technology Law in the New Millennium, 19 Temp. Envtl. L. & Tech. J. 1, *4 (2000) (attached as Exhibit B to Defendants' Memo.) ("…the jury should be excused for the day to review the preliminary instructions the court has given to each juror…").

[7] Johns Hopkins Univ. v. CellPro, 894 F. Supp. 819, 825 (D. Del. 1995), aff'd, 152 F.3d 1342 (Fed. Cir. 1998).

by P&G. Plaintiff's Response, pp. 1, 5-7.[8]

Playtex's primary objection to P&G's proposed verdict form and interrogatories is that it does not comport with the order of proof in this action. Id. at 5-6. Contrary to Playtex's assertion, P&G has not made any requests to the Court concerning the order of proof at trial.[9] P&G merely proposes that the jury interrogatories follow a logical order -- beginning with validity and, if necessary, proceeding to infringement -- as one cannot be liable for patent infringement if there is no valid patent. Manual for Complex Litigation, § 21.633 ("The questions should be arranged on the form in a logical and comprehensible manner. . . The jury may be asked to consider a threshold or dispositive issue and return its verdict before submission of other issues, which may be rendered moot by the verdict."); Oiness v. Walgreen Co., 774 F. Supp. 1277, 1288-89 (D. Col. 1991) (providing a special verdict form in which validity issues preceded infringement issues).

Playtex also objects to the use of a general verdict form with special interrogatories, proposing instead to use a special verdict form. As explained in Defendants' Memo. (p. 6), the United States Supreme Court and the United States Court of Appeals for the Federal Circuit have strongly encouraged trial courts to use special verdicts or interrogatories in

---

[8] P&G does not object to resolving the form of the verdict and of the interrogatories at the time counsel and the Court confer on final jury instructions, as suggested by Playtex (Plaintiff's Response, p. 1 n.1).

[9] The Court could, however, choose to direct the parties to present their validity/invalidity cases prior to presenting their infringement/non-infringement cases, Candle Corp. v. Boole & Babbage, Inc., No. CV 82-4758-PAR, 1985 U.S. Dist. LEXIS 17545, at *16-18 (C. D. Cal. July 24, 1985) (the judge directed the parties to present validity issues prior to infringement issues at trial) (attached as Exhibit C), as "courts have broad discretion in the conduct of jury trials, including the form of the jury verdict." Allen Organ Co. v. Kimball Int'l, Inc., 839 F.2d 1556, 1561 (Fed. Cir.), cert. denied, 488 U.S. 850, 109 S. Ct. 132 (1988).

patent jury trials.  Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 39 n.8, 117 S. Ct. 1040, 1053 n.8 (1997) ("[I]n cases that reach the jury, a special verdict and/or interrogatories on each claim element could be very useful in facilitating review, uniformity, and possibly postverdict judgments as a matter of law."); Richardson-Vicks Inc. v. Upjohn Co., 122 F.3d 1476, 1485 (Fed. Cir. 1997).  Since the United States District Court for the Southern District of Ohio customarily uses interrogatories in jury trials, P&G prepared a general verdict form with special interrogatories.  If, however, the Court would prefer to use a special verdict form in this case, P&G's proposed interrogatories can be put in the form of a special verdict form.

Finally, Playtex incorrectly asserts that P&G's proposed jury interrogatories on infringement do not specify Playtex's burden of proof.  To the contrary, Interrogatory Nos. 6, 8, 10, 12 and 14 of P&G's proposed verdict form and special interrogatories (attached as Exhibit E to Defendants' Memo.) do so.[10]  Thus, Playtex's objections are without merit.

IV.     CONCLUSION

For the foregoing reasons, the Court should provide the jurors with preliminary instructions including this Court's claim construction, allow the jurors to retain the preliminary instructions throughout the trial, and use P&G's proposed general verdict form and special interrogatories.

---

[10] For example, Interrogatory No. 6 states: "Has Playtex proven, by a preponderance of the evidence, that the Tampax Pearl Plastic infringes claim 1 of U.S. Patent No. 4,536,178?"

- 9 -

Respectfully submitted,


s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Thomas R. Kraemer (0060120)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
E-Mail: cfaruki@ficlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I certify that on October 17, 2003, I electronically filed Defendants' Memorandum In Reply To Playtex's Response To Defendants' Memorandum On Juror Comprehension Techniques with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Allon Stabinsky
      LATHAM & WATKINS
      135 Commonwealth Drive
      Menlo Park, CA 94025

      James B. Helmer
      Paul B. Martins
      HELMER, MARTINS & MORGAN CO., L.P.A.
      Fourth & Walnut Centre, Suite 1900
      105 East Fourth Street
      Cincinnati, OH 45202

      Attorneys for Plaintiff Playtex Products, Inc.

and I certify that this document has been served via Federal Express upon the following non-CM/ECF participants this 17th day of October, 2003:

      Matthew B. Lehr
      LATHAM & WATKINS
      135 Commonwealth Drive
      Menlo Park, CA 94025

      Robert J. Gunther
      LATHAM & WATKINS
      885 Third Avenue
      New York, NY 10022-4802

      Attorneys for Plaintiff Playtex Products, Inc.

                                    s/Thomas R. Kraemer
                                  Thomas R. Kraemer

128266.1