**THE FEDERAL CIRCUIT BAR ASSOCIATION**

**MODEL PATENT JURY INSTRUCTIONS**

**Committee**

Mark J. Abate
Philip S. Beck
Denise L. Loring
Robert C. Morgan
Matthew D. Powers
Joseph J. Richetti
Harry J. Roper
William C. Steffin

EXHIBIT A

# TABLE OF CONTENTS

**Page**

### PRELIMINARY INSTRUCTIONS

1. GENERAL INSTRUCTIONS ................................................. 1
   1.1 BURDENS OF PROOF .............................................. 2

2. PATENT INSTRUCTIONS .................................................. 3
   2.1 THE PARTIES AND THE NATURE OF THE CASE .................... 3
   2.2 THE PATENT SYSTEM, GENERALLY ............................... 4
   2.3 THE PARTS OF A PATENT ......................................... 5
   2.4 THE SIGNIFICANCE OF PATENT CLAIMS ......................... 6
   2.5 HOW A PATENT IS OBTAINED ..................................... 7

3. ISSUES TO BE DECIDED ................................................. 8
   3.1 [PLAINTIFF'S] CONTENTIONS ..................................... 9
       3.1.1 DIRECT INFRINGEMENT ................................... 9
       3.1.2 INDIRECT INFRINGEMENT ................................ 10
       3.1.3 DAMAGES ................................................ 11
       3.1.4 WILLFUL INFRINGEMENT ................................. 12
   3.2 [DEFENDANT'S] CONTENTIONS .................................. 13
       3.2.1 INVALIDITY .............................................. 13
       3.2.2 ANTICIPATION ........................................... 14
       3.2.3 OBVIOUSNESS ........................................... 15
       3.2.4 WRITTEN DESCRIPTION/CLAIMING REQUIREMENTS ........ 16
       3.2.5 INEQUITABLE CONDUCT .................................. 17

4. CONDUCT OF THE JURY AND THE TRIAL ................................ 18

### FINAL INSTRUCTIONS

5. THE PARTIES AND THEIR CONTENTIONS ................................ 19
   5.1 THE PARTIES ................................................... 19
   5.2 [PLAINTIFF'S] CONTENTIONS .................................... 19
   5.3 [DEFENDANT'S] CONTENTIONS ................................... 19
   5.4 SUMMARY OF PATENT ISSUES AND BURDENS OF PROOF .......... 19

6. THE PATENT SYSTEM .................................................. 20

7. THE CLAIMS OF THE PATENTS IN SUIT ................................. 21

|   |       |                                                                                               |
|---|-------|-----------------------------------------------------------------------------------------------|
|   | 7.1   | CONSTRUCTION OF THE CLAIMS ................................. 22                               |
|   | 7.2   | INDEPENDENT AND DEPENDENT CLAIMS ......................... 23                                 |
|   | 7.3   | PRODUCT-BY-PROCESS CLAIMS .................................. 24                               |
|   | 7.4   | MEANS-PLUS-FUNCTION CLAIM LIMITATIONS ................... 25                                  |
|   | 7.5   | "COMPRISING" CLAIMS ......................................... 26                              |
|   | 7.6   | "CONSISTING ESSENTIALLY OF" CLAIMS ....................... 27                                 |
|   | 7.7   | "CONSISTING OF" CLAIMS ...................................... 28                              |
|   | 7.8   | LIMITATIONS OF THE CLAIMS AT ISSUE ........................ 29                                |
| 8. | INFRINGEMENT ....................................................... 30 | |
|   | 8.1   | PATENT INFRINGEMENT GENERALLY -- DIRECT INFRINGEMENT .. 30                                    |
|   | 8.2   | LITERAL INFRINGEMENT ....................................... 32                               |
|   | 8.3   | INFRINGEMENT -- EVERY CLAIM LIMITATION MUST BE PRESENT, EITHER LITERALLY OR UNDER THE DOCTRINE OF EQUIVALENTS . 33 |
|   | 8.4   | LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS ............... 35                                 |
|   | 8.5   | INFRINGEMENT -- MEANS-PLUS-FUNCTION CLAIM LIMITATIONS .. 37                                   |
|   | 8.6   | INFRINGEMENT -- MEANS-PLUS-FUNCTION CLAIM LIMITATIONS . 39                                    |
|   | 8.7   | DETERMINATION OF INFRINGEMENT ............................ 42                                 |
|   | 8.8   | THE EXPERIMENTAL USE EXCEPTION ........................... 43                                 |
|   | 8.9   | INFRINGEMENT OF PRODUCT-BY-PROCESS CLAIMS ............... 44                                  |
|   | 8.10  | INFRINGEMENT OF DEPENDENT CLAIMS ........................ 45                                  |
|   | 8.11  | INFRINGEMENT AND IMPROVEMENTS TO PATENTED INVENTION . 46                                      |
|   | 8.12  | INDIRECT INFRINGEMENT ...................................... 47                               |
|   |       | 8.12.1 INDUCING PATENT INFRINGEMENT ...................... 48                                 |
|   |       | 8.12.2 CONTRIBUTORY INFRINGEMENT ......................... 50                                 |
| 9. | WILLFUL INFRINGEMENT ............................................... 52 | |
| 10. | VALIDITY ........................................................... 54 | |
|   | 10.1  | VALIDITY IN GENERAL ......................................... 54                              |
|   | 10.2  | WRITTEN DESCRIPTION ........................................ 56                               |
|   | 10.3  | ENABLEMENT .................................................. 57                              |
|   | 10.4  | BEST MODE .................................................... 58                             |
|   | 10.5  | DEFINITENESS ................................................. 60                             |
|   | 10.6  | THE PRIOR ART ............................................... 62                              |
|   |       | 10.6.1 PRIOR ART -- DATE OF INVENTION ...................... 63                               |
|   |       | 10.6.2 PRIOR ART -- PRIOR KNOWLEDGE OR USE BY ANOTHER IN THE UNITED STATES ........................ 65 |
|   |       | 10.6.3 PRIOR ART -- PUBLIC USE MORE THAN ONE YEAR BEFORE THE APPLICATION WAS FILED .................... 66 |
|   |       | 10.6.4 PRIOR ART – PRIOR PUBLIC USE OR KNOWLEDGE .......... 67                                 |
|   |       | 10.6.5 PRIOR ART -- ON-SALE OR OFFERED FOR SALE MORE THAN ONE YEAR BEFORE THE APPLICATION WAS FILED ......... 68 |

