## 2.5 HOW A PATENT IS OBTAINED

The U.S. Patent and Trademark Office is the agency of our government that examines patent applications and issues patents. When an applicant for a patent files a patent application with the Patent and Trademark Office, the application is assigned to a Patent Examiner. The Patent Examiner examines the application to determine whether or not the invention described in the patent application meets the requirements of the patent laws for patentable inventions.

The Patent Examiner advises the applicant of his or her findings in a paper called an "office action". The Examiner may "reject" the claims if he or she believes they do not meet the requirements for patentable inventions. The applicant may respond to the rejection with arguments to support the claims by making changes or amendments to the claims, or by submitting new claims. If the Examiner concludes that the legal requirements for a patent have all been satisfied, he or she "allows" the claims and the application issues as a patent.

This process, from the filing of the patent application to the issuance of the patent, is called "patent prosecution". The record of papers relating to the patent prosecution is referred to as the prosecution history or file history. The prosecution history becomes available to the public when the patent issues.

## 3. ISSUES TO BE DECIDED

I will now give you some information about the issues that will be presented to you at this trial and the law that you must follow in reaching your verdict. At the close of the trial, you will be given a verdict form and questions that you must answer in reaching your verdict. I will give you more specific instructions then to follow as you deliberate to reach your verdict.

### 3.1 [PLAINTIFF'S] CONTENTIONS

I will first describe to you [plaintiff's] contentions.

### 3.1.1 DIRECT INFRINGEMENT

As I told you, [plaintiff] contends that [defendant] infringes claims ___ of the ___ patent by its [use, sale, or offer for sale of product/use of process]. This is called direct infringement. [Plaintiff] seeks to prove direct infringement in two ways. The first is called "literal" infringement. To prove literal infringement, [plaintiff] must prove that it is more probable than not that [defendant's] [product or process] contains each and every limitation of one or more of the ___ patent claims.

The second type of infringement is called infringement under the "doctrine of equivalents". To prove infringement under the doctrine of equivalents, [plaintiff] must prove that it is more probable than not that, for each claim limitation not literally found in [defendant's] [product or process], the [product or process] contains an equivalent [structure or step]. In order to be equivalent, the differences between the missing claim limitation and [defendant's] [structure or step] must be insubstantial. I will explain in more detail in my final instructions the various ways by which you may determine whether or not these differences, if they exist, are insubstantial.

**[Describe specific product/process accused of infringement and which claims are alleged to be infringed.]**

### 3.1.2 INDIRECT INFRINGEMENT

[Plaintiff] contends that [defendant] indirectly infringes claims ___ of the ___ patent by contributing to or encouraging others to directly infringe. There are two types of indirect infringement -- contributory infringement and inducing infringement.

To prove contributory infringement of the ___ patent claims, [plaintiff] must prove that it is more probable than not that [defendant] sold or supplied to another person a component or part that is a material part of the patented invention and is not suitable for other uses. [Plaintiff] must also prove that the other person infringed the ___ patent claims, and that [defendant] knew that the component or part was especially made for use in an infringing manner.

To prove that [defendant] induced someone else to infringe the ___ patent claims, [plaintiff] must prove that it is more probable than not that [defendant] encouraged or instructed another person to [use a product or perform a process] in a manner that infringes, and that [defendant] knew or should have known that the encouragement or instructions would likely result in the other person doing that which you have found to be an infringement.

### 3.1.3 DAMAGES

[Plaintiff] claims that it has suffered damages as a result of [defendant's] infringement in the form of [lost profits that [plaintiff] would have made if [defendant] had not infringed [and/or] a reasonably royalty on each of [defendant's] sales of an infringing [product or process]]. I will explain to you at the end of the case [how lost profits are calculated [and/or] how a reasonable royalty is determined]. Plaintiff must prove by the more probable than not standard the damages it has suffered as a result of [defendant's] infringement.

### 3.1.4 WILLFUL INFRINGEMENT

[Plaintiff] claims that [defendant] has knowingly and willfully infringed the ___ patent claims. To prove willful infringement, [plaintiff] must prove that [defendant] knew of the ___ patent, and that [defendant] did not have a reasonable belief either that the patent was invalid [or unenforceable] or that it did not infringe the patent.

[Plaintiff's] willful infringement claim requires a higher burden of proof -- the highly probable standard -- than [plaintiff's] other claims, which require proof by the more probable than not standard. I will explain in more detail at the end of the case how you decide willful infringement.

## 3.2 [DEFENDANT'S] CONTENTIONS

I will now instruct you on [defendant's] contentions:

### 3.2.1 INVALIDITY

[Defendant] contends that claims ___ of the ___ patent are invalid for a number of reasons. Although the ___ patent was granted by the Patent and Trademark Office, it is your job to determine whether or not the legal requirements of patentability were met; that is, it is your job to determine whether or not the ___ patent is invalid.

I will now explain to you briefly the legal requirements for each of the grounds on which [defendant] relies to contend that the ___ patent claims are invalid. I will provide more details for each ground in my final instructions.

## 3.2.2 ANTICIPATION

[Defendant] contends that the invention covered by claims ___ of the ___ patent is not new. An invention that is not new is said to be "anticipated" by the prior art. In order to prove that a claim is anticipated by the prior art, [defendant] must prove that it is highly probable that each and every limitation of the claim is present in a single item of prior art.

### 3.2.3 OBVIOUSNESS

[Defendant] contends that claims ___ of the ___ patent are invalid for obviousness. A patent claim will be invalid, even if it is not anticipated by the prior art, if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time it was made. The ordinary skilled person is a person of average education and training in the field of the invention and is presumed to be aware of all of the relevant prior art. You will hear evidence about the skill and experience of such a skilled person during the course of the trial.

In order to prove invalidity based on obviousness, [defendant] must prove that it is highly probable that the invention claimed in the ___ patent would have been obvious to a person of ordinary skill in the art at the time the invention was made.

### 3.2.4 WRITTEN DESCRIPTION/CLAIMING REQUIREMENTS

[Defendant] contends that claims ___ of the ___ patent are invalid because the patent does not contain [a written description of the invention/an enabling description of the invention/a description of the best mode of the invention/definite claims].

**[Use only the paragraphs 1-4 that are at issue:]**

1. The description in the patent specification of the invention must be complete. This is called the "written description requirement". In order to prove that the ___ patent claims are invalid for lack of a written description, [defendant] must prove that it is highly probable that the ___ patent does not contain a description of each and every limitation of those patent claims.

2. The written description of the invention must contain enough detail so as to enable a skilled person reading the patent to make and use the invention. This is referred to as the "enablement requirement". In order to prove that the ___ patent claims are invalid for lack of an enabling description, [defendant] must prove that it is highly probable that the ___ patent does not contain enough information to teach a skilled person how to make and use the claimed invention without undue experimentation.

3. The written description of a patent must describe the best way, or mode, of making and using the invention known to the inventor at the time the application was filed. This is referred to as the "best mode requirement". In order to prove that the ___ patent claims are invalid for failure to disclose the best mode of the invention, [defendant] must prove that it is highly probable that, first, the inventor knew of a best mode of making and using the claimed invention known to the inventor at the time the application was filed, and, second, that the ___ patent does not describe that best mode.

4. [Defendant] contends that claims ___ of the ___ patent are invalid because they are "indefinite". The claims must be definite enough that a skilled person reading them knows what is covered by the claims, and what is not. [Defendant] must prove that the ___ patent claims are indefinite by the highly probable standard.

I will explain in more detail at the end of the case how you decide the issue[s] of [written description/enablement/best mode/definiteness].