### 3.2.5  INEQUITABLE CONDUCT

[Defendant] contends that [plaintiff] may not enforce the ___ patent against [defendant], because [plaintiff] engaged in inequitable conduct before the Patent and Trademark Office when it obtained the ___ patent. To prove that inequitable conduct occurred, [defendant] must prove that it is highly probable that the patent applicant, or the applicant's attorney or representative, withheld or misrepresented material information, and did so with an intent to mislead or deceive the Patent and Trademark Office.

I will provide you with more details about inequitable conduct at the end of the case.

4. **CONDUCT OF THE JURY AND THE TRIAL**

   **[Court to provide general instructions]**

# FINAL INSTRUCTIONS

5. **THE PARTIES AND THEIR CONTENTIONS**

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

**[Court to provide:]**

5.1 **THE PARTIES**

5.2 **[PLAINTIFF'S] CONTENTIONS**

5.3 **[DEFENDANT'S] CONTENTIONS**

5.4 **SUMMARY OF PATENT ISSUES AND BURDENS OF PROOF**

## 6. THE PATENT SYSTEM

    At the beginning of the trial, I gave you some general information about patents and the patent system and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about the patent laws that specifically relate to this case. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

## 7. THE CLAIMS OF THE PATENTS IN SUIT

As I told you at the beginning of the trial, the claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, or processes for making or using a product.

Claims are usually divided into parts or steps, called "limitations". For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

## 7.1 CONSTRUCTION OF THE CLAIMS

In deciding whether or not an accused [process or product] infringes a patent, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed, and whether or not it is invalid [and unenforceable].

**[If claim constructions are being provided to the jury for the first time in the final instructions]:**

Before I instruct you about the meaning of the words of the claims, I will explain to you the different types of claims that are at issue in this case.

**[If claim constructions were provided in the preliminary instructions]:**

At the start of the trial, I instructed you about the meaning of the words of the claims and the different types of claims that are at issue in this case. I will now review those instructions with you again.

It may be helpful to refer to the copy of the ___ patent that you have been given as I discuss the claims at issue here. The claims are at the end of the ___ patent, starting in column ___. [I will be giving you a list of the claims of the ___ patent at issue as part of the verdict form when I conclude my instructions.]

## AUTHORITIES

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *Bell Atlantic Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001); *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001); *SciMed Life Systems, Inc. v. Advanced Cardiovascular Sys.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001); *AFG Indus., Inc. v. Cardinal IG Co.*, 239 F.3d 1239, 1244-45 (Fed. Cir. 2001); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1340-41 (Fed. Cir. 2000); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-06 (Fed. Cir. 1999); *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-90 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455-56 (Fed. Cir. 1998); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-84 (Fed. Cir. 1996); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*); *Rival Co. v. Sunbeam Corp.*, 987 F. Supp. 1167, 1171 (W.D. Miss. 1997) *aff'd without op.*, 185 F.3d 885 (Fed. Cir. 1999); *Minuteman Int'l, Inc. v. Critical-Vac Filtration Corp.*, No. 95C 7255, 1997 WL 187326, at *2 (N.D. Ill. April 11, 1997).

## 7.2    INDEPENDENT AND DEPENDENT CLAIMS

Patent claims may exist in two forms, referred to as independent claims and dependent claims. An independent claim does not refer to any other claim of the patent. Thus it is not necessary to look at any other claim to determine what an independent claim covers. Claim ___ of the ___ patent, for example, is an independent claim.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the other claim or claims to which it refers, as well as the additional limitations recited in the dependent claim itself. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers.

For example, claim ___ is a dependent claim. It refers to claim ___. To determine what dependent claim ___ covers, the words of that claim and the words of claim ___ must be read together.

**NOTE**

If numerous dependent claims or complicated multiple dependencies exist, consider providing the jurors with a table setting out the relationship of the asserted claims to each other.

