such as viewing the scene of some occurrence or undertaking experiments or research.

- **Pretrial procedures.** The judge should consider describing briefly the various discovery devices that have been used during the pretrial stage of the litigation, such as depositions, document production, and interrogatories. Not only will this information be helpful when such evidence is later introduced, but it also serves to explain why parties have possession of, or know about, various matters involving other persons.
- **The functions and duties of the jury.** The instructions might also include such matters as the jury's role as fact-finder, the burden of proof, assessing the credibility of witnesses, the nature of evidence, including circumstantial evidence and the purpose of rules of evidence, and the jurors' need to rely on their recollection of testimony (including any special instructions about the use of juror notebooks, note taking, or questions). Most of these instructions should be repeated in the final jury charge, supplemented by any special explanations (such as use of convictions to impeach credibility) warranted by developments at trial or the use of special verdicts or interrogatories.[421]

*22.433 Interim and Limiting Instructions*

Developments in the course of trial will from time to time create the need for additional instructions. Under Fed. R. Evid. 105, when evidence is admitted that is admissible as to some but not all parties or for a limited purpose only, the court must, upon request, instruct the jury accordingly. At counsel's request, the court may repeat such limiting instructions at the close of trial. Where the offer of such evidence is contemplated, counsel should raise the issue with the court promptly (if possible, before trial) and submit proposed instructions.

The judge should also consider giving instructions at any point in the trial where they might be helpful to the jury; an explanation of applicable legal principles may be more helpful when given at the time the issue arises than if deferred until the close of trial. It is advisable to permit counsel to comment or object before the court gives an instruction. As with preliminary instructions, the court should caution the jury that these are only interim explanations, and that the final, complete instructions on which they will base their verdict will be given at the close of trial. If the parties are presenting their evidence according to a prescribed sequence of issues (see *supra* section 22.34), the judge may structure instructions accordingly.

---

421. See *infra* §§ 22.435 (supplemental instructions), 22.45 (verdicts).

### 22.434 Final Instructions

Although proposed instructions should generally be submitted to the court in connection with the final pretrial conference, developments during the trial may require that they be revised or supplemented. Counsel are entitled to file written requests for instructions "at the close of the evidence or at such earlier time as the court reasonably directs," and are entitled to notice of the judge's proposed action on them before closing arguments.[422] Most judges, rather than responding to particular requests, prefer to provide counsel with the entire charge they propose to give. The court will then hold a charge conference to consider counsel's objections and requests; generally there will be little controversy if the instructions have been prepared by the court.[423] The judge may expedite the process by asking that proposed instructions be submitted on disks in compatible word-processing programs for ease of editing.

Final instructions may be given before or after closing arguments, or both.[424] Though traditionally instructions have been given after, there are advantages to giving the bulk of the instructions before argument.[425] Instructions on the law may make closing arguments easier to understand, and counsel, instead of previewing the court's instructions during argument, can refer to instructions already given in arguing their application to the facts. Hearing the instructions may also help counsel structure their arguments. The court should, however, reserve the final closing instruction until after arguments, reminding the jury of the instructions previously given and instructing them about the procedures to be followed in deliberations.[426]

Most judges provide jurors with copies of the instructions for use during deliberations.[427] If this is done, jurors should be informed in advance so that they can listen to the charge for a general understanding rather than try to memorize it. Some judges consider it preferable for jurors not to have the written charge in hand while the court is delivering the instructions, lest their attention be diverted by their own reading. Others consider it helpful to permit the jurors to follow the text, or at least to give them a brief topical outline with which they can follow the

---

422. Fed. R. Civ. P. 51; Fed. R. Crim. P. 30.
423. For a general discussion of procedures and options, see Bench Book, *supra* note 42, § 3.07.
424. Fed. R. Civ. P. 51; Fed. R. Crim. P. 30.
425. *See* Fed. R. Civ. P. 51 advisory committee's note.
426. *See* Stonehocker v. General Motors Corp., 587 F.2d 151, 157 (4th Cir. 1978); Babson v. United States, 320 F.2d 662, 666 (9th Cir. 1964).
427. Some courts have also experimented with providing jurors with a tape recording of their charge for use during deliberations. *See* Sand & Reiss, *supra* note 412, at 456–59. Access to desired passages may be facilitated by recording designated portions on separate tapes, or maintaining a record of the counter number where different portions begin. *See id.* at 458.

instructions as they are given. Jurors should be given any special verdict form or interrogatories for use during deliberations.

The oral charge, which is normally transcribed by the court reporter, should be complete within itself (i.e., the judge should not merely refer to writings that the jury may be given). When delivering the charge, the judge should maintain eye contact with the jurors, sensing when to depart from the prepared text to repeat, rephrase, or elaborate as seems necessary. Jurors should be told that, in the event of any variations between the oral and written charge, the oral charge controls and governs their deliberations. Some judges record the oral charge and send the tape into the jury room for reference.

