IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PLAYTEX PRODUCTS, INC., | : | CASE NO. C-1-02-391 |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| v. | : | |
| THE PROCTER & GAMBLE DISTRIBUTING COMPANY, et al., | : | DEFENDANTS' SUPPLEMENTAL MEMORANDUM ON PLAINTIFF'S RECENT DISCLOSURE RELEVANT TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE DEFENDANTS' SECOND COUNTERCLAIM AND PLAINTIFF'S COUNTER-COUNTERCLAIMS REGARDING THE CAMPION PATENTS |
| Defendants. | : | |

Defendants The Procter & Gamble Company and The Procter & Gamble Distributing Company (collectively "P&G") are filing this short supplemental memorandum in order to apprise this Court of facts recently disclosed by Plaintiff that further demonstrate the propriety of the terms on which P&G is proposing to dismiss without prejudice P&G's second counterclaim.

I.    BACKGROUND

To place the new development in context, a summary of the parties' disagreement about P&G's proposal to dismiss without prejudice its second counterclaim is helpful. That counterclaim alleges infringement of P&G's "Campion" patents[1] by the cardboard, flushable applicator that Plaintiff Playtex Products, Inc. ("Playtex") markets under the name "Silk Glide." (P&G's Answer and Counterclaims, ¶ 13 (filed August 14, 2002).)

---

[1] The reference is to the lead inventor named on the patents, a Ms. Campion.

P&G simultaneously moved to dismiss both its counterclaim and Playtex's mirror-image "counter-counterclaims" for declaratory judgment of non-infringement, the latter on the ground that, without P&G's claims of infringement, there is no actual case or controversy to support Playtex's declaratory judgment claims.[2] To make it even more clear that there was no longer a justiciable issue, P&G represented (Motion, p. 6) that it would not sue for infringement of the Campion patents based on "Playtex's use, sale, or manufacture of its Silk Glide product" unless Playtex changes from the material (epoxy) currently used to coat the outside of its product -- for instance, reverting back to the material (polyester) it was using when P&G's counterclaims were filed (id. at 5).[3]

While obviously not objecting to the dismissal of P&G's counterclaims, Playtex has nevertheless insisted[4] that P&G's claims be dismissed with prejudice, and that the dismissal be with respect to not only "Playtex's epoxy-coated cardboard applicator tampon products" but also "Playtex's polyester film cardboard applicator tampon products."[5]

---

[2] Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents ("Motion") (filed May 16, 2003), p. 1.

[3] Playtex thus cannot meet the standard of ripeness for a declaratory judgment action, which requires that the declaratory plaintiff have a "reasonable apprehension" of suit based on its "present activity." Super Sack Mfg. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995), cert. denied, 516 U.S. 1093, 116 S. Ct. 815 (1996) (emphasis omitted).

[4] Exhibit D to Motion (Affidavit of Donald E. Burton in Support of Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaims and Plaintiff's Counter-Counterclaim Regarding the Campion Patents), ¶¶ 2-3.

[5] Playtex's Proposed Order Dismissing Defendants' Second Counterclaim with Prejudice and Plaintiff's Counter-Counterclaims Regarding the Campion Patents Without Prejudice (attached to Playtex's Memorandum in Response to Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents (Dkt. 50), and Motion to Dismiss Defendants' Second Counterclaim With Prejudice (Dkt.

II.   NEW FACTS

A new development in the competitive marketplace for the parties' products shows that Playtex's insistence on dismissal of P&G's claim with prejudice, and its insistence that the dismissal sweep within its coverage products not currently sold, is manipulative and absurd.

Playtex has recently announced a new cardboard applicator product ("Playtex Beyond") that will reach the market in the first quarter of 2004.[6] The fact that Playtex Beyond could ultimately give rise to patent concerns shows why P&G's objections to dismissing its claims with prejudice are more than theoretical. However, since at the moment P&G does not know the composition of this new applicator, Playtex cannot claim that its "present activity" gives rise to a "reasonable apprehension" of an infringement claim.[7]

Therefore, this Court should not condition dismissal of the parties' pending claims relating to the Campion patents on a dismissal with prejudice of P&G's counterclaim, since, in addition to Playtex's failure to meet the "plain legal prejudice" standard for opposition to

---

15) ("Memorandum in Opposition")). In the opening sentence of Playtex's Memorandum in Opposition, Playtex says it "<u>moves</u> for the dismissal with prejudice of [P&G's] second counterclaim" (emphasis added), but that is clearly incorrect, since P&G moved for <u>voluntary</u> dismissal under Rule 41(a). P&G has not consented to dismissal with prejudice. If this Court deems dismissal without prejudice improper, then it must deny P&G's motion and offer P&G the choice of proceeding with its claim or dismissing with prejudice voluntarily; this Court cannot dismiss P&G's claim under Rule 41(a) based on Playtex's motion. <u>United States v. 266 Tonawanda Trail</u>, 95 F.3d 422, 426 (6th Cir. 1996).

[6] The press release announcing the product launch is attached to Exhibit A to this Memorandum (Affidavit of Donald E. Burton in Support of Defendants' Supplemental Memorandum on Plaintiff's Recent Disclosure Relevant to Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents).

[7] See footnote 3 above.

dismissal without prejudice,[8] such a dismissal with prejudice would unfairly preclude a possible future action by P&G when Playtex changes its product lineup in early 2004 (or introduces other new products during the lifetime of the Campion products).

                              Respectfully submitted,

                              s/Donald E. Burton
                              Charles J. Faruki (0010417)
                                  Trial Attorney
                              Thomas R. Kraemer (0060120)
                              Donald E. Burton (0040553)
                              FARUKI IRELAND & COX P.L.L.
                              500 Courthouse Plaza, S.W.
                              10 North Ludlow Street
                              Dayton, Ohio 45402
                              Telephone:  (937) 227-3705
                              Telecopier:  (937) 227-3717
                              E-Mail:  cfaruki@ficlaw.com

                              Attorneys for Defendants

---

[8] Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (setting forth the standard).  See Motion, pp. 2-4.

## CERTIFICATE OF SERVICE

I certify that on November 18, 2003, I electronically filed Defendants' Supplemental Memorandum on Plaintiff's Recent Disclosure Relevant to Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>James B. Helmer
>Paul B. Martins
>HELMER, MARTINS & MORGAN CO., L.P.A.
>Fourth & Walnut Centre
>Suite 1900
>105 East Fourth Street
>Cincinnati, OH 45202
>
>Attorneys for Plaintiff
>Playtex Products, Inc.

and I certify that this document has been served via Federal Express upon the following non-CM/ECF participants this 18th day of November, 2003:

>Matthew B. Lehr
>Allon Stabinsky
>LATHAM & WATKINS
>135 Commonwealth Drive
>Menlo Park, CA 94025
>
>Robert J. Gunther
>LATHAM & WATKINS
>885 Third Avenue
>New York, NY 10022-4802
>
>Attorneys for Plaintiff
>Playtex Products, Inc.

s/Donald E. Burton
Donald E. Burton

129780.1