**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Playtex Products, Inc.,**

        **Plaintiff,**

v.                                                          **Case No.  C-1-02-391
Judge Thomas M. Rose**

**The Procter & Gamble Distributing Company,
and The Procter & Gamble Company,**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE DEFENDANTS' SECOND COUNTERCLAIM AND PLAINTIFF'S COUNTER-COUNTERCLAIMS REGARDING THE CAMPION PATENTS,** (DOC. 50), **DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' SECOND COUNTERCLAIM WITH PREJUDICE,** (DOC. 67)**, AND TERMINATING CASE.**

---

Pending before the Court are two motions, one entitled: "Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents," Doc. 50, the other, "Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-counterclaims Regarding the Campion Patents (Dkt. 50), and Motion to Dismiss Defendants' Second Counterclaim with Prejudice (Dkt. 15)." Doc. 67. Because dismissal of Defendants The Procter & Gamble Distributing Company and The Procter & Gamble Company's second counterclaim would not legally prejudice Plaintiff Playtex Products, Incorporated, the Court

will dismiss Defendants' second counterclaim without prejudice. Because Playtex's counter-counterclaim no longer presents an actual controversy, the Court will dismiss it. Finally, because in the instant case the counterclaims for invalidity, standing alone, do not present a case or controversy, the Court will dismiss without prejudice the counterclaims for invalidity presented by both parties.

**I.     Background**

Playtex initiated the instant case by accusing Defendants, to whom the Court will refer collectively as "Procter and Gamble," of infringing United States Patent No. 4,536,178 (the '178 patent). Procter and Gamble asserted two counterclaims, the first of which sought declaratory judgment that it had not infringed the '178 patent. The Court recently awarded summary judgment to Procter and Gamble on this claim. See Doc. 116. Procter and Gamble's second counterclaim asserts that Playtex infringed United States Patent Nos. 5,558,631 and 5,800,377, to which the parties refer collectively as the "Campion Patents." Procter and Gamble alleged in this counterclaim that Playtex produced its "Silk Glide" product with a polymer film on the outer surface of a cardboard tampon applicator in a manner that infringed the Campion patents. Doc. 50 at 4. Now Procter and Gamble alleges that after it filed its counter-counterclaim, Playtex changed the manner in which it produced its Silk Glide tampon applicator so that the cardboard barrel is covered with an epoxy coating that does not infringe the Campion patents. *Id.* Having learned this, Procter and Gamble has requested dismissal of its remaining counterclaim and represents "that it will not sue for infringement of the Campion patents based upon Playtex's use, sale, or manufacture of its Silk Glide product unless Playtex changes the configuration of the product from its current epoxy coating." *Id.*, at 6. Playtex's counter-counterclaims seek declaratory judgment both that its Silk

Glide product does not infringe the Campion patents and an additional declaratory judgment that the Campion patents are invalid. Doc. 16.

In its motion currently before the Court, Procter and Gamble asserts that it has fulfilled the requirements for dismissal under Federal Rule of Civil Procedure 41(a)(2) and that no plain legal prejudice would result to Playtex from dismissal without prejudice. Doc. 50 at 1. With regard to Playtex's counter-counterclaims, Procter and Gamble claims that dismissal of Procter and Gamble's second counterclaim would prevent Playtex's counter-counterclaim of presenting an actual case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

Playtex's counter motion, doc. 67, asserts that Procter and Gamble's counterclaims should not be dismissed without prejudice, as there would persist an alleged "reasonable apprehension of litigation" based upon "present activity." Doc. 67 at 2-4.

**II.    Analysis**

Federal Rule of Civil Procedure 41(a)(2) allows for voluntary dismissal by order of the Court. See Fed. R. Civ. P. 41(a)(2).

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir. 1990). Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217, 67 S.C. 752, 755 (1947); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988).

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In the instant case, Playtex protests that it would face the prospect of a second lawsuit if it were to change the manner in which it produces its Silk Glide product back to a polymer coating on a cardboard barrel. Doc. 67, at 5. The Sixth Circuit has clearly stated that this is not sufficient reason to deny a motion to dismiss with prejudice. See *Grover by Grover*, 33 F.3d at 718. Therefore the Court will dismiss without prejudice Procter and Gamble's second counterclaim.

This resolution would leave before the Court Playtex's counter-counterclaim for declaratory judgment of non-infringement. Curiously, a case Playtex brings to the Court's attention as authority for the proposition that Procter and Gamble's second counterclaim must be dismissed with prejudice or not at all, indicates that Playtex's counter-counterclaim for a declaration of non-infringement does not pose an actual controversy that could be adjudicated by the Court after Procter and Gamble's second counterclaim is dismissed. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) emphasizes that jurisdiction must exist at all stages of review:

> A declaratory judgment counterclaim, according to the relevant procedural provision, may be brought to resolve an "actual controversy" between "interested" parties. 28 U.S.C. § 2201(a) (Supp. V 1993). The existence of a sufficiently concrete dispute between the parties remains, however, a jurisdictional predicate to the vitality of such an action. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41, 57 S. Ct. 461, 463-64 (1937); *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 633-34 (Fed. Cir. 1991). Indeed, the "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S. Ct. 2330, 2334 (1975). The burden is thus on Chase "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [counterclaim] was filed." *International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575 (Fed. Cir. 1986).
>
> "The long established rule of law is that a declaratory judgment plaintiff must establish an actual controversy on the 'totality of the circumstances.'" *Spectronics,* 940 F.2d at 634 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272,