|     |      | 10.6.6 EXPERIMENTAL USE ................................... 70 |
|     |      | 10.6.7 PRIOR ART -- PRIOR PRINTED PUBLICATION ............... 71 |
|     |      | 10.6.8 PRIOR ART -- PRIOR INVENTION ......................... 72 |
|     |      | 10.6.9 PRIOR ART -- PRIOR PATENTS AND PATENT APPLICATIONS . 74 |
|     | 10.7 | DERIVATION .................................................. 75 |
|     | 10.8 | ANTICIPATION/LACK OF NOVELTY ................................ 76 |
|     | 10.9 | OBVIOUSNESS ................................................. 78 |
|     |      | 10.9.1 THE SCOPE AND CONTENT OF THE PRIOR ART ............. 80 |
|     |      | 10.9.2 DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART ............................ 81 |
|     |      | 10.9.3 LEVEL OF ORDINARY SKILL ............................ 82 |
|     |      | 10.9.4 OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS .... 83 |
|     |      | 10.9.5 DETERMINATION OF OBVIOUSNESS ....................... 84 |
| 11. | INEQUITABLE CONDUCT ................................................ 85 |
|     | 11.1 | MATERIALITY ................................................. 87 |
|     | 11.2 | INTENT ...................................................... 89 |
|     | 11.3 | BALANCING OF MATERIALITY AND INTENT ......................... 90 |
| 12. | DAMAGES ............................................................ 91 |
|     | 12.1 | COMPENSATORY PATENT DAMAGES IN GENERAL ...................... 92 |
|     |      | 12.1.1 NOTICE REQUIREMENT FOR PATENTS WITH PRODUCT CLAIMS ................................... 93 |
|     | 12.2 | TWO TYPES OF DAMAGES -- LOST PROFITS AND REASONABLE ROYALTY ........................................ 95 |
|     | 12.3 | LOST PROFITS, TYPES AND BURDEN OF PROOF ..................... 96 |
|     |      | 12.3.1 LOST SALES ......................................... 97 |
|     |      | 12.3.2 MANUFACTURING AND MARKETING ABILITY ............. 98 |
|     |      | 12.3.3 ABSENCE OF ACCEPTABLE NON-INFRINGING SUBSTITUTES  99 |
|     |      | 12.3.4 LOST PROFITS DUE TO PRICE EROSION/COST ESCALATION  100 |
|     |      | 12.3.5 AMOUNT OF LOST PROFITS ............................ 101 |
|     |      | 12.3.6 REASONABLE ROYALTY ................................ 102 |
|     |      | 12.3.7 WHAT IS A REASONABLE ROYALTY? ..................... 103 |
|     |      | 12.3.8 TOTAL DAMAGES ..................................... 105 |

## MODEL JURY INSTRUCTIONS

## PRELIMINARY INSTRUCTIONS

1. **GENERAL INSTRUCTIONS**

   **[Court to provide preliminary general instructions]**

## 1.1    BURDENS OF PROOF

In any legal action, facts must be proved by a required standard of evidence, known as the "burden of proof". In a patent case such as this, there are two different burdens of proof that are used.

The first burden of proof standard requires that, in order for a party to prevail, you must be persuaded that what the party seeks to prove is more probably true than not true.

The second burden of proof standard is a higher one. It requires that you must be persuaded that it is highly probable that what the party seeks to prove is true.

You may have heard of a burden of proof that is used in criminal cases called "beyond a reasonable doubt". That requirement is the highest burden of proof. It does not apply to a patent case such as this one, and you should, therefore, put it out of your mind.