**AUTHORITIES**

35 U.S.C. § 112 ¶ 4 (1984); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 236 F.3d 1363, 1369-70 (Fed. Cir. 2001); *Dow Chem. Co. v. United States*, 226 F.3d 1334, 1341-42 (Fed. Cir. 2000); *Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1359 (Fed. Cir. 2000); *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993); *Marsh-McBirney, Inc. v. Montedoro-Whitney Corp.*, 882 F.2d 498, 504 (Fed. Cir. 1989); *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552-23 (Fed. Cir. 1989).

## 7.3  PRODUCT-BY-PROCESS CLAIMS

Sometimes a product may best be described by the process by which it is made, instead of by describing its structure or chemical characteristics. Such claims, which describe a product by describing the process by which it is made, are called "product-by-process" claims.

Claims ___ of the ___ patent are product-by-process claims.

**NOTE**

This instruction may be included in the claim construction or read separately.

**AUTHORITIES**

*Vanguard Prods. Corp.* v. *Parker Hannifin Corp.*, 234 F.3d 1370, 1372-73 (Fed. Cir. 2000); *Exxon Chem. Patents, Inc.* v. *Lubrizol Corp.*, 64 F.3d 1553, 1557-58 (Fed. Cir. 1995); *Mentor Corp.* v. *Colopast, Inc.*, 998 F.2d 992, 997 (Fed. Cir. 1993); *Atl. Thermoplastics Co.* v. *Faytex Corp.*, 970 F.2d 834, 837 (Fed. Cir. 1992), *reh'g en banc denied,* 974 F.2d 1279 (Fed. Cir. 1992); *Scripps Clinic & Research Found.* v. *Genentech, Inc.*, 927 F.2d 1565, 1583 (Fed. Cir. 1991).

### 7.4 MEANS-PLUS-FUNCTION CLAIM LIMITATIONS

Some patent claim limitations may describe a "means" for performing a function, rather than describing the structure that performs the function. For example, let's say that a patent describes a table in which the legs are glued to the tabletop. One way to claim the table is to recite the tabletop, four legs and glue between the legs and the tabletop. Another way to claim the table is to recite the tabletop and the legs, but, rather than recite the glue, recite a "means for securing the legs to the tabletop". This second type of claim limitation is called a "means-plus-function" limitation. It describes a means for performing the function of securing the legs to the tabletop, rather than expressly reciting the glue.

When a claim limitation is in means-plus-function form, it covers the structures described in the patent specification for performing the function stated in the claim, and also any structure that is equivalent to the described structures. In our example, the claim covers a table using glue to secure the legs to the tabletop, as described in the patent, and any equivalent structure that performs the function of securing the legs to the tabletop.

Claims ___ of the ___ patent include means-plus-function limitations. In instructing you about the meaning of a means-plus-function claim limitation, I will tell you, first, the function that each of the means-plus-function claim limitations performs; and second, the structure disclosed in the patent specification that corresponds to each means-plus-function limitation.

### NOTE

This instruction may be included in the claim construction or read separately if the Court concludes as a matter of law that the claims contain one or more means-plus-function limitations. It may be useful to provide the jury with copies of the patent in which the patent specification is keyed to the specific means-plus-function claim limitations.

### AUTHORITIES

35 U.S.C. § 112 ¶ 6 (1984); *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1435-37 (Fed. Cir. 2000); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1266-68 (Fed. Cir. 1999); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1347-50 (Fed. Cir. 1999); *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1318-21 (Fed. Cir. 1999); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307-1310 (Fed. Cir. 1998); *B. Braun Med. Inc. v. Abbott Labs.*, 124 F.3d 1419, 1424-25 (Fed. Cir. 1997).

## 7.5  "COMPRISING" CLAIMS

The beginning portion, or preamble, of claims ___ of the ___ patent uses the word "comprising". "Comprising" means "including" or "containing". A claim that uses the word "comprising" or "comprises" is not limited to [products or processes] having only the [elements or steps] that are recited in the claim, but also covers [products or processes] that add additional [elements or steps].