In complex litigation, it may sometimes be helpful for the judge to comment on evidence to explain subject matter foreign to jurors and to keep them from being confused or misled by adversarial presentations. Such comments can and should be made without taking sides, solely to assist comprehension. The judge should avoid expressing a personal opinion on disputed facts,[428] and should always be and appear impartial. Before commenting on the evidence, the judge may submit the proposed language to counsel for comment and objections. The judge's comments may be included with the written instructions given to the jury, but it may be preferable not to do so to avoid giving them undue weight.

After all instructions have been given, counsel is entitled to record any objections to the charge outside the presence and hearing of the jury and before it retires.[429] Objections and the grounds therefor must be stated distinctly or are deemed waived.[430] The judge can then give corrective or supplemental instructions (see *infra* section 22.435) before deliberations begin.

All exhibits received in evidence except items such as currency, narcotics, weapons, and explosive devices may be sent directly to the jury room for the jurors' reference during deliberations, or the court may await requests from the jury. Another alternative is for the court to withhold some items—such as those received for impeachment or another limited purpose—until requested by the jury, when limiting instructions should be repeated. If the exhibits are voluminous, the jury should be given an index or other finding aid to assist their examination (see *supra* section 22.31). Materials not received in evidence, but that might be helpful in managing the evidence—such as tape players, projectors, magnifying glasses, calculators, diagrams, charts, and pleadings—may be sent into the jury room if their potential utility outweighs the risk that, even with pre-

---

428. *See* Quercia v. United States, 289 U.S. 466, 469 (1933). *Quercia*, in which Chief Justice Hughes discusses judicial comments on evidence in detail, is still cited as the leading case on the issue. *See, e.g.,* United States v. Beard, 960 F.2d 965, 970 (11th Cir. 1992).
429. Fed. R. Civ. P. 51; Fed. R. Crim. P. 30.
430. Fed. R. Civ. P. 51; Fed. R. Crim. P. 30.

cautionary instructions, their presence could be unfairly prejudicial or subject to misuse. Because the volume of exhibits may make them unmanageable for the jury, counsel may agree to withhold some voluminous materials until specifically requested, particularly if they are mainly for background.

### 22.435 Supplemental Instructions and Readbacks

Requests by the jury for supplemental instructions during deliberations should be handled in much the same manner as final instructions; the judge should determine the appropriate response after consulting with counsel and permitting counsel to object to the proposed instruction on the record. Instructions should be given orally in open court and should include a reminder that the jury should consider them as a part of those previously given, which remain binding.

The final instructions should advise the jurors that in deliberating on their verdict, they will not have a transcript available but will have to rely on the exhibits and their recollection of the testimony. Nevertheless, it is likely that after a long and complex trial the jury will request readbacks of testimony. The court should ask the jury to make their request as specific and narrow as possible to avoid excessively long readbacks. The judge should then confer with the attorneys to reach agreement, if possible, on the portions of the testimony to be read. If counsel have any objections, they should be permitted to state them on the record.

Care should be taken during the readback to avoid unduly emphasizing any part of the evidence.[431] Some judges decline to authorize readbacks altogether, partly to save time and partly to avoid potentially unfair distortions of the record, but as a result make the jury's task more difficult. A readback can sometimes be avoided, however, by an agreed statement of the parties' positions on the matter at issue.

### 22.44 Avoiding Mistrial

The potential for and consequences of mistrial, serious in all litigation, are aggravated in complex trials. The most obvious risk is the jury's failure to reach a verdict. A stipulation permitting return of a less than unanimous verdict can reduce that risk. Using special verdicts and interrogatories (see *infra* section 22.451) and permitting juries to return a partial verdict on issues as to which they are able to reach agreement can also help. Most importantly, the facts and the law should be presented in ways that maximize jury comprehension.

The risk of mistrial will also be reduced by taking precautions to shield the jury from improper contacts or exposure. The jury deliberation room should be "sanitized" before the jury retires, and all counsel should review all material before it is sent into the room, to ensure that nothing extraneous is inadvertently

---

431. *See* United States v. Hernandez, 27 F.3d 1403, 1408–09 (9th Cir. 1994).

included. Precautions that can reduce the likelihood of a mistrial include the following:

- **Cautionary instructions.** As discussed in *supra* section 22.432, the jurors should be given, at the outset and periodically during the trial, appropriate instructions regarding improper conduct. The final instructions may also include a brief explanation of the consequences of a mistrial.
- **Sequestration.** Sequestration of jurors should be considered only in extraordinary cases where public interest and media coverage are so intense as to jeopardize the fairness of the trial. See *infra* section 32.31.
- **Stipulations on verdict.** In advance of trial, the court should encourage the parties to stipulate under Fed. R. Civ. P. 48 to accept a majority (i.e., not unanimous) verdict, or under Rule 39(a)(1) to accept a nonjury decision on the same evidence if a verdict cannot be obtained (see *supra* section 21.62). Such stipulations may be made during trial or deliberations—indeed, the parties may not seriously consider them until actually faced with the possibility of mistrial caused by the need to remove a juror—but are generally easier to obtain in advance.
- **Loss of jurors during deliberations.** As long as six jurors will remain, having to excuse or disqualify a juror during deliberations need have no effect.[432] If the loss of one or more jurors would reduce the jury to fewer than six members, however, the court cannot accept the resulting verdict (absent a stipulation, which should be sought before trial).[433] The court should try to avoid this situation by seating a sufficient number of jurors (see *supra* section 22.41).

## 22.45 Verdicts

.451 Special Verdicts and General Verdicts with Interrogatories   156
.452 Judgment as a Matter of Law   158
.453 Return of Verdict   159

### 22.451 Special Verdicts and General Verdicts with Interrogatories

Special verdicts and interrogatories are commonly used in complex trials. As discussed in *supra* section 21.633, they help jurors organize their deliberations, simplify instructions, facilitate partial verdicts, isolate issues for possible appellate review, and reduce the costs and burdens of a retrial. A verdict form should at

---

432. The rules for criminal cases are different; see *infra* § 32.32.
433. Rule 48 permits the parties to stipulate to accept a verdict from a jury of fewer than six. See *supra* notes 406 & 407 (citing Supreme Court cases on constitutional requirements regarding jury size).

least require separate verdicts on each claim and on damages, but must be drafted so as to prevent duplicate damage awards. Counsel and the court should consider the form of verdict during pretrial.

Special verdicts may require the jury to return findings on each issue of fact, leaving the court to apply the law to the jury's findings.[434] The preparation of special verdict forms can be complicated.[435] The language needs to be concise, clear, comprehensive,[436] and crafted to minimize the risk of inconsistent verdicts.[437] The judge should instruct the jury on how to complete the verdict form properly, as Rule 49 requires, including both the procedure for rendering special verdicts and the specific substantive issues to be decided. To simplify the process, the judge may have the jury return partial verdicts seriatim, instructing on each issue individually before the jury deliberates on it.

Alternatively, the court may submit a general verdict with interrogatories. The jury both determines the facts and applies the law, but in addition makes findings on "issues of fact the decision of which is necessary to a verdict."[438] Some consider this procedure an attractive compromise between a simple general verdict and special verdicts, in that it maintains the traditional role of the jury while potentially avoiding the need to relitigate factual issues if an error of law taints the general verdict. On the other hand, interrogatories increase the length and complexity of deliberations and are more likely to produce inconsistencies. When the interrogatory answers are consistent with each other but inconsistent with the general verdict, the court may simply enter judgment according to the

---

434. Some cases have held that the court may also amend special verdict responses to conform them to the jury's obvious intention or correct a manifest error. See Aquachem Co., Inc. v. Olin Corp., 699 F.2d 516, 520 (11th Cir. 1983); Shaffer v. Great Am. Indem. Co., 147 F.2d 981 (5th Cir. 1945), but cf. Austin-Westshore Const. Co. Inc. v. Federated Dept. Stores, Inc., 934 F.2d 1217, 1224 (11th Cir. 1991) (Aquachem does not apply to general verdict with interrogatories).

435. Under Fed. R. Civ. P. 49(a), the court may use any "method of submitting the issues and requiring the written findings thereon as it deems most appropriate," as an alternative to the rule's suggested methods of submitting "written questions susceptible of categorical or other brief answer," or "written forms of the several special findings which might properly be made under the pleadings and evidence."

436. If any issue of fact raised by the pleadings is omitted, the parties will waive their right to a jury trial on that issue if they fail to demand its submission before the jury retires. If an issue is omitted without such demand, the court may make its own findings. Fed. R. Civ. P. 49(a).

437. Inconsistent verdicts are a concern even with standard verdict forms; careful structuring and instructions should minimize this risk. For a stark example of the danger of ambiguously drafted verdict forms, see Schiro v. Farley, No. 92-7549, slip. op. (Sup. Ct. Jan. 19, 1994), particularly Justice Stevens' dissent at 2–4 & n.2, in which the Court upheld a death sentence based, in part, on a finding that the killing was intentional, despite the fact that the jury left blank the square on the verdict sheet that they were to check if they found the defendant guilty of intentional murder.