> 61 S. Ct. 510, 512 (1941)). In the domain of suits for declarations of patent rights and relationships, a two-part test for determining justiciability has evolved. As we stated in *BP Chemicals,*
>
>> There must be both (1) an explicit threat or other action by the patentee, which creates a *reasonable* apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) *present* activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.
>
> 4 F.3d at 978 (emphasis added). Again, the "purpose of the two-part test is to determine whether the need for judicial attention is real and immediate," in which case the federal courts have jurisdiction, or whether it is "prospective and uncertain of occurrence," in which case they do not. *Id*. Because we test the presence *vel non* of an actual controversy by reference to the facts of each case, generally applicable rules are few. Our cases do, however, mark out the endpoints of the continuum: On the one hand, a party who fears potential infringement liability as a result of its past or present acts can be placed in reasonable apprehension of a suit for patent infringement, and thereupon bring a justiciable declaratory judgment action, by conduct that falls short of an *express* threat of infringement litigation. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.,* 824 F.2d 953, 955-56 (Fed. Cir. 1987). On the other hand, a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts, even when a reissue application covering the same claimed subject matter is then pending. *Spectronics,* 940 F.2d at 636-38.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). The *Super Sack* Court went on to find that an attorney's promise not to file suit for infringement estopped the represented party from litigating the question in the future and thus squelched any controversy. *Id.* at 1059.

In the instant case the need for judicial attention is prospective and of uncertain occurrence. The actual controversy in the instant case abated when Playtex ceased producing its Silk Glide

product in a manner that caused Procter and Gamble to allege it was infringing upon the Campion patents. The absence of a continuing controversy is highlighted by Procter and Gamble's promise not to sue Playtex for infringement of the Campion patents based upon the current embodiment of the Silk Glide product. As noted in *Super Sack*, Procter and Gamble's promise not to file suit is binding. Therefore Playtex's counter-counterclaim for a declaration of non-infringement will be dismissed.

This leaves the parties' respective counterclaims for invalidity as the only remaining claims before the Court. The parties have not taken positions on the continuing vitality of the invalidity claims. The Court is aware of *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96, 113 S. Ct. 1967 (1993), which:

> was concerned primarily with issues of *appellate* jurisdiction. While the Supreme Court held [in *Cardinal Chemical*] that the Federal Circuit was not jurisdictionally obligated to vacate declaratory relief as to patent invalidity after affirming a district court's finding of noninfringement (i.e., the counterclaim for invalidity was not "moot" simply because noninfringement had been found and affirmed), the Court specifically noted that the Declaratory Judgments Act affords "the district court some discretion in determining whether or not to exercise [ ] jurisdiction [under the Act], even when it has been established." *Cardinal Chem. Co.,* 508 U.S. at 95 n. 17, 113 S. Ct. 1967 (citing *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494-96, 62 S. Ct. 1173 (1942)); *accord Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-88, 115 S. Ct. 2137 (1995) (noting district court's "unique and substantial discretion" under the Act to declare rights of litigants). In other words, even where jurisdiction exists, the exercise of that jurisdiction "is committed to the sound discretion of the federal district courts." *Huth v. Hartford Ins. Co.,* 298 F.3d 800, 802 (9th Cir. 2002).
>
> The Declaratory Judgments Act is not intended to provide a forum for establishing the legal relations between declaratory defendants and "all the world." (Opp. at 18.) Rather, the Act grants district courts the jurisdiction to "declare the legal rights and other

>legal relations of *any interested party*." 28 U.S.C. § 2201 (emphasis added).

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1226-26 (C.D. Cal. 2003).

In the instant case, the Court does not choose to exercise its jurisdiction over the counterclaims for invalidity presented in the instant case. Neither party appears to have an interest in proving the invalidity of a patent it has been found not to be infringing. Therefore, Procter and Gamble's claim that the '178 patent is invalid, as well as Playtex's claim that Procter and Gamble's Campion patents are invalid, will be dismissed without prejudice.

## III.   Conclusion

Because dismissal of Defendants' second counterclaim would not legally prejudice Plaintiff, the Court **GRANTS** Defendants' Motion to Dismiss Without Prejudice Defendants' Second Counterclaim and Plaintiff's Counter-Counterclaims Regarding the Campion Patents, Doc. 50, and **DENIES** Plaintiff's Motion to Dismiss Defendant's Second Counterclaim with Prejudice. Doc. 67. Because Playtex's counter-counterclaim for declaratory judgment of non-infringement no longer presents an actual controversy, the Court **DISMISSES** it. Finally, because the counterclaims for invalidity, standing alone do not present a case or controversy, the Court **DISMISSES** without prejudice the counterclaims for invalidity presented by both parties. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 26, 2003.

                                                      s/Thomas M. Rose

                                            _____
                                                    THOMAS M. ROSE
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel for Parties