I will now give you some background about the nature of this case and the issues you will be deciding. For each issue, I will instruct you as to the burden of proof that will apply. At the end of the trial I will review for you the burden of proof to apply, either the more probable than not standard or the highly probably standard, to each issue in this case.

2.  **PATENT INSTRUCTIONS**

2.1 **THE PARTIES AND THE NATURE OF THE CASE**

As I have told you, this is a patent case. It involves U.S. Patent No. _____. Patents are often referred to by their last three digits. The patent in this case will be referred to as the ___ patent.

The ___ patent relates to [briefly describe technology involved]. During the trial the parties will offer testimony to familiarize you with this technology.

[Plaintiff], the plaintiff in this case, contends that [defendant], the defendant in this case, is infringing the ___ patent by its [making/using/selling/offering for sale/importing] _____. [Plaintiff] contends that it is entitled to damages caused by that infringement.

[Defendant] [denies that it is infringing and] contends that the ___ patent is [invalid and/or unenforceable] for a number of reasons that I will tell you about shortly.

I will explain to you the meaning of these contentions in a moment, but first I will explain the U.S. patent system, the parts of a patent, and how a person gets a patent.

## 2.2  THE PATENT SYSTEM, GENERALLY

Patents are issued by the United States Patent and Trademark Office, which is part of our government. The government is authorized by the United States Constitution to enact patent laws and issue patents to protect inventions. Inventions that are protected by patents may be of products, compositions, or of methods for doing something, or for using or making a product or composition.

The owner of a patent has the right, for the life of the patent, to prevent others from making, using, offering for sale, selling or importing the invention covered by the patent.

A patent is granted for a set period of time, which, in this case, is [20 years from the time the application for the ___ patent was filed/17 years from the date the ___ patent issued]. Once a patent expires, anyone is free to use the invention covered by the patent.

During the term of the patent, however, if another person makes, uses, offers to sell, sells or imports something that is covered by the patent without the patent owner's consent, that person is said to infringe the patent. The patent owner enforces a patent against persons believed to be infringers in a lawsuit in federal court, such as in this case.

To be entitled to patent protection an invention must be new, useful and nonobvious. A patent cannot legally take away from people their right to use that which was known, or that which was obvious from what was known, before the invention was made. Thus, a patent will not be valid if it deprives people of the right to use old or known [products or processes], or of their right to use [products or processes] that were obvious at the time the invention was made. That which was already known at the time of the invention is called the "prior art". You will hear about the prior art relating to the ___ patent during the trial, and I will give you more instructions about what constitutes prior art at the end of the case.

## 2.3   THE PARTS OF A PATENT

A patent includes two basic parts, a written description of the invention and the patent claims. The written description, which may include drawings, is often referred to as the "specification" of the patent.

You have been provided with a copy of the ___ patent. Please refer to the patent as I identify its different sections.

The cover page of the ___ patent provides identifying information, including the date the patent issued and patent number along the top, as well as the inventor's name, the filing date, [the assignee], and a list of the prior art publications considered in the Patent Office when the patent was applied for.

The specification of the ___ patent begins with an abstract, found on the cover page. The abstract is a brief statement about the subject matter of the invention.

[Next, are the drawings, which appear as Figures ___ to ___ on the next ___ pages. The drawings depict various aspects or features of the invention. They are described in words later in the patent specification.] The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the ___ patent begins at column 1, line 1, and continues to column ___, line ___. [It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.]

The specification ends with one or more numbered paragraphs. These are called the claims. The claims may be divided into a number of [parts or steps], referred to as "claim limitations". In the ___ patent, the claims begin at column ___, line ___ and continue to the end of the patent, at column ___, line ___.

-5-

## 2.4   THE SIGNIFICANCE OF PATENT CLAIMS

The claims of a patent are a main focus of a patent case because it is the claims that define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes. First, they set out the boundaries of the invention covered by the patent. Second, they provide notice to the public of those boundaries. Thus, when a [product or process] is accused of infringing a patent, it is the patent claims that must be compared to the accused [product or process] to determine whether or not there is infringement. It is the claims of the patent that are infringed when patent infringement occurs. The claims are at issue as well when the validity of a patent is challenged. In reaching your determinations with respect to infringement and invalidity, you must consider each claim separately.

In this case, we will be concerned with claims ___ of the ___ patent. [Plaintiff] contends that claims ___ are infringed. [Defendant] contends that claims ___ are [not infringed, and that they are invalid and unenforceable].

The language of patent claims may not be clear to you, or its meaning may be disputed by the parties. I will instruct you [now/at the end of the case] about the meaning of some of the claim language. You must use these meanings I give you when you decide the issues of infringement and invalidity.


**NOTE**

The claim constructions may be included in the preliminary instructions, or may be presented to the jury by counsel in their opening statements. If the constructions are included in the preliminary instructions, Instructions 7.1-7.8 should be included, as applicable, as well.