Let's take our example of the claim that covers a table. If the claim recites a table "comprising" a tabletop, legs and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

Claims ___ of the ___ patent use the "comprising" language.

**NOTE**

This instruction may be included in the claim construction or read separately.

**AUTHORITIES**

*Vehicular Techs. Corp.* v. *Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382-83 (Fed. Cir. 2000); *Vivid Techs., Inc.* v. *Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 811-12 (Fed. Cir. 1999); *Georgia-Pacific Corp.* v. *United States Gypsum Co.*, 195 F.3d 1322, 1327-29 (Fed. Cir. 1999); *Elkay Mfg. Co.* v. *Ebco Mfg. Co.*, 192 F.3d 973, 977 (Fed. Cir. 1999); *Spectrum Int'l, Inc.* v. *Sterilite Corp.*, 164 F.3d 1372, 1379-80 (Fed. Cir. 1998); *Phillips Petroleum Co.* v. *Huntsman Polymers Corp.*, 157 F.3d 866, 874 (Fed. Cir. 1998); *Stiftung* v. *Renishaw PLC*, 945 F.2d 1173, 1177-79 (Fed. Cir. 1991).

## 7.6 "CONSISTING ESSENTIALLY OF" CLAIMS

The beginning portion, or preamble, of claims ___ of the ___ patent uses the language "consisting essentially of". If a patent claim uses the words "consisting essentially of," then a [product or process] containing additional [structures or steps] beyond those recited in the claim may be covered by the claim, but only if those additional [structures or steps] do not materially affect the basic and novel characteristics of the claimed invention.

Looking again at our table example, if the claim recited a table "consisting essentially of" a tabletop, legs and glue, the claim would cover the table with wheels on the legs only if the wheels did not change the basic and novel characteristics of the table.

Claims ___ of the ___ patent use the "consisting essentially of" language.

**NOTE**

This instruction may be included in the claim construction or read separately.

**AUTHORITIES**

*AFG Indus., Inc.* v. *Cardinal IG Co.*, 239 F.3d 1239, 1245 (Fed. Cir. 2001); *PPG Indus.* v. *Guardian Indus. Corp.*, 156 F.3d 1351, 1354-55 (Fed. Cir. 1998); *Atlas Powder Co.* v. *E.I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1573-74 (Fed. Cir. 1984).

## 7.7 "CONSISTING OF" CLAIMS

Claims ___ of the ___ patent use the words "consisting of". The words "consisting of" in a patent claim limit the [structures or steps] covered by the claim. A patent claim that uses "consisting of" is limited to only those [limitations or steps] that follow it in the claim. Thus, a "consisting of" claim will not cover a [product or process] that contains [structures or steps] beyond those recited in the claim.

Looking again at our table example, if the claim recites a table "consisting of" a tabletop, legs and glue, the claim will only cover tables that contain these three limitations, and nothing more. In other words, the addition of an extra structure, such as the wheels on the legs, is not covered by the claim.

Claims ___ of the ___ patent use the "consisting of" language.

**NOTE**

This instruction may be included in the claim construction or read separately.

**AUTHORITIES**

*Vehicular Techs. Corp.* v. *Titan Wheel Int'l*, 212 F.3d 1377, 1382-83 (Fed. Cir. 2000); *Georgia-Pacific Corp.* v. *United States Gypsum Co.*, 195 F.3d 1322, 1327-28 (Fed. Cir. 1999); *Mannesmann Demag Corp.* v. *Engineered Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986).

## 7.8    LIMITATIONS OF THE CLAIMS AT ISSUE

I have now instructed you as to the types of claims at issue in this case. I will next define the meaning of the words used in the patent claims at issue. You must use the definitions I provide to you in your consideration of infringement and invalidity issues.

**[Construction of the claims to be supplied by the Court.]**