438. Fed. R. Civ. P. 49(b).

newal (formerly a judgment notwithstanding the verdict, or J.N.O.V.);[443] if this decision is later overturned, there will be a jury verdict for the appellate court to reinstate if it chooses. Offsetting these advantages is the time and expense that might be saved by granting a meritorious motion.

Motions for judgment as a matter of law may effectively be combined with the procedure discussed in *supra* section 22.34 for sequencing issues for trial. If issues likely to be dispositive are scheduled first, a ruling may reduce or obviate further proceedings. Thus, the judge may chose to deny a pivotal summary judgment motion during pretrial if its correct resolution is doubtful, while scheduling the trial to begin with presentation of the facts in issue (or scheduling a separate trial).[444] Even if not dispositive, early judicial resolution of issues unsubstantiated by facts or law may significantly reduce the scope of evidence, argument, and instructions. An order granting a motion for judgment as a matter of law should be in writing or read into the record, and should state the court's reasoning.

*22.453 Return of Verdict*[445]

When the jury has returned a special verdict or a general verdict with interrogatories, the judge and counsel should promptly review it for inconsistencies, in order that appropriate steps can be taken before the jury is discharged. The court should then, after consultation with counsel, promptly approve a form of judgment for entry by the clerk.[446] If the judgment does not resolve all aspects of the litigation, the court should consider entering final judgments as to some claims or parties to allow appeal to be taken.[447]

Where issues have been bifurcated or submitted to the jury for seriatim verdicts, the jury may need to resume hearing evidence and further instructions or begin deliberations on other issues.[448] If a recess is called, the judge should instruct the jurors that they remain under the restrictions originally imposed; if the recess extends more than a few days, a supplementary examination of jurors may be necessary on their return to determine whether grounds for disqualification have arisen in the interim.

If the jury is deadlocked, the judge will need to consider appropriate inquiries and instructions. Although the large investment in a long trial makes a mistrial

---

443. The judge may order a new trial or enter judgment as a matter of law. Fed. R. Civ. P. 50(b). If the latter, the judge must still rule on the motion (if any) for a new trial, to assist the appellate court in determining the relief to grant if the judgment is reversed. *See* Fed. R. Civ. P. 50(c)(1).
444. Fed. R. Civ. P. 50 advisory committee's note.
445. For general procedures for receipt of civil verdicts, see Bench Book, *supra* note 42, § 2.06.
446. *See* Fed. R. Civ. P. 58.
447. *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291; see also *infra* § 25.1.
448. See *supra* §§ 21.632 (separate trials), 22.34 (sequencing of evidence and arguments).

costly, the judge should avoid exerting undue pressure on jurors to reach agreement.[449]

## 22.5 Nonjury Trials

.51 Adopted Prepared Statements of Direct Testimony   160
.52 Findings of Fact and Conclusions of Law   161
.53 Procedures When Combined with Jury Trial   162

Nonjury trials may take less time to try but, unless well managed, may take longer to decide. Although nonjury trials may be conducted with less formality, procedures to promote clarity and expedition are still important. The court, for example, should not simply receive vast volumes of documents in the expectation that they will be sorted out during the decision process following trial; redaction, summaries, sampling, and other techniques should be considered here as in jury trials. This section discusses additional options for nonjury trials; the absence of a jury gives the judge greater freedom to exercise control over the conduct and shape of the trial.

### 22.51 Adopted Prepared Statements of Direct Testimony

Where credibility or recollection is not at issue, and particularly when the evidence is complicated or technical, the court may order that the direct testimony of witnesses under the parties' control be presented in substantial part through written statements prepared and submitted in advance of trial.[450] At trial, the witness is sworn, adopts the statement,[451] may supplement the written statement orally, and is then cross-examined and perhaps questioned by the judge. The statement is received as an exhibit and is not read into the record.

This procedure, particularly appropriate for expert witnesses, witnesses called to supply factual background, or those needing an interpreter, has several advantages. The proponent can ensure that it has made a clear and complete record; the judge and opposing counsel, having read the statement, are better able to understand and evaluate the witness's testimony; opposing counsel can prepare for more effective cross-examination; and the reduction of the amount of live testimony saves time.

---

449. The law of the circuit needs to be consulted for appropriate instructions.

450. *See* Charles. R. Richey, *Requiring Direct Testimony to be Submitted in Written Form Before Trial*, 72 Geo. L.J. 73 (1983). Circuit law should be consulted on whether the consent of parties is required.

451. The statement is received as an exhibit; as with all exhibits, objections should be resolved before trial. Because the witness adopts the statement orally in open court, Fed. R. Civ. P. 43 is not violated. *See In re* Adair, 965 F.2d 777 (9th Cir. 1992).